United States Courts
Southern District of Texas
FILED

AUG 2 5 2003

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD. | § § § § § § | |
| Plaintiffs | § § | CIVIL ACTION NO. G:03-CV-505 |
| vs. | § § § | B-03-192 |
| C.H. ROBINSON COMPANY | § § | |
| Defendant | § | |

**DEFENDANT C.H. ROBINSON COMPANY'S RULE 12(b)(6) MOTION TO DISMISS
PLAINTIFFS' CLAIMS IN THEIR ENTIRETY,
AND BRIEF IN SUPPORT THEREOF**

Respectfully submitted,

McGINNIS, LOCHRIDGE & KILGORE, L.L.P.

By: _Steven J. Watkins / hcc_

Steven J. Watkins
ATTORNEY-IN-CHARGE
State Bar No. 20927700
So. Dist. Bar No. 146

3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

ATTORNEYS FOR DEFENDANT
C.H. ROBINSON COMPANY



OF COUNSEL:

Karan C. Ciotti
State Bar No. 05226300
So. Dist. Bar No. 16874
MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone:  (713) 615-8500
Facsimile:  (713) 615-8585

ATTORNEYS FOR DEFENDANT
C.H. ROBINSON COMPANY

## TABLE OF CONTENTS

I.  Nature and Stage of the Proceedings ................................................................. 1

II.  Issues for the Court and Standard of Review ................................................... 1

    A.  Issues for the Court.................................................................................. 1

    B.  Standard of review on appeal ................................................................. 1

    C.  Standard for dismissal under Fed. R. Civ. P. 12(b)(6) ........................... 1

III.  Summary of Argument..................................................................................... 2

IV.  Background....................................................................................................... 2

V.  Argument and Authorities ................................................................................ 3

    A.  Limitations bars Plaintiffs' breach of contract claim............................. 3

    B.  The law does not support Plaintiffs' indemnity claim........................... 5

VI.  Conclusion....................................................................................................... 8

VII.  Request for Relief............................................................................................ 8

## TABLE OF AUTHORITIES

### Cases

*Arcadis Geraghty & Miller, Inc. v. Conoco, Inc.*, 533 U.S. 950 (2001)..........................................3

*Astra Oil Co., Inc. v. Diamond Shamrock Rfg. Co., L.P.*,
    89 S.W.3d 702, 706 (Tex. App. – Houston [1st] 2002, pet. denied) ...................................7

*B&B Auto Supply, Sand Pit & Trucking Co., v. Central Freight Lines, Inc.*,
    603 S.W.2d 814, 817 (Tex. 1980).........................................................................................6

*Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 819 (Tex. 1984)....................................6, 7

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000) ..........................3

*Compton v. Texaco, Inc.*, 42 S.W.3d 354, 361-362
    (Tex. App. – Houston [14th Dist.] 2001, pet. denied) ........................................................7

*Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)................................2

*Geraghty and Miller, Inc. v. Conoco, Inc.*, 234 F.3d 917, 931
    (5th Cir. 2000), *cert. denied* ...............................................................................................3

*Hardy v. Gulf Oil Corp.*, 949 F.2d 826, 829-830 (5th Cir. 1992)..............................................6, 7

*Harrison v. Bass Enters. Prod. Co.*, 888 S.W.2d 532, 537
    (Tex. App. – Corpus Christi 1994, no writ).......................................................................3

*Houston Endowment, Inc. v. Atlantic Richfield Co.*,
    972 S.W.2d 156, 159 (Tex. App. – Houston [14th Dist.] 1998, no pet.)............................3

*Houston Lighting & Power Co. v. Atchison, Topeka & Santa Fe Ry. Co.*,
    890 S.W.2d 455, 458-459 (Tex. 1994) ................................................................................6

*Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*,
    677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983).........................2

*Matthiessen v. Schaefer*, 900 S.W.2d 792, 796-797
    (Tex. App. – San Antonio 1995, writ denied).....................................................................3

*Mowbray v. Cameron Co., Texas*, 274 F.3d 269, 276
    (5th Cir. 2001), *cert. denied*, 535 U.S. 1055 (2002) ..........................................................1

*St. Anthony's Hospital v. Whitfield*, 946 S.W.2d 174, 178
    (Tex. App. – Amarillo 1997, writ denied) ..........................................................................7

*Temple Eastex, Inc. v. Old Orchard Creek Partners, Ltd.*,
    848 S.W.2d 724, 730 (Tex. App. – Dallas 1992, writ denied) ...........................................6

## <u>Statutes</u>

TEX. CIV. PRAC. & REM. CODE 82.002 (Vernon 1997) ................................................................ 7

TEX. CIV. PRAC. & REM. CODE § 16.051 (Vernon 1997) .......................................................... 3

## <u>Rules</u>

Fed. R. Civ. P. 12(a)(4) .............................................................................................................. 1

Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 1



**<u>DEFENDANT C.H. ROBINSON COMPANY'S RULE 12(b)(6) MOTION TO
DISMISS PLAINTIFFS' CLAIMS IN THEIR ENTIRETY,
AND BRIEF IN SUPPORT THEREOF</u>**

**I.    Nature and Stage of the Proceedings**

1.    Plaintiffs ABB Kraftwerke Aktiengesellschaft ("ABB Kraftwerke") and ABB Alstom Power (Switzerland) Ltd. ("ABB Alstom") filed this suit for breach of contract against C.H. Robinson Company on July 16, 2003.  Defendant C.H. Robinson Company ("C.H. Robinson") files this Rule 12(b)(6) motion prior to filing any responsive pleading, in accord with Fed. R. Civ. P. 12(a)(4).

**II.    Issues for the Court and Standard of Review**

    **A.    Issues for the Court**

        (1) Whether Plaintiffs' claim for breach of contract is barred by limitations; and

        (2) Whether Plaintiffs' claim for breach of contract is in fact a claim for indemnity that has no foundation in Texas law.

    **B.    Standard of review on appeal**

2.    The appellate standard of review of a Rule 12(b)(6) dismissal is *de novo*. Questions of fact are viewed in the light most favorable to the plaintiff; questions of law are reviewed *de novo*.   *Mowbray v. Cameron Co., Texas,* 274 F.3d 269, 276 (5th Cir. 2001), *cert. denied*, 535 U.S. 1055 (2002).

    **C.    Standard for dismissal under Fed. R. Civ. P. 12(b)(6)**

3.    Rule 12(b)(6) provides for the dismissal of a complaint when a plaintiff's pleading fails to state a claim for which relief can be granted.  Complaints are considered in the light most favorable to the plaintiff and with the assumption that the allegations in



plaintiff's pleadings are true. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

## III.    Summary of Argument

4.    Plaintiffs' claim for breach of contract is barred by Texas' four-year statute of limitations. Plaintiffs complain of events which occurred on or about March 23, 1999. Plaintiffs filed their suit for breach of contract on July 16, 2003, four years and four months after the alleged breach. Hence, their claim is barred by limitations.

5.    Plaintiffs' breach of contract claim is actually a claim for indemnity for costs and fees incurred and other sums ABB Kraftwerke and ABB Alstom paid in settlement of litigation resulting from the death of Oscar Zamora, Sr., a longshoreman employed by C.H. Robinson's subcontractor. Their indemnity claim is not supported by ABB Alstom's contract with C.H. Robinson, or by Texas common law.

## IV.    Background

6.    ABB Alstom, then known as ABB Power Generation Ltd., entered into a agreement with C.H. Robinson for the transportation of a turbine generator from Brownsville, Texas to Monterrey, Mexico. The agreement did not include an indemnity provision. See Exhibit A, attached. [1] ABB Kraftwerke was not a party to the contract. *Id.*

---

[1]    Although it was not attached to Plaintiffs' Original Complaint, the agreement between ABB Alstom and C.H. Robinson is repeatedly referred to in Plaintiffs' complaint. See *Complaint* at ¶¶ 4, 6, 7, 8, 14, 15, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 20, 31. Documents not physically attached to the complaint may nevertheless be considered by the Court on a 12(b)(6) motion if the complaint refers to the

7.    On March 23, 1999, during the course of removing the generator from a lash barge, Oscar Zamora, Sr. was injured and killed. Zamora was a longshoreman employed by Schaefer Stevedoring, C.H. Robinson's subcontractor.

8.    Zamora's family sued C.H. Robinson, ABB Kraftwerke, ABB Alstom, and Brownsville Barge & Crane (the Zamora "lawsuit"). Brownsville Barge & Crane was Schaefer Stevedoring's subcontractor. C.H. Robinson, and later ABB Kraftwerke and ABB Alstom, settled with the Zamora family. The Zamora family dismissed their claims against Brownsville Barge & Crane.

## V.    Argument and Authorities

### A.    Limitations bars Plaintiffs' breach of contract claim

9.    The limitations period on a cause of action for breach of contract is four years. TEX. CIV. PRAC. & REM. CODE § 16.051 (Vernon 1997); *Geraghty and Miller, Inc. v. Conoco, Inc.*, 234 F.3d 917, 931 (5th Cir. 2000), *cert. denied, Arcadis Geraghty & Miller, Inc. v. Conoco, Inc.*, 533 U.S. 950 (2001). The limitations period runs from the date of the alleged breach. *Matthiessen v. Schaefer*, 900 S.W.2d 792, 796-797 (Tex. App. – San Antonio 1995, writ denied); *Houston Endowment, Inc. v. Atlantic Richfield Co.*, 972 S.W.2d 156, 159 (Tex. App. – Houston [14th Dist.] 1998, no pet.); *Harrison v. Bass Enters. Prod. Co.*, 888 S.W.2d 532, 537 (Tex. App. – Corpus Christi 1994, no writ).

10.    Plaintiffs filed this action on July 16, 2003. The only cause of action alleged is for breach of contract. If Plaintiffs' claim for breach of contract is based on alleged breaches that occurred before July 16, 1999, its claim is barred by the four-year statute of limitations.

---

documents and they are "central" to the complaint. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000).

11.    All purported acts or omissions by C.H. Robinson which Plaintiffs contend constitute breaches of contract occurred well before July 16, 1999.  Plaintiffs allege that they and C.H. Robinson entered into a contract, the subject of which was the transportation of a generator from a lash barge at the Port of Brownsville to a railcar for transport to Monterrey, in February 1999.  *Complaint* at ¶¶ 4, 6.  The attempted transfer of the generator from the lash barge to a rail car, and the resulting death of Oscar Zamora, Sr., occurred "on or about March 23, 1999." *Complaint* at ¶¶ 14-17.[2]

12.    The purported breaches of contract alleged by Plaintiffs all occurred at the time of the transfer of the generator from the lash barge to a rail car, i.e., on March 23, 1999, or sometime before the attempted transfer.  Plaintiffs' allegations of breach are that C.H. Robinson (a) failed to perform the work it contracted for in a good and workmanlike matter, *Complaint* at ¶ 19; (b) promised to perform services that it did not perform, *Complaint* at ¶ 20; (c) failed to properly ensure that its sub-contractors were competent to perform the work for which they contracted, *Complaint* at ¶ 21; (d) failed to ensure that the subcontractors were familiar with the equipment and the technical specifications of the generator they were to lift from the last barge to the railcar, *Complaint* at ¶ 22; (e) failed to exercise proper managerial skills and control over its sub-contractors, *Complaint* at ¶ 23; (f) provided inexperienced personnel to supervisor [sic] the job in question, *Complaint* at ¶ 24; (g) failed to ensure that all contractual requirements were in place

---

[2] Although Plaintiffs do not explicitly state that the accident occurred on March 23, 1999 (See Complaint at ¶ 17), they do complain that, because of the time-sensitive nature of the contract, C.H. Robinson had them "over an economic barrel" when, on March 23, 1999, C.H. Robinson refused to sign an indemnity agreement between Brownsville Barge and Crane and Schaefer Stevedoring.  *Complaint* at ¶¶ 14, 15, 16.  Plaintiffs then allege that they were forced to sign the indemnity agreement "on the docks just prior to the lift." *Complaint* at ¶ 25.  Logic dictates that the accident occurred on or about March 23, 1999.

C.H. Robinson submits that it is undisputed that the accident resulting in Mr. Zamora's death occurred on March 23, 1999.

4

prior to the lift, *Complaint* at ¶ 25; (h) failed to provide proper managerial expertise to ensure that proper plans and preparation were in place to smoothly transport the generator from the lash barge to Monterrey, *Complaint* at ¶ 26.   All of these allegations concern (a) the circumstances of the transfer of the generator, which was the subject of the contract and which occurred on March 23, 1999, or (b) preparations for the transfer, which preparations occurred prior to March 23, 1999.   In other words, all alleged acts constituting breach of contract occurred at least four years and four months before Plaintiffs filed this suit.   Plaintiffs' cause of action for breach of contract is therefore barred by limitations.

**B. The law does not support Plaintiffs' indemnity claim.**

13.     To the extent that Plaintiffs' claim is actually claim for indemnity, it should be dismissed because there is no basis in Texas law to support a claim for indemnity.

14.     Plaintiffs seek recovery of, *inter alia,* the following damages:

    a.    "all monies paid on behalf of defending Brownsville Barge & Crane's Cross-claim, that may be paid in any judgment obtained by Brownsville Barge & Crane, and for all costs and expenses involved in the same as a result of C.H. Robinson's breach of contract"; and

    b.    "all amounts paid in settlement and defense of the Zamora litigation as a result of C.H. Robinson's breach of contract."

*Complaint* ¶¶ 28, 29.   In sum, Plaintiffs seek to shift their own liability for all costs, fees and settlement amounts incurred in the Zamora lawsuit to C.H. Robinson.   This is a

request for indemnification. *Hardy v. Gulf Oil Corp.*, 949 F.2d 826, 829-830 (5th Cir. 1992).

15.     Texas law recognizes two categories of indemnity: contractual and common law. *Id.* at 830; *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 819 (Tex. 1984) (recognizing survival of "a vestige of common-law indemnity," for purely vicarious liability); *B&B Auto Supply, Sand Pit & Trucking Co., v. Central Freight Lines, Inc.*, 603 S.W.2d 814, 817 (Tex. 1980) (holding that comparative fault system eliminated common law right of indemnity between joint tortfeasors, but did not bar contractual indemnity or indemnity for purely vicarious liability).

*Contractual indemnity*

16.     Plaintiffs' claim for indemnity is not supported by the contract between Plaintiff ABB Alstom and C.H. Robinson because the contract does not contain any provision that addresses indemnity, much less a provision that meets the specificity requirements state law imposes on indemnity provisions. *See* Exhibit A; *see Houston Lighting & Power Co. v. Atchison, Topeka & Santa Fe Ry. Co.*, 890 S.W.2d 455, 458-459 (Tex. 1994). Plaintiff ABB Kraftwerke's claim for indemnity is not supported by the contract for the additional reason that ABB Kraftwerke is not a party to the contract. *Temple Eastex, Inc. v. Old Orchard Creek Partners, Ltd.*, 848 S.W.2d 724, 730 (Tex. App. – Dallas 1992, writ denied) ("Gencrally, only parties to a contract have the right to complain of its breach.")

6

*Common-law indemnity*

17.   Texas law allows common-law indemnity only in negligence actions, to protect defendants whose liability is purely vicarious in nature. *Hardy,* 949 F.2d at 831.[3] These circumstances are not present in the instant case.  Plaintiffs have not alleged, nor can they truthfully allege, that they were found vicariously liable in the Zamora lawsuit, or even that there was a relationship between Plaintiffs and C.H. Robinson that could have served as a basis for imposing vicarious liability on Plaintiffs.  Consequently, a common-law claim for indemnity is unavailable to them.   *See Astra Oil Co., Inc. v. Diamond Shamrock Rfg. Co., L.P.,* 89 S.W.3d 702, 706 (Tex. App. – Houston [1st] 2002, pet. denied) (finding no authority to support vicarious liability based solely on a contractual relationship, and hence no basis for common law indemnity); *Compton v. Texaco, Inc.,* 42 S.W.3d 354, 361-362 (Tex. App. – Houston [14th Dist.] 2001, pet. denied) (holding common-law indemnity unavailable to party that settled claims of direct liability, as opposed to being held vicariously liable for the conduct of another); *compare St. Anthony's Hospital v. Whitfield,* 946 S.W.2d 174, 178 (Tex. App. – Amarillo 1997, writ denied) (holding that hospital's common-law claim for indemnity was not extinguished where sole theory of liability against hospital in underlying lawsuit was respondeat superior liability for negligence of employee).  To the extent that Plaintiffs' Original Complaint states a claim for common-law indemnity, that claim should be dismissed pursuant to Rule 12(b)(6).

---

[3]   The common-law right to indemnity available to innocent retailers in products liability actions, discussed in *Hardy,* 949 F.2d at 831, and *Bonniwell,* 663 S.W.2d at 819, was supplanted by statute on September 1, 1993. *See* TEX. CIV. PRAC. & REM. CODE 82.002 (Vernon 1997).

## VI.    Conclusion

18.    Plaintiffs' claim for breach of contract should be dismissed because it is barred by the four-year statute of limitations for breach of contract actions.

19.    To the extent that Plaintiffs' claim is one for indemnity, it should be dismissed because it have no basis in common law or in the contract between ABB Alstom and C.H. Robinson.

## VII.   Request for Relief

20.    For these reasons, C.H. Robinson requests that this Court dismiss Plaintiffs' claim with prejudice, dismiss the suit in its entirely, and grant C.H. Robinson such other and further relief to which it is justly entitled.

Respectfully submitted,

MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.


By: _Steven J. Watkins/kcc_
Steven J. Watkins
ATTORNEY-IN-CHARGE
State Bar No. 20927700
So. Dist. Bar No. 146

3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone:  (713) 615-8500
Facsimile:  (713) 615-8585

ATTORNEYS FOR DEFENDANT
C.H. ROBINSON COMPANY

8



OF COUNSEL:

Karan C. Ciotti
State Bar No. 05226300
So. Dist. Bar No. 16874
MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone:  (713) 615-8500
Facsimile:  (713) 615-8585


## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing Defendant C.H. Robinson Company's Rule 12(b)(6) Motion to Dismiss Plaintiff's Claims in their Entirety and Brief in Support Thereof by facsimile and by certified mail, return receipt requested, on this the 22nd day of August, 2003, to the following:


Justin L. Williams
The Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas 78473

_____
Karan C. Ciotti

9

| AGREEMENT: | Pro___ MONTERREY MEXICO | off shore | 1/13 |
|---|---|---|---|

| AGREEMENT NO. | : | 159 |
|---|---|---|
| DATE OF AGREEMENT SIGNATURE | : | February 16, 1999 |
| DATE OF AGREEMENT REVISIONS | : | |



# TRANSPORTATION OF HEAVY COMPONENTS



for

# MONTERREY, MEXICO

between

# ABB POWER GENERATION LTD BADEN, SWITZERLAND
### (THE COMPANY)

and

# C.H. ROBINSON KELLER, TEXAS – U.S.A.

### (THE OPERATOR)

| AGREEMENT: | Project MONTERREY MEXICO | off shore | 2/13 |
|---|---|---|---|

| AGREEMENT NO. | : | 159 |
|---|---|---|
| DATE OF AGREEMENT SIGNATURE | : | February 16, 1999 |
| DATE OF AGREEMENT REVISIONS | : | |

## INDEX:

1. Preamble

2. Basis of Order

3. Scope of Work

4. Time Schedule

5. Price

6. Terms of Payment

7. Liability

8. Correspondence

9. Signatures

| AGREEMENT: | Project MONTERREY MEXICO | off shore | |
|---|---|---|---|
| | | | 3/13 |

| | | |
|---|---|---|
| AGREEMENT NO. | : | 159 |
| DATE OF AGREEMENT SIGNATURE | : | February 16, 1999 |
| DATE OF AGREEMENT REVISIONS | : | |

## 1.   PREAMBLE

The Operator and the Company enter into this Agreement for the execution of heavy components for the MONTERREY Power Plant, N.L., Mexico, as per attached drawings HDST 301865 / HDST 201552 / HDST 301865.

## 2.   BASIS OF ORDER

The following conditions and documents form an integral part of this Agreement:

- C.H. ROBINSON COMPANY quotation dated January 30, 1999 and February 5, 1999, the latter to cover the quotation for two (2) transformers 526x269x370 cm / 49'969 grosskos, each.

## .3.   SCOPE OF WORK

Transport from Brownsville, Texas via Matemoros / Apodaca to the MONTERREY Power Plant Project in full accordance with Mexican Law and Operator's quotations as defined in Par. 2.

## 4.   TIME SCHEDULE

Between February 27, 99 up to approx end of July, 99 as per Company's specific schedule to provide in due course.

## 5.   PRICE + 6. Termins of payments

1st payment: USD 258'902.00 after contract signature
2nd payment: USD 54'222.69 after delivery of 2nd Thermal Block

## 6.   TERMS OF PAYMENT

Payable net 10 days.

| AGREEMENT: | Project MONTERREY MEXICO | off shore | 4/13 |

| AGREEMENT NO. | : | 159 |
| DATE OF AGREEMENT SIGNATURE | : | February 16, 1999 |
| DATE OF AGREEMENT REVISIONS | : | |

## 7.   LIABILITY

The Operator will provide the following proof of liability coverage:

- AMFELS, BROWNSVILLE
  (Crane Operator)
- SCHAEFER BROWNSVILLE
  (Stevedoring / Rigger)
- BRI,  Brownsville
  Rio Grande
  International
  (Railroad)

## 8.   CORRESPONDENCE

Unless otherwise agreed all correspondence to be addressed to:

ABB Power Generation Ltd
Dep. KWGP-L
CH-5401 Baden / Switzerland

att. Mr Sandro Lepori
General Manager / Transportlogistics
Gas Turbine and Combined-Cycle Power Plants

Tel.:    +41 56/ 205 58 02 or +41 56/ 205 30 86
Fax:     +41 56/ 205 61 82

## 8.   SIGNATURES

ABB Power Generation Ltd.
CH-5401 Baden

Executed for
and on behalf of
ABB Power Generation
Baden, Switzerland

)
)
)
Date: _February 16, 99_

Agreed and accepted for
and on behalf of
C.H. ROBINSON

)
)
)
Date: _February 16, 1999_

Revision 4.0, 98-02-26

C.H. ROBINSON COMPANY





January 30, 1999

Mr. Sandro Lepori
General Manager Transport Logistics
Gas Turbine and Combined-Cycle Power Plants
ABB Power Generation Ltd.
Dept. KWGP-L
CH-5401 Baden / Switzerland

129 Keller Hicks Road
Keller, TX
76248-4438
817.431.3146
fax 817.431.3425

Dear Sandro,

Please refer to your memo of January 19, 1999 concerning the movement of a generator, transformer and gas turbine from Brownsville, Texas to ABB plant site southeast of Huinala, Mexico. Below please find our price to A). Move pieces from Brownsville, Texas to the jobsite; and B). Set pieces on foundations:

A). $355,860* (Three Hundred Fifty Five Thousand Eight Hundred Sixty Dollars) U. S.
* Plus Mexican E. V. A. tax of 15%

Price Includes:
    All transportation and logistics management plan
    3 Heavy Duty Rail Cars (12 Axle)
    Unloading 325 Ton Generator from lash barge to rail car
    Tie down to rail cars for all 3 pieces
    Transloading (Jack and Skid) from rail cars to OTR Transporters
    Tie down to OTR Transporters
    All permits, grading, and re-conditioning of rail spur and overpass to site

B). $225,285* (Two Hundred Twenty Five Thousand Two Hundred Eighty Five Dollars) U. S.
* Plus Mexican E. V. A. tax of 15%

Price Includes:
    1). Supply of Gantry, Labor, and all temporary materials required to perform the rigging operations.
    2). Price is based on having no interferences at job site so as to allow setting of gantry in the area required for the rigging operations.
    3). Price is based on having transformers module along side of the foundation which calls for only one operation.

*Above quotation subject to attached qualification sheet*

In closing please find a plan overview. We look forward to discussing any questions you may have.

Best Regards,

Jim Hamilton
General Manager - Multimodal Heavy Transport

C.H. ROBINSON COMPANY



129 Keller Hicks Road
Keller, TX
76248-4438
817.431.3146
fax 817.431.3425

January 30, 1999

Sandro,

As we have discussed, our plan is to receive the turbine and transformer from the MV Jumbo Spirit in Brownsville February 2. We have secured 2 rail cars that will be spotted on track 2, Dock 11 at the port. Attached please find the port drawing, as well as a photo of the vessel Petrel Arrow which is docked at Dock 11. From the side of the vessel to the track center is 25 feet. We need to ensure the vessel gear has enough reach to set pieces on rail cars.

We have also secured a 700 ton barge crane to unload the generator from a lash barge at the same location. We are in need of a date to identify which rail car we will utilize for this movement.

We have met with the Brownsville & Rio Grande International Railroad, who will provide the service from the Port to the TFM in Matamoros. All pieces have been cleared from the Port to the siding at Apodoca, Mexico.

With our award of the project, we will immediately begin formal planning which will include detailed timeline, procedures, calculations, and drawings as required.

Please do not hesitate to call me at home on Sunday (817) 431-9401 to discuss any thoughts, questions or ideas you may have. I will be watching the Super Bowl, so have your team selected and ready to wager.

Warmest Regards,





PORT of
BROWNSVILLE
DOCK 11, TRACK 2
25' FROM SHIP



# Transportation Bid Qualifications

Rates based upon weights and dimensions supplied by customer. Changes or omission of details from shipper's original information can affect pricing and ability to provide clearance.

Subject to further technical drawings and/or details, including projection orientations and center of gravity.

Rates are contingent upon clearance of participating carriers.

Cargo is to be loaded per AAR, Federal, State and Local Rules and Regulations.

Loading and unloading to be the responsibility of others, unless specifically defined in our quotation.

This proposal does not include tarps or covers to lading. If required, service may be provided at additional cost.

Charges relating to excess demurrage or detention is responsibility of shipper and /or consignee.

Shipping delays due to weather and acts of God are at risk and expense of shipper.

Price does not include any liability. Liability is the responsibility of shipper unless liability has been requested and specifically provided in quotation.

~~All quotations are subject to availability of equipment and personnel.~~

Unless stated otherwise, this quotation is effective for 45 days from date of issuance.

~~The coordination of equipment and clearances for this movement will require 30 days.~~

Payment terms are 35% down, net balance 10 days from job completion.

Activities related to this movement will begin upon receipt of a purchase order or written authorization to proceed from the shipper.

Qualifications _____

_____
_____
_____

Quotation Submitted By:

Name _____

C. H. Robinson, Company

Date  1/30/99

Accepted & Authorized By:   ABB Power Generation Ltd.
Transport Logistics
Dept. KWGP-L
CH-5401 Baden

Name _____

Company _____

Date  2/1/99

# C. H. Robinson Company



129 Keller Hicks Road
Keller, TX
76248-4438
817.431.3146
fax 817.431.3425

February 5, 1999

Mr. Sandro Lepori
General Manager Transport Logistics
Gas Turbine and Combined-Cycle Power Plants
ABB Power Generation Ltd.
Dept. KWGP-L
CH-5401 Baden / Switzerland

Dear Sandro,

Please refer to your fax of February 3, 1999, concerning the transportation of 2 transformers, dims of 526 x 269 x 370 cm, weighing 49,969 kilos each, from ships hook, Brownsville, Texas to job site at Huinila.

We are pleased to provide OTR transport for $14,000 each, plus I. V. A. tax of 15%. Price includes all securing to transporters, permits, etc.

Please provide notification if you wish us to handle.

Regards,

Jim Hamilton
General Manager - Multimodal Heavy Transport