UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

*United States District Court*
*Southern District of Texas*
*FILED*
*SEP 18 2003*
*Michael N. Milby, Clerk*

| | | |
|---|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD. | § § § § § § | |
| Plaintiffs | § | CIVIL ACTION NO. G:03-CV-505 |
| vs. | § § | B-03-192 |
| C.H. ROBINSON COMPANY | § § | |
| Defendant | § | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   The Rule 26 meeting was held via teleconference on Monday, September 15, 2003 and Tuesday, September 16, 2003. The meeting was not held in person because of counsel's scheduling conflicts. The attorneys are working on scheduling a face-to-face meeting in Houston prior to the October 1, 2003 scheduling conference with the Court.

   The counsel participating in the Rule 26 conference were:

   (a) Justin L. Williams of Law Offices of Justin L. Williams, for Plaintiffs ABB Kraftwerke AG and ABB Alstom Power (Switzerland) Ltd.; and

   (b) Karan C. Ciotti of McGinnis, Lochridge & Kilgore, L.L.P. for Defendant C.H. Robinson Company.

2. **List the cases related to this one that are pending in any state or federal court, with the case number and court.**

   No. 13-01-00756-CV; In the Court of Appeals for the Thirteenth District at Corpus Christi, Texas: *ABB Kraftwerke Aktiengesellschaft and ABB Alstom Power (Switzerland) LTD, f/k/a ABB Power Generation, Ltd., vs. Brownsville Barge & Crane, Inc.*; and

Cause No. 99-04-1644-E; *Graciela Zamora, Individually and on behalf of her late husband Oscar Zamora, Sr., etc. vs. ABB Kraftwerke Aktiengesellschaft, ABB Alstom Power (Switzerland) LTD, f/k/a ABB Power Generation, LTD. and Brownsville Barge & Crane, Inc.*, In the 357TH Judicial District in Cameron County, Texas

3. **Briefly describe what this case is about.**

   Plaintiffs contend C. H. Robinson contracted to act as its agent/manager or project involving various shipments of power generating equipment and breached that contract.

   Defendant C.H. Robinson contends that Plaintiffs' claims, as stated in their live complaint, are all barred by limitations or are not cognizable under Texas law.

4. **Specify the allegation of federal jurisdiction.**

   The court has diversity jurisdiction under 28 U.S.C. § 1332.

5. **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

   Not applicable.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   The parties do not presently anticipate the joinder of additional parties.

   Plaintiffs have stated that they intend to move to amend their complaint. C.H. Robinson asserts that any additional claims that could be asserted by Plaintiffs will likewise be barred by limitations or not supported by law, and the joinder of additional parties should therefore be unnecessary.

7. **List anticipated interventions.**

   None.

8. **Describe class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties have not yet made disclosures, but have agreed to do so on or before October 17, 2003.

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f).**

    (1) The parties have agreed to make initial disclosures on or before October 17, 2003.

    (2) Counsel anticipate that discovery will be completed on or before November 15, <u>2004</u>. The subjects of discovery will be all claims and defenses raised in the parties' pleadings.

    Assuming Plaintiffs' claim for breach of contract survives Defendant's Rule 12(b)(6) motion, Defendant will focus its discovery on, inter alia, the specific acts Plaintiffs allege constitute breach of contract.

    No special agreement regarding phases of discovery is necessary.

    (3) Counsel do not foresee a necessity for changes in the limitations on discovery under the rules.

    (4) No protective orders are anticipated, with the possible exception of a protective order covering technical drawings and other trade secrets of the parties, which would likely be requested by agreed motion.

    B. **When and to whom the plaintiff anticipates it may send interrogatories.**

    Plaintiffs anticipate sending interrogatories to Defendant by October 20, 2003.

    C. **When and to whom the defendant anticipates it may send interrogatories.**

    Defendant anticipates sending interrogatories to Plaintiff by November 21, 2003.

    D. **Of whom and by when the plaintiffs anticipate taking oral depositions.**

    Plaintiffs anticipate taking the oral deposition of Defendant C.H. Robinson's corporate representative; C.H. Robinson employees Jim Hamilton and Todd Strever; a representative(s) of Schaefer Stevedoring; a representative(s) of Brownsville Barge & Chase; a representative of Monterey Power Company; and any experts designated by Defendant.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant C.H. Robinson anticipates taking the depositions of Plaintiffs' corporate representatives, and any expert witnesses designated by the Plaintiffs.

All depositions will be taken before the November 15, 2004 discovery deadline.

F. **When the plaintiff (or party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiffs will designate experts and provide reports on or before June 15, 2004.

Defendants will designate experts and provide reports on or before July 31, 2004.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiffs anticipate that they will take the deposition of Defendant's experts on liability and damages.

H. **List expert depositions the defendants anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendant C.H. Robinson anticipates that its will take the depositions of Plaintiff's experts on or before the discovery deadline.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None in this lawsuit, although Plaintiffs have taken substantial discovery in the related lawsuit.

13. **State the date the planned discovery can reasonably be completed.**

November 15, 2004.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

   Plaintiffs are seeking damages in the range of $7 million to $9 million. Plaintiffs have offered to substantially lower their initial demand if settlement discussions are pursued prior to the Court's ruling on Defendant's motion to dismiss Plaintiffs' claims. Plaintiff is willing to negotiate if there is reason to believe such can be successful. Plaintiff believes a ruling on Defendant's motions are necessary.

   Given the large amount of damages Plaintiffs are seeking and Defendant's belief that it has no liability to Plaintiffs, further settlement discussions would not be fruitful at present.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

   The Plaintiffs have made the above settlement proposal, and that proposal has been forwarded to Defendant C.H. Robinson.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

   All parties are agreeable to mediation but not until considerable discovery has been done, i.e., possibly next summer (2004).

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

   The parties are not agreeable to trial before a magistrate.

18. **State whether a jury demand has been made and if it was made on time.**

   Plaintiffs have not made a jury demand.

19. **Specify the number of hours it will take to present the evidence in this case.**

   The parties anticipate that trial of the case will take anywhere from four to six days. Actual presentation of evidence should take approximately 26-32 hours.

20.  **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

   Defendant C.H. Robinson's Rule 12(b)(6) Motion to Dismiss. Plaintiffs anticipate filing a response by September 19, 2003.

21.  **List other motions pending.**

   None at this time. Plaintiffs anticipate filing a motion for leave to amend their complaint by September 19, 2003.

22.  **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

   All individuals who may testify on behalf of the ABB Plaintiffs reside in Germany and Switzerland. The logistics of their depositions and appearance at trial will require special consideration.

23.  **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

   The ABB Plaintiffs filed their Certificate of Interested Parties on September 10, 2003.

   Defendant C.H. Robinson Company filed its Certificate of Interested Persons on August 18, 2003.

24.  **List the names, bar numbers, addresses, and telephone numbers of *all* counsel.**

   Justin L. Williams
   State Bar No. 00795384
   The Law Office of Justin L. Williams, P.C.
   600 Leopard Street, Suite 1810
   Corpus Christi, Texas 78473
   Telephone: (361) 888-7702
   Facsimile: (361) 888-7717
   COUNSEL FOR PLAINTIFFS
   ABB KRAFTWERKE AG AND
   ABB ALSTOM POWER (SWITZERLAND) LTD.

Steven J. Watkins
State Bar No. 20927700
So. Dist. Bar No. 146
Karan C. Ciotti
State Bar Number 05226300
So. Dist. Bar No. 16874
MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585
COUNSEL FOR DEFENDANT
C.H. ROBINSON COMPANY

Signed this 17th day of September, 2003.

_Justin Williams *_
Attorney for Plaintiffs
ABB Kraftwerke AG and
ABB Alstom Power (Switzerland) Ltd.

*by permission / Kcc

_Sept. 17, 2003_
Date

_Karan C. Ciotti_
Attorney for Defendant
C.H. Robinson Company

_Sept. 17, 2003_
Date