UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION



| | | |
|---|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD. | § § § § § § | |
| Plaintiffs | § § | CIVIL ACTION NO. G:03-CV-505 |
| vs. | § § § | B-03-192 |
| C.H. ROBINSON COMPANY | § § | |
| Defendant | § | |

**DEFENDANT C.H. ROBINSON COMPANY'S REPLY
TO PLAINTIFFS' RESPONSE TO C.H. ROBINSON'S
RULE 12(b)(6) MOTION TO DISMISS**

**I.   Procedural History**

1. Plaintiffs ABB Kraftwerke Aktiengesellschaft ("ABB Kraftwerke") and ABB Alstom Power (Switzerland) Ltd. ("ABB Alstom") filed suit on July 16, 2003. Defendant C.H. Robinson was served on August 4, 2003 and filed its motion to dismiss on August 25, 2003. Plaintiffs filed a Response to Defendant's Motion to Dismiss ("Response") and a Motion for Leave to File First Amended Original Complaint ("Amended Complaint") on or about September 19, 2003.[1]

**II.   Reply to Plaintiffs Response to Motion to Dismiss**

2. The only cause of action Plaintiffs plead in their Amended Complaint is for breach of contract. Plaintiffs do not dispute that the acts or omissions allegedly

---

[1] Although the motion for leave to file an amended complaint has not yet been granted by the Court, C.H. Robinson addresses the proposed amended complaint to show that, even if Plaintiffs' amendment is accepted, their claims should still be dismissed.

constituting a breach of contract occurred on or before March 23, 1999, more than four years before they filed suit. *Response* ¶ 16. Instead, they seek to avoid the four-year statute of limitations on breach of contract actions by claiming that they suffered no damages as a result of C.H. Robinson's alleged breach of contract until May 2000, and that their cause of action for breach of contract did not accrue until that time. *Amended Complaint* ¶ 32; *Response* ¶ 5. The contention misinterprets Texas law.

3. As a general rule, a cause of action accrues when a wrongful act causes some legal injury, even if the fact of the injury is not discovered until later and even if all resulting damages have not yet occurred. *Seatrax, Inc. v. Sonbeck Int'l*, 200 F.3d 358, 365 (5th Cir. 2000); *Murphy v. Campbell*, 964, 964 S.W.2d 265, 270 (Tex. 1997). "It is well-settled law that a breach of contract claim accrues when the contract is breached." *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002); *citing Smith v. Fairbanks, Morse & Co.*, 101 Tex. 24, 102 S.W.908, 909 (1907). This is true even where the plaintiff contends that he did not suffer any concrete loss until long after the contract was breached. *See Hunton v. Guardian Life Ins. Co. of America*, 243 F.Supp.2d 686, 704 (S.D.Tex. 2002).

4. There has never been a requirement under Texas law that a plaintiff wait to file suit until he has suffered all damages he might incur as a result of the defendant's actions. Sixty-three years ago, when the Texas Supreme Court decided *Quinn v. Press*, it was already a well-established rule that a cause of action accrues at the time of the alleged wrongful act, although "the alleged injured party may not with certainty know at the time the [wrongful act] is committed, or at the time it is discovered, just how much, if any, in dollars and cents he has been damaged." *Quinn v. Press*, 140 S.W.2d 438, 440

(Tex. 1940). This is true because an act that is unlawful in and of itself invades a legal right and thereby causes legal injury, regardless of whether money damages are sustained. *Tennessee Gas Transmission Co. v. Fromme*, 269 S.W.2d 336, 337-38 (Tex. 1954); *Houston Water-Works Co. v. Kennedy*, 8 S.W. 36, 37 (Tex. 1888) (first application of the "legal injury" rule in Texas jurisprudence).

5. Plaintiffs claim that certain alleged acts of C.H. Robinson constitute breach of contract. All of these alleged acts concern the "management of the project" leading up to the date of the March 23, 1999 accident that resulted in Oscar Zamora, Sr.'s death. Although Plaintiff's point to this alleged mismanagement as a breach of contract, *Amended Complaint* ¶¶ 22-31, they also contend that the purported acts were not in and of themselves unlawful. *Id.* ¶ 32. A breach of an enforceable agreement is an unlawful act. This is the basis for the "well-settled law that a breach of contract claim accrues when the contract is breached." *Stine*, 80 S.W.3d at 592. Plaintiffs should not be permitted to evade the statute of limitations by claiming that the C.H. Robinson's alleged failure to perform its agreement with Plaintiffs did not invade the Plaintiffs' rights and was not unlawful unless and until Plaintiffs paid a settlement or suffered a judgment.

## C.   Request for Relief

6. C.H. Robinson requests that this Court dismiss Plaintiffs' claim with prejudice, dismiss the suit in its entirety, and grant C.H. Robinson such other and further relief to which it is justly entitled.

Respectfully submitted,

McGINNIS, LOCHRIDGE & KILGORE, L.L.P.

By: /s/ Karan C. Ciotti
Steven J. Watkins
ATTORNEY-IN-CHARGE
State Bar No. 20927700
So. Dist. Bar No. 146

3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

ATTORNEYS FOR DEFENDANT
C.H. ROBINSON COMPANY

OF COUNSEL:

Karan C. Ciotti
State Bar No. 05226300
So. Dist. Bar No. 16874
McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

ATTORNEYS FOR DEFENDANT
C.H. ROBINSON COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing Defendant C.H. Robinson Company's Rule 12(b)(6) Motion to Dismiss Plaintiff's Claims in their Entirety and Brief in Support Thereof by certified mail, return receipt requested, on this the 27th day of September, 2003, to the following:

Justin L. Williams
The Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas 78473

*Karan C. Ciotti*
Karan C. Ciotti