UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

*United States District Court*
*Southern District of Texas*
*FILED*
*OCT 03 2003*
*Michael N. Milby, Clerk*

| | | |
|---|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD. | § § § § § | 13 |
| Plaintiffs | § | Civil Action No. G:03-CV-505 |
| VS. | § § | |
| C. H. ROBINSON COMPANY Defendant | § § § | B-03-192 |

**PLAINTIFFS' RESPONSE TO DEFENDANT C.H. ROBINSON COMPANY'S REPLY TO PLAINTIFFS' RESPONSE TO C. H. ROBINSON COMPANY'S RULE 12(b)(6) MOTION TO DISMISS**

**I.   Procedural History**

1.   Defendant correctly states the procedural history of the case.

**II   Response to Defendant's Reply**

2.   In Defendant's original 12(b)(6) Motion they claim Plaintiffs' claims are barred by Texas law and that they are claims for common law contribution or indemnity.

3.   Plaintiffs have amended their Complaint to clarify some of their causes of action based upon vicarious liability which is the remaining vestige of common law indemnity.

4.   While a Plaintiff may make demand for defense under indemnity theories prior to judgment or settlement, it is undisputed under Texas law that the Statute of Limitations does not begin to run on that claim until the time of the settlement or judgment.

Page 1 of 5

5. Settlement on one case and judgment on the other in this case occurred less than four years from date of suit.

6. Defendant's Statute of Limitations argument fails as a matter of law.

7. Essentially in Defendant's Reply to Plaintiffs' Response to the Motion to Dismiss without citing the court to any authority, Defendant bases their argument that the Statute of Limitations applies because a breach of contract or a breach of an enforceable agreement is in and of itself an unlawful act or a legal injury. As stated, Defendant cites the court to no case for this proposition.

8. Plaintiffs' conceded in their response that legal injury is required for the running of the Statute of Limitations then state the breach of contract itself as an unlawful act and constitutes legal injury. They cite the court to no case for this proposition but instead cite the court to Stein v. Stewart, 80 S.W.3d 586, 592 (Tex. 2002). In Stein, as in the other cases cited by Defendant, legal damage occurred at the time of the breach and the court therefore made no distinction, between legal injury and damage. The court does not say a breach of contract is an unlawful act as Defendant appears to imply.

9. When the Zamora Plaintiffs accident occurred, no property of Plaintiffs was damaged. Legal injury requires, as previously cited by Plaintiffs some damage, however, slight. If Plaintiffs filed suit on the day of the Zamora accident, Defendant would pose the question to this court, what damage has Plaintiffs suffered? Defendant would be right in their contention. Likewise the signing of the indemnity attachment in and of itself does not

justify bringing suit and causes no legal damage. No action constituting legal injury has occurred. All the cases cited by Defendant and indeed all the cases Plaintiffs have found revolve around damage occurring at the time of breach. That is why courts sometimes mistakenly characterize breach and damage together. However, the absurdity of Defendant equating breach of contract with legal injury or unlawful act is highlighted by the fact Plaintiffs could not recover <u>anything</u> for suit filed on the date cited by Defendant. Clearly, under that scenario no legal injury could have occurred. If Plaintiffs could not recover any damages then how could legal injury have occurred?

10. The quote from <u>Tennessee Gas Transmission Co. v. Fromme</u>, 269 S.W.2d 336, 337-38 (Tex. 1954), quoting from the case of <u>Houston Water-Works Co. v. Kennedy</u>, 8 S.W. 36, 37 (Tex. 1888) cases cited by Defendant, absolutely makes Plaintiffs' point and proves the distinction that Defendant is missing and shows that the statute of limitations does not bar this cause of action:

> "This was an act wrongful towards the owner of the property, for which an action might have been maintained as soon as the tort was committed. When an act is itself lawful as to the person who bases an action on injuries subsequently accruing from, and consequent upon, the act, it is held that the case of action does not accrue until the injury is sustained.***
> If, however, the act of which the injury was the natural sequence was a legal injury, - by which is meant an injury given cause of action by reason of its being invasion of a Plaintiff's right - then, be the damage however slight, limitation will run from the time the wrongful act was committed, and will bar an action for any damages resulting from the act, although these may not have been fully developed until within a period less than necessary to complete the bar."

<u>Tennessee Gas Transmission Co.</u> at 337-338.

11. The court in both <u>Houston Water-Works</u> and <u>Tennessee Gas Transmission Co.</u> distinguishes between unlawful acts such as invasion by an Defendant of land *i.e.* a trespass regarding land which is in itself unlawful and gives rise to a cause of action, versus an act which itself is not unlawful *i.e.* not having made all the arrangements with subcontractors so that ABB is required to sign an indemnity attachment in order for Brownsville Barge & Crane to supply their crane for the lift, which does not at that time rise to a cause of action because no damage, however slight has occurred.

12. Defendant has cited the court to no case where the cause of action has accrued without legal damage of any kind.

13. The court can clearly see, that despite Defendant's protestations to the contrary, no legal injury, no project delay, no damage at all for which Plaintiffs could sue and recover occurred at the time claimed by Defendant or at a time barred by the Statute of Limitations.

14. Defendant's claims based on vicarious liability under common law indemnity are not barred by the Statute of Limitations. The Statute does not begin to run until time of settlement or judgment on these claims.

### III. Request for Relief

15. Plaintiffs request that this court deny Defendant's 12(b)(6) Motion with prejudice and for such other and further relief to which it is justly entitled.

Respectfully submitted,

The Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas 78473
Telephone: (361) 888-7702
Facsimile: (361) 888-7717

By: _____
Justin L. Williams
State Bar Number 00795384

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was forwarded on this the 2nd day of October, 2003, to all counsel of record, as listed below and in the manner designated:

**CERTIFIED MAIL, RRR:**
Mr. Steven J. Watkins
Ms. Karan C. Ciotti
McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010

_____
Justin L. Williams