

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ABB KRAFTWERKE | § | |
| AKTIENGESELLSCHAFT, and | § | |
| ABB ALSTOM POWER (SWITZERLAND) | § | |
| LTD., formerly known as ABB POWER | § | |
| GENERATION, LTD. | § | |
| | § | |
| Plaintiffs | § | CIVIL ACTION NO. G:03-CV-505 |
| | § | |
| vs. | § | B-03-192 |
| | § | |
| C.H. ROBINSON COMPANY | § | |
| | § | |
| Defendant | § | |

**DEFENDANT C.H. ROBINSON COMPANY'S
SURREPLY TO PLAINTIFFS' SECOND RESPONSE TO C.H. ROBINSON'S
RULE 12(b)(6) MOTION TO DISMISS**

**I.     Procedural History**

1.     Plaintiffs ABB Kraftwerke Aktiengesellschaft ("ABB Kraftwerke") and ABB

Alstom Power (Switzerland) Ltd. ("ABB Alstom") filed suit on July 16, 2003. Defendant C.H.

Robinson was served on August 4, 2003 and filed its motion to dismiss on August 25, 2003. The

bases of C.H. Robinson's motion to dismiss were (a) Plaintiffs' claim for breach of contract is

barred by limitations, and (b) Plaintiffs' claim is in actuality a claim for indemnity which is not

supported by Texas law.

2.     Plaintiffs filed a Response to Defendant's Motion to Dismiss ("Response") and a

Motion for Leave to File First Amended Original Complaint ("Amended Complaint") on or

about September 19, 2003. C.H. Robinson filed a reply to Plaintiffs' response on September 27,

2003.    On October 3, 2003, Plaintiffs filed a response (hereinafter "Plaintiffs' Second

Response") to C.H. Robinson's reply.

## II.    Surreply to Plaintiffs' Second Response

### A.    Plaintiffs have failed to state a claim for indemnity.

3.    Plaintiffs contend in their Second Response that, because they have stated in their complaint that C.H. Robinson was their agent, they have stated "causes of action based upon vicarious liability, which is the remaining vestige of common-law indemnity." This is not a fully accurate statement of the law. Agency is not dispositive of Plaintiffs' purported right to common-law indemnity. The dispositive issue is whether the sole theory of liability against Plaintiffs in the Zamora lawsuit was vicarious liability for the purported negligence of C.H. Robinson. *Compton v. Texaco, Inc.*, 42 S.W.3d 354, 361-362 (Tex. App. – Houston [14th Dist.] 2001, pet. denied) (holding common-law indemnity unavailable to party that settled claims of direct liability, as opposed to being held vicariously liable for the conduct of another); *St. Anthony's Hospital v. Whitfield*, 946 S.W.2d 174, 178 (Tex. App. – Amarillo 1997, writ denied) (holding that hospital's common-law claim for indemnity was not extinguished where sole theory of liability against hospital in underlying lawsuit was respondeat superior liability for negligence of employee). Nowhere in their amended complaint do Plaintiffs allege that their liability in the underlying lawsuit[1] was solely vicarious, nor can Plaintiffs truthfully make such an allegation.

4.    C.H. Robinson attaches hereto certified copies of the Thirteenth Amended Original Petition and Fourteenth Amended Original Petition in the underlying lawsuit. **Exs. A and B.** These are the last petitions filed by the Zamora family against ABB Kraftwerke and ABB Alstom. The case was settled, save for a dispute concerning payment of costs in accord with the settlement agreement, after Plaintiffs filed the Thirteenth Amended Petition and before

---

[1] Cause No. 99-04-1644–E, *Graciela Zamora, et al. v. ABB Kraftwerke Aktiengesellschaft, et al.,* In the 357th Judicial District Court of Cameron County, Texas.

Plaintiffs filed the Fourteenth Amended Petition, as the Fourteenth Amended Original Petition makes apparent. The petitions establish that the Zamora family made no allegation of vicarious liability against Plaintiffs, Ex. A at ¶ IV, and ABB Kraftwerke and ABB Alstom settled only claims for direct liability – for products liability and negligence. Because ABB Kraftwerke and ABB Alstom settled claims of direct liability, as opposed to being held vicariously liable for any alleged conduct of C.H. Robinson, they have no claim for common-law indemnity against C.H. Robinson. *Compton,* 42 S.W.3d at 361-362.

5.    The Court may consider the attached petitions without converting C.H. Robinson's Motion to Dismiss to a motion for summary judgment. The Court's review is normally restricted to the complaint, *Scanlan v. Texas A&M University,* 343 F.3d 533, 536 (5th Cir. 2003), but may be extended to include matters of public record and matters of which the Court may take judicial notice. *Davis v. Bayless,* 70 F.3d 367, 372 n.3 (5th Cir. 1995), *appeal after remand,* 149 F.3d 1179 (5th Cir. 1998); *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017-18 (5th Cir. 1996).

6.    The petitions are public records. *Matter of Fender,* 12 F.3d 480, 486 (5th Cir. 1994), *cert. denied, Transamerican Natural Gas Corp. v. Zapata Partnership, Ltd.,* 511 U.S. 1143, 114 S.Ct. 2165, 128 L.Ed.2d 888 (1994).

7.    The Court may also take judicial notice of the petitions. Federal Rule of Evidence 201 allows the Court to take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. (b)(2). C.H. Robinson submits that the nature of the Zamora family's claims against Plaintiffs at the time of settlement can be accurately and readily determined by a review of the petition on file at the time of settlement, and that certification of the petition by the District Clerk of Cameron

3

County prevents any reasonable question as to whether the copy accurately represents the claims pending at the time of settlement.

### B. Breach of contract constitutes legal injury

8.      Plaintiffs also contend in their Second Response that C.H. Robinson has failed to cite support for the proposition that a breach of contract is itself an unlawful act that constitutes legal injury. Assuming *arguendo* that this very basic statement of the law requires support, C.H. Robinson directs the Court to *Hunton v. Guardian Life Ins. Co. of America*, 243 F.Supp.2d 686 (S.D. Tex. 2002), *aff'd*, 71 Fed. Appx. 441 (5th Cir. 2003) (unpublished opinion)[2]. In that case, the district court held that claims for fraud, negligent misrepresentation, and breach of contract all accrued at the time the defendant engaged in the allegedly wrongful acts, and explicitly rejected plaintiff's contention that a cause of action does not accrue until damages are sustained. *Id.* at 702, 704. The Fifth Circuit explicitly affirmed the district court's rejection of the plaintiff's argument that his claims were not ripe until he "suffered legal damage." **Ex. C** at p. 3. *See also American Fire & Casualty Co. v. Finn*, 71 S.Ct. 534, 540 (1951) (breach of contract case holding that a cause of action does not "does not consist of facts, but of the unlawful violation of a right which the facts show.") Additional support for the application of the general rule that a cause of action for breach of contract accrues at the time of the alleged breach is found in the cases previously cited by C.H. Robinson. *See, e.g., Houston Water Works Co. v. Kennedy*, 8 S.W. 36, 37 (Tex. 1888) (holding that an invasion of a plaintiff's right is a legal injury). Plaintiffs' contention that a breach of contract action does not accrue at the time of the breach appears to be based on the assumption that a legal injury necessarily entails an out-of-pocket monetary loss. This is not the law. Money damages or a judgment are not necessary to cause a

---

[2]   This case was cited in C.H. Robinson's Reply, but without the subsequent history. The case was affirmed by the Fifth Circuit in an unpublished opinion, attached hereto, in compliance with 5th Cir. R. 47.5.4, as **Ex. C.**



legal injury.   A violation of any right, for example, the contractual right to services to be performed in return for consideration paid, constitutes a legal injury and sets the limitations clock running.

9.   Plaintiffs contention that they could not have won a lawsuit if they had filed it on March 23, 1999 is irrelevant.  The law did not require them to file suit on that date – only that they do so within four years thereafter.  Their failure to meet that deadline bars any claim for breach of contract.

10.   The Court may conclude that Plaintiffs, having twice attempted to state cognizable claims and failing to do so, are unable to state an actionable claim, and may dismiss Plaintiffs' suit pursuant to Rule 12(b)(6).  *Jones v. Greninger,* 188 F.3d 322, 327 (5th Cir. 1999) (dismissing *pro se* plaintiff's action because court could perceive of no viable claim plaintiff could include in an amended complaint based on the underlying facts).

C.   **Request for Relief**

11.   C.H. Robinson asks the Court to dismiss Plaintiffs' claim with prejudice, dismiss their suit in its entirety, and grant C.H. Robinson such other and further relief to which it is justly entitled.

Respectfully submitted,

McGINNIS, LOCHRIDGE & KILGORE, L.L.P.

By:   _Karen C. Ciotti_

Steven J. Watkins
ATTORNEY-IN-CHARGE
State Bar No. 20927700
So. Dist. Bar No. 146

5

3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

ATTORNEYS FOR DEFENDANT
C.H. ROBINSON COMPANY

OF COUNSEL:

Karan C. Ciotti
State Bar No. 05226300
So. Dist. Bar No. 16874
MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

ATTORNEYS FOR DEFENDANT
C.H. ROBINSON COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing Defendant C.H. Robinson Company's Surreply to Plaintiffs' Second Response to C.H. Robinson's Rule 12(b)(6) Motion to Dismiss has been served via facsimile and via certified mail, return receipt requested, on this the 20th day of October, 2003, to the following:

Justin L. Williams
The Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas 78473

Karan C. Ciotti
_____
Karan C. Ciotti

6

●                                               ●CERTIFIED COPY

CAUSE NO. 99-04-1644-E

| | | |
|---|---|---|
| GRACIELA ZAMORA, INDIVIDUALLY AND; ON BEHALF OF THE ESTATE OF HER LATE HUSBAND OSCAR ZAMORA, SR. AND; ON BEHALF OF THEIR MINOR SURVIVING SON OSCAR ZAMORA, JR. AND; | § § § § § § | IN THE DISTRICT COURT |
| OLIVIA ZAMORA, THE SURVIVING MOTHER OF THE LATE OSCAR ZAMORA, SR. | § § § § | |
| AND; ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE TRAGIC, UNTIMELY DEATH OF THE LATE OSCAR ZAMORA, SR. | § § § § § | |
| Plaintiffs and | § § § | |
| ANGIE ZAMORA | § § | |
| Intervenor | § § | |
| VS. | § § | 357TH JUDICIAL DISTRICT |
| ABB KRAFTWERKE AKTIENGESELLSCHAFT and | § § § | |
| ABB ALSTOM POWER (SWITZERLAND) LTD, FORMERLY KNOWN AS ABB POWER GENERATION, LTD. | § § § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

9:00

_Elena [Signature]_

## PLAINTIFFS' THIRTEENTH AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, GRACIELA ZAMORA, INDIVIDUALLY AND; ON BEHALF OF THE ESTATE OF HER LATE HUSBAND OSCAR ZAMORA, SR. AND; ON BEHALF OF THEIR MINOR SURVIVING SON OSCAR ZAMORA, JR. AND;

OLIVIA ZAMORA, THE SURVIVING MOTHER OF THE LATE OSCAR ZAMORA, SR. AND; ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE TRAGIC, UNTIMELY DEATH OF THE LATE OSCAR ZAMORA, SR., hereinafter referred to as Plaintiffs, complaining of ABB KRAFTWERKE AKTIENGESELLSCHAFT and ABB ALSTOM POWER (SWITZERLAND) LTD., FORMERLY KNOWN AS ABB POWER GENERATION, LTD., hereinafter referred to as Defendants, and for cause of action would show unto this Honorable Court as follows:

<p style="text-align:center">I.</p>

Pursuant to Texas Rule of Civil Procedure 190.1, this case is to be governed by the provisions of Texas Rule of Civil Procedure 190.4 as discovery is intended to be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

All Plaintiffs are citizens and residents of the State of Texas.

Defendant, ABB KRAFTWERKE AKTIENGESELLSCHAFT, has appeared and answered herein and no written service of process is necessary. A copy of this pleading is being forwarded by certified mail, return receipt requested, through its attorney of record, Justin Williams, Williams, Kasperitis & Gowan, P.C., 5959 S. Staples, Suite 204, Corpus Christi, Texas 78413.

Defendant, ABB ALSTOM POWER (SWITZERLAND) LTD., FORMERLY KNOWN AS ABB POWER GENERATION, LTD., has appeared and answered herein and no written service of process is necessary. A copy of this pleading is being forwarded by certified mail, return receipt requested, through its attorney of

---

**CERTIFIED COPY**

record, Justin Williams, Williams, Kasperitis & Gowan, P.C., 5959 S. Staples, Suite 204, Corpus Christi, Texas 78413.

## II.

Venue is proper in Cameron County, Texas pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code in that the transaction and/or occurrence made the subject of this case and the acts or omissions giving rise to the cause of action all occurred in Cameron County, Texas.

## III.

On or about March 23, 1999, Decedent Oscar Zamora, Sr. while in the course and scope of his scope his employment as a longshoreman was instructed by Todd Stever in the course and scope of his employment and acting as a representative, agent, employee or manager of C.H. Robinson Company, was told to take off two bolts to a yellow shipping chock attached to a compressor which was manufactured by Defendants, ABB KRAFTWERKE AKTIENGESELLSCHAFT and ABB ALSTOM POWER (SWITZERLAND) LTD., FORMERLY KNOWN AS ABB POWER GENERATION, LTD. Upon removing the two bolts as instructed and not knowing that the two remaining bolts were not in fact attaching bolts, the yellow loading chock came loose and due to its weight in excess of 700 pounds, struck the Decedent in the head and neck, knocking him to the ground disabling him, and after a period of some conscious pain and suffering amounting to several hours, killed him.

---

Plaintiffs' Thirteenth Amended Original Petition                                      Page 3

CERTIFIED COPY

**IV.**

Defendants ABB KRAFTWERKE AKTIENGESELLSCHAFT and ABB ALSTOM POWER (SWITZERLAND) LTD., FORMERLY KNOWN AS ABB POWER GENERATION, LTD. were and are the manufacturer in the business of designing, manufacturing and marketing generators and compressors including, but not limited to, the one to which the jacking plate in question was attached. It is foreseeable that in the release and shipping of those generators and/or compressors, the jacking plates will be attached for their transport. No decals, warnings or instructions were in place and as such the compressor/generator and jacking place in question were defective as designed, manufactured and/or marketed by Defendants.

In the further alternative, Defendants are in the business of design, manufacture and marketing of the jacking plates including, but not limited to, the "jacking plate" in question which was defective it its design, marketing and/or manufacture. Either or all of the aforementioned products liability tort which producing caused the injuries and damages complained of including the conscious pain and suffering of the deceased Oscar Zamora, Sr. and the injuries, damages and loss to his surviving family members as more particularly set forth below. Their conduct also amounted to negligence proximately causing, in the alternative, the injuries, death and damages to all Plaintiffs.

Each and all of the above Defendants ("ABB" Defendants) designed, manufactured and marketed the compressor or generator unit in question and

participated in the decision to ship such unit with the "jacking plate" in place on the unit and which were ostensibly held on by two bolts a piece, to all outward appearances. In fact, two of such bolts were only adjusting bolts which should not penetrate the unit itself. Upon removal of the remaining bolts, the 750 pounds or so, jacking plate would and could fall, as it did upon the Plaintiffs' decedent, Mr. Zamora. The shipping of such unit without adequate instructions, labels, or warnings, and the presence of an ABB person, in Texas, all amount to specific acts committed in the course of commerce in Texas, as was reasonably foreseeable due to not only its design, manufacturer and marketing, but also due to the units being directly shipped to the Port of Brownsville in Texas and amounts to an act of commerce invoking subject matter and personal jurisdiction in Texas.

## V.

Suit is brought on behalf of the Estate and all Plaintiffs and on Behalf of all those entitled to bring suit for the death of the late Oscar Zamora, Sr., specifically Decedent's wife Graciela Zamora, Decedent's son Oscar Zamora, Jr., Decedent's mother Olivia Zamora, and Decedent's daughter Angie Zamora, as Plaintiffs are the only persons competent, capable and qualified as the surviving heirs, beneficiaries, and claimants pursuant to the Texas Wrongful Death and Survival Statutes to bring such claims as they are the only proper claimants as the sole surviving wife, mother and children of the deceased. They hereby brings claims for all damages at law and equity and actual to which they may be entitled. All Plaintiffs damages are far in excess of the Court's minimum jurisdictional requirements which were proximately

---

Plaintiffs' Thirteenth Amended Original Petition                                    Page 5

CERTIFIED COPY

caused by the acts or omissions of the Defendants. Despite any higher amount, however justly found and decided, by a jury (which is hereby specifically requested, and for which the fee has separately already been tendered), Graciela Zamora, Individually and on Behalf of The Estate of Her Late Husband Oscar Zamora, Sr. and his Only Child Oscar Zamora, Jr. and on Behalf Of Olivia Zamora, the Surviving Mother and Only Surviving Parent of Oscar Zamora, Sr. and all Others Entitled to Bring a Cause of Death Action for his Death, hereby state that the maximum amount of damages pursuant to Rule 47 of the Texas Rules of Civil Procedure, will be limited to $20,000,000.00 as specifically requested by Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein, and for a trial by a jury, that they have judgment against the Defendants, as may be allowed by law, and such other and further relief to which Plaintiffs are entitled, at law and at equity.

Respectfully Submitted,

LAW OFFICE OF WILLIAM J. TINNING
1013 Bluff Drive
Portland, Texas 78374
Telephone:  (361) 643-9200
Facsimile:   (361) 643-9600

BY: _____

William J. Tinning
State Bar No. 20060500

**LEAD ATTORNEY FOR PLAINTIFFS**

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

OCT 16 2003

BY_____ DEPUTY

---

**CO-COUNSEL:**

**CERTIFIED COPY**

Louis S. Sorola
Attorney at Law
Post Office Box 5776
302 Kings Highway
Suite 112
Brownsville, Texas 78523-5776

Horacio Barrera
Law Offices of Martinez & Barrera
1201 E. Van Buren
Brownsville, Texas 78520

## DEMAND FOR JURY TRIAL                    CERTIFIED COPY

COMES NOW Plaintiffs in the above styled and numbered cause and respectfully demands a jury for trial of all issues in this case.

Respectfully Submitted,

LAW OFFICE OF WILLIAM J. TINNING
1013 Bluff Drive
Portland, Texas 78374
Telephone:   (361) 643-9200
Facsimile:    (361) 643-9600

BY: _____

William J. Tinning
State Bar No. 20060500

**LEAD ATTORNEY FOR PLAINTIFF**

**CO-COUNSEL:**

Louis S. Sorola
Attorney at Law
Post Office Box 5776
302 Kings Highway
Suite 112
Brownsville, Texas 78523-5776

Horacio Barrera
Law Offices of Martinez & Barrera
1201 E. Van Buren
Brownsville, Texas 78520

---

Plaintiffs' Thirteenth Amended Original Petition                    Page 8

## CERTIFICATE OF SERVICE



I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all counsel of record by the method listed below on this the __13th__ day of June, 2000.

**CERTIFIED MAIL - RRR and/or FACSIMILE:**

Justin Williams
Williams, Kasperitis & Gowan, P.C.
5959 S. Staples, Suite 204
Corpus Christi, Texas  78413

Mr. Keith N. Uhles
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, Texas  78523-3509

Michael D. Murphy
MURPHY & WALKER, L.L.P.
2425 West Loop South, Suite 200
Houston, Texas  77027

**FIRST CLASS MAIL and/or FACSIMILE:**

Mr. R. Bruce Tharpe
LAW OFFICES OF R. BRUCE THARPE
Professional Plaza
715 East Frontage, Suite D
Alamo, Texas  78516

Louis S. Sorola
Attorney at Law
Post Office Box 5776
302 Kings Highway
Suite 112
Brownsville, Texas 78523-5776

---

Plaintiffs' Thirteenth Amended Original Petition                     Page 9

**CERTIFIED COPY**

Horacio Barrera
Law Offices of Martinez & Barrera
1201 E. Van Buren
Brownsville, Texas 78520

_____
William J. Tinning

**CERTIFIED COPY**

CAUSE NO. 99-04-1644-E

| | | |
|---|---|---|
| GRACIELA ZAMORA, INDIVIDUALLY AND; ON BEHALF OF THE ESTATE OF HER LATE HUSBAND OSCAR ZAMORA, SR. AND; ON BEHALF OF THEIR MINOR SURVIVING SON OSCAR ZAMORA, JR. AND; | § § § § § § | IN THE DISTRICT COURT |
| OLIVIA ZAMORA, THE SURVIVING MOTHER OF THE LATE OSCAR ZAMORA, SR. | § § § § | |
| AND; ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE TRAGIC, UNTIMELY DEATH OF THE LATE OSCAR ZAMORA, SR. | § § § § § | |
| Plaintiffs | § § § | |
| and | § § | |
| ANGIE ZAMORA | § § | |
| Intervenor | § § § | |
| VS. | § § | 357TH JUDICIAL DISTRICT |
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, | § § § § | |
| ABB ALSTOM POWER (SWITZERLAND) LTD, FORMERLY KNOWN AS ABB POWER GENERATION, LTD. and | § § § § | |
| JUSTIN WILLIAMS | § § | |
| Defendants | § § | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' FOURTEENTH AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, GRACIELA ZAMORA, INDIVIDUALLY AND; ON BEHALF

OF THE ESTATE OF HER LATE HUSBAND OSCAR ZAMORA, SR. AND; ON

CERTIFIED COPY

BEHALF OF THEIR MINOR SURVIVING SON OSCAR ZAMORA, JR. AND; OLIVIA ZAMORA, THE SURVIVING MOTHER OF THE LATE OSCAR ZAMORA, SR. AND; ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE TRAGIC, UNTIMELY DEATH OF THE LATE OSCAR ZAMORA, SR., hereinafter referred to as Plaintiffs, complaining of ABB KRAFTWERKE AKTIENGESELLSCHAFT, ABB ALSTOM POWER (SWITZERLAND) LTD., FORMERLY KNOWN AS ABB POWER GENERATION, LTD. and JUSTIN WILLIAMS, hereinafter referred to as Defendants, and for cause of action would show unto this Honorable Court as follows:

I.

Pursuant to Texas Rule of Civil Procedure 190.1, this case is to be governed by the provisions of Texas Rule of Civil Procedure 190.4 as discovery is intended to be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

All Plaintiffs are citizens and residents of the State of Texas.

Defendant, ABB KRAFTWERKE AKTIENGESELLSCHAFT, has appeared and answered herein and no written service of process is necessary. A copy of this pleading is being forwarded by certified mail, return receipt requested, through its attorney of record, Justin Williams, Williams, Kasperitis & Gowan, P.C., 5959 S. Staples, Suite 204, Corpus Christi, Texas 78413.

Defendant, ABB ALSTOM POWER (SWITZERLAND) LTD., FORMERLY KNOWN AS ABB POWER GENERATION, LTD., has appeared and answered herein and no written service of process is necessary. A copy of this pleading is

being forwarded by certified mail, return receipt requested, through its attorney of record, Justin Williams, Williams, Kasperitis & Gowan, P.C., 5959 S. Staples, Suite 204, Corpus Christi, Texas  78413.

Defendant, JUSTIN WILLIAMS, may be served with citation at his place of employment, WILLIAMS, KASPERITIS &  GOWAN, 5959 S. Staples, Suite 204, Corpus Christi, Texas  78413.

## II.

Venue is proper in Cameron County, Texas pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code in that the transaction and/or occurrence made the subject of this case and the acts or omissions giving rise to the cause of action all occurred in Cameron County, Texas.

## III.

On or about June 5, 2000, Plaintiffs reached a settled with Defendants ABB KRAFTWERKE AKTIENGESELLSCHAFT and ABB ALSTOM POWER (SWITZERLAND) LTD., FORMERLY KNOWN AS ABB POWER GENERATION, LTD. and their attorney JUSTIN WILLIAMS for the wrongful death of Oscar Zamora, Sr.  As part of the settlement agreement Defendants agreed to pay court costs.  As of today's date, the Plaintiffs still have not received the court costs in the amount of $10,234.15.

## IV.

In addition, on or about April 5, 2000, counsel for Plaintiffs and Defendants traveled to Venice, Italy to take depositions of Defendants' employees and agreed to

CERTIFIED COPY

split the costs for the court reporter, conference room and interpreter.  Defendants' counsel paid $3,014.00 for the conference room and interpreter.  Plaintiffs' counsel paid $1,299.12 for the court reporter.  Plaintiffs still have not received the $649.56 for Defendants' half of the court reporter.  Plaintiffs also still owe Defendants $1,507.00 for their half of the conference room and interpreter, but were instructed by the office manager for Defendants' counsel not to make this payment until Plaintiffs received the check from Defendants for their half of the court reporter.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein, and for a trial by a jury, that they have judgment against the Defendants, as may be allowed by law, and such other and further relief to which Plaintiffs are entitled, at law and at equity.

Respectfully Submitted,

LAW OFFICE OF WILLIAM J. TINNING
1013 Bluff Drive
Portland, Texas  78374
Telephone:   (361) 643-9200
Facsimile:   (361) 643-9600

BY:  _____

William J. Tinning
State Bar No. 20060500

**LEAD ATTORNEY FOR PLAINTIFFS**

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

OCT 16 2003

BY _____
DEPUTY

---

  **CERTIFIED COPY**

**CO-COUNSEL:**

Louis S. Sorola
Attorney at Law
Post Office Box 5776
302 Kings Highway
Suite 112
Brownsville, Texas 78523-5776

Horacio Barrera
Law Offices of Martinez & Barrera
1201 E. Van Buren
Brownsville, Texas 78520

---

**H**

(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. The Fifth Circuit by rule sets forth criteria for publication, provides for affirmance without opinion in certain circumstances, and directs that if an unpublished opinion is cited, a copy shall be attached to each copy of the brief. Fifth Circuit Rules, Rule 47.5, 28 U.S.C.A.)

United States Court of Appeals,
Fifth Circuit.

**Hunton**
v.
Guardian Life Ins.

**NO. 01-21294**

June 10, 2003

Appeal From: S.D.Tex., No. H-01-CV-647, 243 F.Supp.2d 686

Affirmed.

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

08/11/03   10:09 FAX 504 310 7580          US COURT OF APPEALS                        ☑002

United States Court of Appeals
Fifth Circuit

# F I L E D

June 10, 2003

Charles R. Fulbruge III
Clerk

# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

---

## No. 01-21294

---

RICHARD O HUNTON; ET AL,

Plaintiffs,

RICHARD O HUNTON; BENNY PACE, Trustee of the Richard O
Hunton Irrevocable Trust,

Plaintiffs – Appellants,

versus

THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA;
ET AL,

Defendants,

THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,

Defendant - Appellee.

---

Appeal from the United States District Court
For the Southern District of Texas
H-01-CV-647

---

Before DAVIS, CYNTHIA HOLCOMB HALL[*], and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[**]

This suit involves a dispute over an insurance policy owned by the Richard O. Hunton Irrevocable Trust (the "Trust"). Richard Hunton, the insured, and Benny Pace, trustee of the Trust (collectively, "Hunton"), brought suit against the insurer, Guardian Life Insurance Company of America ("Guardian"), and Stephen Friedman, the insurance agent that sold the policy (collectively, "the defendants").

In the complaint, Hunton alleges five claims: (1) breach of contract; (2) fraud and fraudulent inducement; (3) violations of the Texas Deceptive Trade Practices Act ("DTPA"), codified at TEX. BUS. & COM. CODE § 17.41 *et seq.*; (4) violations of the Texas Insurance Code, *see* TEX. INS. CODE art. 21.21; and (5) negligent misrepresentation. The district court granted summary judgment on all claims to Guardian, and Hunton timely appeals.

We review a grant or denial of summary judgment *de novo*, using the same criteria employed by the district court. *Mongrue v. Monsanto Co.*, 249 F.3d 422, 428 (5th Cir. 2001). Summary judgment is proper if, drawing all inferences in favor of the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; FED. R. CIV. P. 56(c).

Hunton bases this suit on misrepresentations made to him by Friedman at and around the time the policy was purchased in 1992. Hunton does not dispute that the limitations period for the fraud

---

[*] Circuit Judge of the Ninth Circuit, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-2-

Jun-11-2003 03:26pm From-SUPPORT SERVICES SASMF BOSTON 5...(?)(?)... P-...(?)

Case 1:03-cv-00192    Document 18    Filed in TXSD on 10/24/2003    Page 28 of 29

08/11/03  10:09 FAX 504 310 758...    US COURT OF APPEALS    ⬛004

and breach of contract claims is four years under Texas law, or that the other claims have two-year limitations periods. Instead, Hunton argues that the claims were not ripe until he suffered legal damage by paying more premiums than he expected.

Hunton is incorrect. Under Texas law, a cause of action accrues and the statute of limitations begins to run when "a wrongful act causes some legal injury, even if the fact of the injury is not discovered until later, and even if all the resulting damages have not yet occurred." *Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997) (citation omitted); *see also Martinez Tapia v. Chase Manhattan Bank, N.A.*, 149 F.3d 404, 409-12 (5th Cir. 1998) (holding that when an investor claims fraud or misrepresentation with respect to a financial investment, the statute of limitations begins to run when the investment was made if due diligence on the part of the investor would have revealed the nature of the investment and its attendant risks).

In addition, neither the doctrine of fraudulent concealment nor the discovery rule toll the statutes of limitations in this case because Hunton had not raised a genuine issue of material fact as to whether the alleged fraud was concealed from him or otherwise undiscoverable. Regardless of what Friedman told Hunton about the nature of the policy and its "vanishing premiums," the policy was replete with language that suggested Friedman's representations were incorrect. *See, e.g., Prieto v. John Hancock Mut. Life Ins. Co.*, 132 F. Supp. 2d 506, 520 (N.D. Tex. 2001) ("Investment decisions inherently require that the investor exercise diligence rather than relying on any oral representations."). The terms of the policy were apparent on its face, and the policy expressly removed Friedman's authority to change those terms. The policy also cautioned that dividends were determined yearly and depended upon Guardian's expenses and investment track record.

None of Hunton's many arguments overcome the obvious conclusion that the suit is time-

-3-

barred. Thus, we AFFIRM the district court's grant of summary judgment to the defendants.

AFFIRMED.

-4-