IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD., <br><br> Plaintiff, <br><br> v. <br><br> C.H. ROBINSON COMPANY, <br><br> Defendant. | § § § § § § § § § § § § § § § § § § |

CIVIL ACTION NO. G-03-505

## SUA SPONTE ORDER OF TRANSFER

This diversity case arises from the alleged breach of a contract to transport a turbine generator from Manheim, Germany to Monterrey, Mexico by way of Brownsville, Texas. In the course of the Court's consideration of the parties' respective Motions, it has become apparent that the present case has no connection to the Galveston Division. Plaintiff ABB Kraftwerke is a German corporation. Plaintiff ABB Alstom is a Swiss corporation. Defendant C. H. Robinson Company is a Delaware corporation with its principal place of business in Minnesota. While Defendant has a registered agent for service of process in the Southern District of Texas, that agent is located in Sugarland, Fort Bend County, which is in the Houston Division. Most importantly, the only substantial connections between the parties' dispute and the State of Texas are to Brownsville, Cameron County, Texas, which lies within the Brownsville Division of the Southern District of Texas. Considering the paucity of contacts with the Galveston Division as well as this controversy's substantial connections to the

Brownsville Division, the Court hereby **SUA SPONTE TRANSFERS** this matter to the Brownsville Division of the Southern District of Texas for all further proceedings. The Court leaves to the consideration of the transferee court all pending motions, including further and/or final consideration of the propriety of venue.

    **IT IS SO ORDERED.**

    DONE this 29th day of October 2003, at Galveston, Texas.

                                                   SAMUEL B. KENT
                                                   UNITED STATES DISTRICT JUDGE

These include:

    (a)    the place of contracting,

    (b)    the place of negotiation of the contract,

    (c)    the place of performance,

    (d)    the location of the subject matter of the contract, and,

    (e)    the domicil, residence, nationality, place of incorporation and place of business of the parties."

Maxus, at page 53.

4.    In the case before the court the facts which apply to the factors, the Texas Supreme Court and the Reinstatement state should be determinative in the court's analysis of which law should apply or as follows:

    (a)    the place of contracting is the country of Switzerland;

    (b)    the place of negotiation of the contract is the country of Switzerland;

    (c)    the place of performance - a portion of the performance was in Texas and a portion of performance in Mexico;

    (d)    the location of the subject matter of the contract is Switzerland, Texas and Mexico;

    (e)    the domicil, residence, nationality, place of incorporation and place of business of the parties, the Defendant is a Delaware Corporation with its principle place of business in Minnesota, and the Plaintiffs' contracting party is Swiss (Switzerland).

5. When looking at the factors to be used by the court, the factors which would indicate that Swiss law should apply overwhelm the factors which would be used to apply Texas law.

6. The Defendant's representative traveled to Switzerland negotiated and entered into a contract in Switzerland.

7. No party is a resident of the State of Texas and the State of Texas has no interest in applying its laws to the dispute between these parties.

8. All documentation with regard to the subject matter was either obtained by Defendant while in Switzerland or sent to Defendant from Switzerland.

9. The domicile of the Plaintiffs who has filed this lawsuit is Swiss.

10. Part of the breach of contract with regard to the management of this occurrence occurred at the Port of Brownsville in the State of Texas.

11. Part of the breach of contract would have involved obtaining different means of lifting subsequent heavy equipment when it arrived in the Port of Brownsville by means of a ocean vessel with a crane which was brought from Tampico, Mexico to Brownsville.

12. Defendant maintains no residence or office in the State of Texas.

13. When analyzing the choice of law provisions as per the Texas Supreme Court in its consistent pronunciations in the Restatement of Conflicts, the most significant relationship between this contractual transaction is with the country of Switzerland.