26

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 0 4 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ABB KRAFTWERKE | § | |
| AKTIENGESELLSCHAFT, and | § | |
| ABB ALSTOM POWER (SWITZERLAND) | § | |
| LTD., formerly known as ABB POWER | § | |
| GENERATION, LTD. | § | |
| Plaintiffs | § | Civil Action No. B:03-CV-192 |
| VS. | § | |
| | § | |
| C. H. ROBINSON COMPANY | § | |
| Defendant | § | |

## PLAINTIFFS' MOTION FOR APPLICATION OF SWISS LAW

TO THE HONORABLE OF JUDGE OF SAID COURT:

NOW COME, ABB KRAFTWERKE AKTIENGESELLSCHAFT and ABB
ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER
GENERATION, LTD., Plaintiffs (hereinafter referred to as "ABB") and file this their
Motion for Application of Swiss Law, and would show this Honorable Court as follows:

### I. BACKGROUND

1.    This case arises out of a contract which Defendant C. H. Robinson negotiated
and signed in the country of Switzerland. The contract involved Plaintiffs' manufacturing
equipment in Europe and transporting it to New Orleans by ocean going vessel, off-loading
onto barges in New Orleans for travel to the Port of Brownsville at which point it was to be
loaded onto railcars and then travel to a location for installation outside of Monterrey,

Page 1 of 6

Mexico. The documents relating to the equipment originated in Switzerland and were sent from Switzerland to Defendant C. H. Robinson. Defendant Robinson was responsible for the management of the transfer from the lash barge to the railcar and for obtaining all permits and requirements for the transfer for the railcar travel and to oversee the equipment transfer to Monterrey.

## II. LEGAL STANDARD

2.    The Texas Supreme Court first adopted at the Restatement of Conflicts (Second) Conflicts of Laws in Gutierrez v. Collins, 583 S.W.2d 312 (Tex. App. 1979). The Restatement factors for use in determination of conflicts of law choices have been reiterated in both tort and contract situations. Duncan v. Sessna Aircraft Co., 665 S.W.2d 414 (Tex. 1984); Huswood Products, Inc. v. Wagner, 18 S.W.3d 202 (Tex. 2000); The Torrington Company, et al. v. Stutzman, 46 S.W.3d 829 (Tex. 2000).

3.    Maxus Exploration Co. v. Moran Bros., Inc., 817 S.W.2d 50 (Tex. 1991), explains the restatement's position, "When the parties to a contract, as in this case, have not themselves chosen what law is to govern their agreement, section 188(1) of the Restatement states the general rules: The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6. Section 188(2) lists the contracts comprising the relationship between transaction and locale ordinarily to be taken into account in applying the principles in § 6.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that its Motion for the Application of Swiss Law in this dispute being in all things granted.

Respectfully submitted,

The Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas 78473
Telephone:    (361) 888-7702
Facsimile:     (361) 888-7717

By:    _____
Justin L. Williams
State Bar Number 00795384

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF CONSULTATION

Plaintiffs' counsel's office has conferred with opposing counsel regarding above Motion and opposing counsel does oppose said Motion.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was forwarded on this the 31st day of October, 2003, to all counsel of record, as listed below and in the manner designated:

**CERTIFIED MAIL, RRR and FACSIMILE:**
Mr. Steven J. Watkins
Ms. Karan C. Ciotti
McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010

Justin L. Williams