UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 2 5 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD. § § § § § § | |
| Plaintiffs § | B-03-192 CIVIL ACTION NO. B:03-CV-305 |
| vs. § § | |
| C.H. ROBINSON COMPANY § § | |
| Defendant § | |

AMENDED JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

1.  State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    The Rule 26 meeting was held via teleconference on Monday, September 15, 2003 and Tuesday, September 16, 2003. The parties conferred further on November 24, 2003.

    The counsel participating in the Rule 26 conference were:

    (a) Justin L. Williams of Law Offices of Justin L. Williams, for Plaintiffs ABB Kraftwerke AG and ABB Alstom Power (Switzerland) Ltd.; and

    (b) Karan C. Ciotti of McGinnis, Lochridge & Kilgore, L.L.P. for Defendant C.H. Robinson Company.

2.  List the cases related to this one that are pending in any state or federal court, with the case number and court.

    No. 13-01-00756-CV; In the Court of Appeals for the Thirteenth District at Corpus Christi, Texas: *ABB Kraftwerke Aktiengesellschaft and ABB Alstom Power (Switzerland) LTD, f/k/a ABB Power Generation, Ltd., vs. Brownsville Barge & Crane, Inc.* The Court of Appeals recently issued an opinion in this case. ABB Kraftwerke and ABB Alstom power have filed a petition for review with the Texas Supreme Court.

Cause No. 99-04-1644-E; *Graciela Zamora, Individually and on behalf of her late husband Oscar Zamora, Sr., etc. vs. ABB Kraftwerke Aktiengesellschaft, ABB Alstom Power (Switzerland) LTD, f/k/a ABB Power Generation, LTD. and Brownsville Barge & Crane, Inc.*, In the 357TH Judicial District in Cameron County, Texas. All claims in this case have been fully resolved, with the exception of the pending petition for review before the Texas Supreme Court, requesting review of the appellate court decision affirming judgment in favor of Brownsville Barge & Crane, against the ABB entities.

3. **Specify the allegation of federal jurisdiction.**

   The court has diversity jurisdiction under 28 U.S.C. § 1332.

4. **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

   Not applicable.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   The parties do not presently anticipate the joinder of additional parties.

   Plaintiffs have stated that they intend to move to amend their complaint. C.H. Robinson asserts that any additional claims that could be asserted by Plaintiffs will likewise be barred by limitations or not supported by law, and the joinder of additional parties should therefore be unnecessary.

6. **List anticipated interventions.**

   None.

7. **Describe class-action issues.**

   None.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties have made initial disclosures.

Cause No. 99-04-1644-E; *Graciela Zamora, Individually and on behalf of her late husband Oscar Zamora, Sr., etc. vs. ABB Kraftwerke Aktiengesellschaft, ABB Alstom Power (Switzerland) LTD, f/k/a ABB Power Generation, LTD. and Brownsville Barge & Crane, Inc.*, In the 357TH Judicial District in Cameron County, Texas. All claims in this case have been fully resolved, with the exception of the pending petition for review before the Texas Supreme Court, requesting review of the appellate court decision affirming judgment in favor of Brownsville Barge & Crane, against the ABB entities.

3. **Specify the allegation of federal jurisdiction.**

   The court has diversity jurisdiction under 28 U.S.C. § 1332.

4. **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

   Not applicable.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   The parties do not presently anticipate the joinder of additional parties.

   Plaintiffs have stated that they intend to move to amend their complaint. C.H. Robinson asserts that any additional claims that could be asserted by Plaintiffs will likewise be barred by limitations or not supported by law, and the joinder of additional parties should therefore be unnecessary.

6. **List anticipated interventions.**

   None.

7. **Describe class-action issues.**

   None.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties have made initial disclosures.

9. **Describe the proposed agreed discovery plan, including:**

   A. **Responses to all the matters raised in Rule 26(f).**

      (1) Initial disclosures have been made.

      (2) Counsel anticipate that discovery will be completed on or before November 15, 2004. The subjects of discovery will be all claims and defenses raised in the parties' pleadings.

      Assuming Plaintiffs' claim(s) survives Defendant's Rule 12(b)(6) motion, Defendant will focus its discovery on, *inter alia,* the specific acts Plaintiffs allege constitute breach of contract.

      No special agreement regarding phases of discovery is necessary.

      (3) Counsel do not foresee a necessity for changes in the limitations on discovery under the rules.

      (4) No protective orders are anticipated, with the possible exception of a protective order covering technical drawings and other trade secrets of the parties, which would likely be requested by agreed motion.

   B. **When and to whom the plaintiff anticipates it may send interrogatories.**

      Plaintiffs sent interrogatories to Defendant on October 10, 2003.

   C. **When and to whom the defendant anticipates it may send interrogatories.**

      Defendant does not presently anticipate a need for interrogatories.

   D. **Of whom and by when the plaintiffs anticipate taking oral depositions.**

      Plaintiffs anticipate taking the oral deposition of Defendant C.H. Robinson's corporate representative; C.H. Robinson employees Jim Hamilton and Todd Strever; a representative(s) of Schaefer Stevedoring; a representative(s) of Brownsville Barge & Crane; a representative of Monterey Power Company; and any experts designated by Defendant.

   E. **Of whom and by when the defendant anticipates taking oral depositions.**

      If depositions become necessary, Defendant C.H. Robinson anticipates taking the depositions of Plaintiffs' corporate representatives and any expert witnesses designated by the Plaintiffs.

      All depositions will be taken before the November 15, 2004 discovery deadline.

F. **When the plaintiff (or party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiffs will designate experts and provide reports on or before June 15, 2004.

Defendants will designate experts and provide reports on or before July 31, 2004.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiffs anticipate that they will take the deposition of Defendant's experts on liability and damages.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendant C.H. Robinson anticipates that its will take the depositions of Plaintiff's experts on or before the discovery deadline.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None in this lawsuit, although Plaintiffs have taken substantial discovery in the related lawsuit.

12. **State the date the planned discovery can reasonably be completed.**

November 15, 2004.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Plaintiffs are seeking damages in the range of $7 million to $9 million. Plaintiffs have offered to substantially lower their initial demand if settlement discussions are pursued prior to the Court's ruling on Defendant's motion to dismiss Plaintiffs' claims. Plaintiff

is willing to negotiate if there is reason to believe such can be successful. Plaintiff believes a ruling on Defendant's motions is necessary.

Given the large amount of damages Plaintiffs are seeking and Defendant's belief that it has no liability to Plaintiffs, further settlement discussions would not be fruitful at present.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The Plaintiffs made the above settlement proposal, and that proposal was forwarded to Defendant C.H. Robinson.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    All parties are agreeable to mediation but not until considerable discovery has been done, i.e., possibly next summer (2004).

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties are not agreeable to trial before a magistrate.

17. **State whether a jury demand has been made and if it was made on time.**

    Plaintiffs have not made a jury demand.

18. **Specify the number of hours it will take to present the evidence in this case.**

    The parties anticipate that trial of the case will take anywhere from four to six days. Actual presentation of evidence should take approximately 26-32 hours.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    Defendant C.H. Robinson's Rule 12(b)(6) Motion to Dismiss

    Plaintiffs' Motion for Application of Swiss law

Plaintiffs' Motion for Leave to Amend Complaint

20. **List other motions pending.**

    None.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    All individuals who may testify on behalf of the ABB Plaintiffs reside in Germany and Switzerland. The logistics of their depositions and appearance at trial will require special consideration.

22. **List the names, bar numbers, addresses, and telephone numbers of *all* counsel.**

    Justin L. Williams
    State Bar No. 00795384
    The Law Office of Justin L. Williams, P.C.
    600 Leopard Street, Suite 1810
    Corpus Christi, Texas 78473
    Telephone: (361) 888-7702
    Facsimile: (361) 888-7717
    COUNSEL FOR PLAINTIFFS
    ABB KRAFTWERKE AG AND
    ABB ALSTOM POWER (SWITZERLAND) LTD.

    Steven J. Watkins
    State Bar No. 20927700
    So. Dist. Bar No. 146
    Karan C. Ciotti
    State Bar Number 05226300
    So. Dist. Bar No. 16874
    MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
    3200 One Houston Center
    1221 McKinney Street
    Houston, Texas 77010
    Telephone: (713) 615-8500
    Facsimile: (713) 615-8585
    COUNSEL FOR DEFENDANT
    C.H. ROBINSON COMPANY

Signed this 24th day of November, 2003.

_Justin Williams /kcc_ **by permission**
Attorney for Plaintiffs
ABB Kraftwerke AG and
ABB Alstom Power (Switzerland) Ltd.

Nov 24, 2003
Date

_Karen C. Ciotti_
Attorney for Defendant
C.H. Robinson Company

Nov 24, 2003
Date