3ठ

# Civil Courtroom Minutes



| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ☐ Nicolas    ■ Levesque |

United States District Court
Southern District of Texas
FILED

DEC 09 2003

Michael N. Milby, Clerk of Court

| | | | |
|---|---|---|---|
| DATE | 12 | 09 | 03 |

| | | | | |
|---|---|---|---|---|
| TIME | | a.m. | | a.m. |
| | 2:35 | p.m. | 3:35 | p.m. |

| | | | |
|---|---|---|---|
| CIVIL ACTION | B | 03 | 192 |

| STYLE | ABB KRAFTWERKE AND ABB ALSTROM POWER |
|---|---|
| | *versus* |
| | C.H. ROBINSON COMPANY |

DOCKET ENTRY

(HGT)  ■Initial Pre-Trial Hearing;        (Court Reporter: Heather Hall)

Attorney(s) for Plaintiff(s):        Justin L. Williams
Attorney(s) for Defendant(s):        Steven J. Watkins and Karen C. Ciotti

Comments:

Parties argued Motion to Dismiss:

   Defs: 1. SOL has run on claim, March 23, 1999, is date of the accident and triggering event. Day of the breach determined running date. Stein v. Stewart. 2. This is really an indemnity claim and this is not available because ABB had not contractual indemnity with CH, and there was no vicarious liability that would hold CH responsible for ABB as a principle. Claims filed against ABB were only for direct liability.

   Pls: Breach of k is actually for the overall management of the shippings and there were multiple shippings and not just the generator lifting that resulted in Zamora's death. The breach involved ABB going in and taking over some of CH's duties. Generator was timely filed and no damages to it. Operator (CH) breached its responsibility. Pl is further claiming the breach came when ABB had to sign the agreement, and so this also constituted a breach of the contract. Second claim is for indemnity for vicarious liability, and third for indemnity by Brownsville Barge.

   Judge **Granted** Motion to Amend Complaint, but took remaining motions under advisement: Motion to Dismiss and Motion for Application of Swiss law (there was no argument on app of Swiss law).