UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 2 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD. § § § § § § | |
| Plaintiffs § | CIVIL ACTION NO. B:03-CV-192 |
| vs. § § | |
| C.H. ROBINSON COMPANY § § | |
| Defendant § | |

### DEFENDANT C.H. ROBINSON COMPANY'S MOTION FOR LEAVE TO FILE SURREPLY ON PLAINTIFFS' MOTION FOR EXTENSION OF TIME

Defendant C.H. Robinson requests leave to file a surreply to "Plaintiffs' Reply to Defendant C.H. Robinson Company's Response to Plaintiffs' Motion for Extension to File Affidavits and Motion for Delay on Ruling on Plaintiffs' Application of Swiss Law," and in support thereof, would show as follows:

1. On December 10, 2003, Plaintiffs ABB Kraftwerke Aktiengesellschaft and ABB Alstom Power (Switzerland) Ltd. filed a Motion for Extension of Time to File Affidavits in Support of the Application for [sic] Swiss Law and Motion for Delay on Ruling on the Plaintiffs' Motion for Application of Swiss Law ("Motion for Extension"). C.H. Robinson filed a response thereto on December 24, 2003, to which Plaintiffs filed a reply on or about January 13, 2004.

2. In their reply, Plaintiffs argue that C.H. Robinson "continues to mistakenly interpret the law" on two issues: whether limitations is procedural in nature and whether the body of law governing a claim for indemnity is the same body of law that decided the underlying claim. In making this argument, Plaintiffs make a mistaken assumption of law, take an irrelevant

1

quote out of context, and generally misconstrue the law on these two issues. More specifically, Plaintiffs now contend that Swiss law on statute of limitations is substantive and therefore controls. In doing so, they mistakenly assume that the choice of law rules of a State other than Texas govern the determination of whether limitations is procedural or substantive. In addition, Plaintiffs present inadmissible and irrelevant evidence concerning the substance of Swiss law. Finally, Plaintiffs quote out of context an irrelevant portion of *Marathon Pipe Line Co. v. Drilling Rig Rowan/Odessa*, 761 F.2d 229 (5th Cir. 1985), a case cited by C.H. Robinson for the proposition that the body of law that governs a claim for indemnity is the same body of law that governs the underlying claims. The irrelevant quote is misleading and could imply the opposite proposition.

3. Given that Plaintiffs have not previously made these arguments, nor attempted to present evidence of the content of Swiss law, C.H. Robinson seeks leave to respond and object. Consideration of C.H. Robinson's response and objection, in the Surreply attached as Exhibit 1, would serve the interests of justice.

### Request for Relief

4. C.H. Robinson requests that the Court grant its motion for leave to file the attached Surreply, and grant C.H. Robinson such other and further relief to which it is justly entitled.

Respectfully submitted,

MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.

By: ___Karan C. Ciotti___
Steven J. Watkins
ATTORNEY-IN-CHARGE
State Bar No. 20927700
So. Dist. Bar No. 146

3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

ATTORNEYS FOR DEFENDANT
C.H. ROBINSON COMPANY

OF COUNSEL:

Karan C. Ciotti
State Bar No. 05226300
So. Dist. Bar No. 16874
MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

ATTORNEYS FOR DEFENDANT
C.H. ROBINSON COMPANY

## CERTIFICATE OF CONFERENCE

I hereby certify that I have spoken with counsel for Plaintiffs, who advised that Plaintiffs are opposed to this motion.

_____
Karan C. Ciotti

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing Defendant C.H. Robinson Company's Motion for Leave to File Surreply by facsimile and by certified mail, return receipt requested, on this the 21st day of January, 2004, to the following:

Justin L. Williams
The Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas 78473

_____
Karan C. Ciotti

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD. | § § § § § § | |
| Plaintiffs | § | CIVIL ACTION NO. B:03-CV-192 |
| vs. | § § § | |
| C.H. ROBINSON COMPANY | § § § | |
| Defendant | § | |

### DEFENDANT C.H. ROBINSON COMPANY'S
### SURREPLY ON PLAINTIFFS' MOTION FOR EXTENSION OF TIME

**I.   Procedural History**

1.   On December 10, 2003, Plaintiffs ABB Kraftwerke Aktiengesellschaft ("ABB Kraftwerke") and ABB Alstom Power (Switzerland) Ltd. ("ABB Alstom") filed a Motion for Extension of Time to File Affidavits in Support of the Application for [sic] Swiss Law and Motion for Delay on Ruling on the Plaintiffs' Motion for Application of Swiss Law ("Motion for Extension"). C.H. Robinson filed a response thereto on December 24, 2003, to which Plaintiffs filed a reply on or about January 13, 2004.

**II.   C.H. Robinson's Surreply on Plaintiff's Motion for Extension**

2.   In Plaintiffs' reply, they contend that C.H. Robinson "continues to mistakenly interpret the law" on two issues: whether limitations is procedural in nature and whether the body of law governing a claim for indemnity should be the same body of law that decided the underlying claim. Plaintiffs' contention is inaccurate.

1

### A. The limitations issue

3. First, with regard to the issue of what limitations periods should be applied to Plaintiffs' claim for breach of contract, Plaintiffs state:

> [I]f the Statute of Limitations is not substantive than [sic] Texas Law is controlling because of Defendant's mistaken position they have made no reference to whether Swiss law on the Statute of limitations is substantive. Plaintiffs' have contended it is in fact substantive. [sic] The Swiss ten (10) year statute controls.

*Plaintiffs' Reply* at ¶ 3. In making the argument that Swiss law on limitations is substantive, Plaintiffs appear to assume that Swiss law determines whether limitations is substantive or procedural. This is not the case. A federal court sitting in diversity applies the conflict of laws provisions of the forum state, here, Texas. *Klaxon Co. v. Stentor Electric. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed 1479 (1941); *Johansen v. E.I. DuPont DeNemours & Co.*, 810 F.2d 1377, 1381 (5th Cir. 1987), *cert. denied*, 484 U.S. 849, 108 S.Ct. 148, 98 L.Ed.2d 104; *Spence v. Glock, G.m.b.H.*, 227 F.3d 308, 311 (5th Cir. 2000). Under Texas conflict of laws provisions, limitations periods are considered procedural <u>unless</u> the plaintiff seeks recovery via a statute that creates a right not existing at common law and incorporates a limitations provision. *Johansen*, 810 F.2d at 1381, *citing State of California v. Copus*, 309 S.W.2d 227, 231, *cert. denied*, 356 U.S. 967, 78 S.Ct. 1006, 2 L.Ed.2d 1074 (1958). Plaintiffs do not seek recovery via a statute. Plaintiffs have brought only common-law claims. Hence, the exception to the rule that limitations periods are procedural in nature under Texas conflict of laws provisions has no bearing on this case. Because the limitations period is procedural in nature under Texas conflict of laws provisions, the Texas four-year statute of limitations applies to Plaintiffs' purported breach of contract claim. *Johansen*, 810 F.2d at 1381.

4.  Further, C.H. Robinson objects to Plaintiffs' representations that "the Swiss ten (10) year statute [of limitations] controls" and is substantive. *Reply* at ¶ 3. These assertions are (a) irrelevant, given that Texas conflict of laws provisions determine whether any applicable limitations period is procedural or substantive, and (b) hearsay, as Plaintiffs have produced no admissible evidence in support of a ten-year, substantive Swiss limitations period.

**B.    The indemnity issue**

5.  With regard to the issue of what body of law should decide the indemnity issue, Plaintiffs take a quote out of context from *Marathon Pipe Line v. Drilling Rig Rowan/Odessa*, 761 F.2d 229 (5th Cir. 1985). Logic and the weight of authority on this issue require the application of Texas law to Plaintiffs' indemnity claim, since Texas law decided the Zamora family's claims and Brownsville Barge and Crane's claims against Plaintiffs. *See C.H. Robinson's Response to Plaintiffs' Motion for Application of Swiss Law* at ¶¶ 22-32; *Hardy v. Gulf Oil Corp.*, 949 F.2d 826, 830 n. 7 (5th Cir. 1992); *Marathon Pipe Line Co. v. Drilling Rig Rowan/Odessa*, 761 F.2d 229, 235 (5th Cir. 1985).

6.  Plaintiffs cite to *Marathon* in stating, "The sovereignty of maritime law over the original tort does not necessarily make that body of law control Hydro Tech's liability to Marathon." *Id.* at 234. This quotation could leave the impression that Marathon made a claim for indemnity against Hydro Tech, and that the court held that the law applied to the underlying claim was irrelevant to a determination of the law to be applied to Marathon's claim for indemnity. That impression would be erroneous. In the underlying lawsuit, Marathon sued Rowan for damages to a pipeline. Rowan then sued Hydro-Tech for contribution and indemnity. *Id.* at 231-32. The Fifth Circuit held that maritime law governed Rowan's claim for indemnity and contribution against Hydro-Tech because maritime law had determined Marathon's claim

against Rowan. *Id.* at 235, *citing Tri-State Oil Tool Indus., Inc. v. Delta Marine Drill Co.*, 410 F.2d 178, 186 (5th Cir. 1969) and *In re Dearborn Marine Service, Inc.*, 499 F.2d 263, 287 (5th Cir. 1974). The court's discussion of Hydro-Tech's liability to Marathon was unrelated to any claim for indemnity.

7.  Although noting that another analysis would call for the same result, the *Marathon* court does not state that such an analysis is required. Moreover, even if Restatement principles were applied in determining what body of law should be applied to Plaintiffs' purported claim for indemnity, these principles would dictate the application of Texas law. In this regard, C.H. Robinson refers the Court to the analysis of those Restatement principles in C.H. Robinson's Response to Plaintiffs' Motion for Application of Swiss Law at ¶¶ 26-40.

### Request for Relief

8.  For these reasons, C.H. Robinson asks the Court to deny Plaintiffs' Motion for Extension of Time to File Affidavits in Support of the Application for Swiss Law and Motion for Delay on Ruling on the Plaintiffs' Motion for Application of Swiss Law, grant C.H. Robinson's motion to dismiss Plaintiffs' suit in its entirety with prejudice, and grant C.H. Robinson such other and further relief to which it is justly entitled.

Respectfully submitted,

MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.

By: /s/ Keran C. Ciotti
Steven J. Watkins
ATTORNEY-IN-CHARGE
State Bar No. 20927700
So. Dist. Bar No. 146

3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

ATTORNEYS FOR DEFENDANT
C.H. ROBINSON COMPANY

OF COUNSEL:

Karan C. Ciotti
State Bar No. 05226300
So. Dist. Bar No. 16874
MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

ATTORNEYS FOR DEFENDANT
C.H. ROBINSON COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing Defendant C.H. Robinson Company's Surreply on Plaintiffs' Motion for Extension by facsimile and by certified mail, return receipt requested, on this the 21st day of January, 2004, to the following:

Justin L. Williams
The Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas 78473

_____
Karan C. Ciotti