UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 2 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ABB KRAFTWERKE § | |
| AKTIENGESELLSCHAFT, and § | |
| ABB ALSTOM POWER (SWITZERLAND) § | |
| LTD., formerly known as ABB POWER § | |
| GENERATION, LTD. § | |
| Plaintiffs § | Civil Action No. B:03-CV-192 |
| § | |
| VS. § | |
| § | |
| C. H. ROBINSON COMPANY § | |
| Defendant § | |

### PLAINTIFFS' AMENDED MOTION TO ATTACH
### *ORIGINAL* AFFIDAVIT TO PREVIOUSLY FILED MOTION

TO THE HONORABLE OF JUDGE OF SAID COURT:

NOW COME, ABB KRAFTWERKE AKTIENGESELLSCHAFT and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD., Plaintiffs (hereinafter referred to as "ABB") and file this their Amended Motion to Attach *Original* Affidavit to Previously Filed Motion, and would show this Honorable Court as follows:

I.

1. ABB has previously filed a Motion for Extension of Time to File Affidavits in Support of its Motion for Application of Swiss Law. ABB now files this Amended Motion and asks this court to attach for consideration with its Application for Swiss Law the enclosed *original* Affidavit of David N. Huegin, Swiss counsel for ABB, to be attached to

ABB's Motion for Application of Swiss Law and to its Motion for Extension of Time to File Affidavits.

## II.

2. There is no requirement in the Federal Rules of Civil Procedure nor was there any requirement in the Docket Control Order for a time for the filing of the Motion for Application of Swiss Law or to file exhibits. Plaintiffs have filed their Motion in the time frame it was presented to the court for the simple reason that a 12(b)(6) Motion was before the court for dismissal of its claims and ABB believes these claims were properly brought under Swiss Law and wanted this issue before the court.

## III.

Plaintiffs substitute the enclosed original for the previously copy currently filed.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ask the court to file the *original* Affidavit and consider same with its previously filed pleadings before the court and for such other relief to which this honorable court deems just and right.

Respectfully submitted,

Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas 78473
Telephone:   (361) 888-7702
Facsimile:   (361) 888-7717

By: _____
Justin L. Williams
State Bar Number 00795384
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was forwarded on this the 19th day of March, 2004, to all counsel of record, as listed below and in the manner designated:

**CERTIFIED MAIL:**
Mr. Steven J. Watkins
Ms. Karan C. Ciotti
McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010

Justin L. Williams

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD. | § § § § § § | |
| Plaintiffs | § | Civil Action No. B:03-CV-192 |
| VS. | § § | |
| C. H. ROBINSON COMPANY | § § | |
| Defendant | § | |

## AFFIDAVIT OF DAVID N. HUEGIN

| | |
|---|---|
| SWISS CONFEDERATION | § § |
| STATE OF AARGAU | § |

Before me on this day personally appeared David N. Huegin who after being duly sworn testified as follows:

"I am over the age of twenty-one (21) years and fully competent to testify to the matters contained within this affidavit. I have personal knowledge of all matters contained herein and have the legal qualifications to render the opinions contained within this affidavit.

I am a duly licensed attorney in the Swiss Confederation and in my capacity as legal counsel to ABB Switzerland Ltd. fully competent to provide the opinions contained within this affidavit. I have knowledge of the legal issues contained within this affidavit and can testify to the opinions contained herein from both my legal experience, legal

Page 1 of 3

education and legal training. I received my law degree from the University of St. Gallen, Switzerland. I have practiced law for 7 years and graduated from the University of Pennsylvania Law School with a Master in Laws (LL.M.) degree. Based on this I provide the opinions contained in this affidavit.

The Swiss statute which creates a cause of action for a breach of contract is the Swiss Code of Obligations ("Schweizerisches Obligationenrecht"). This statute creating a cause of action for a breach of contract contains a ten (10) year Statute of Limitations at § 127. The Statute of Limitations is an integral and substantive part of the cause of action created by the statute. Without the statute creating this cause of action there was no common law right to sue for breach of contract in Switzerland. Switzerland is a civil law country and all legal rights are statutory.

A breach of contract lawsuit is not prohibited under Swiss law by the fact that one of the parties has settled a lawsuit with a third party. If there is no contractual term between the litigant parties which prohibits a breach of contract or liability claim and such claim is brought within the ten year statute of limitations, there is no procedural bar to the bringing of the lawsuit.

Swiss law does not limit a breach of contract or liability lawsuit between two parties who have not settled with each other to concepts such as indemnity or contribution or vicarious liability.

As stated, Swiss law does not require that a party who has settled a lawsuit and is suing another party it has not settled with to recover any amounts paid as a result of such settlement, to rely on indemnity, contribution or vicarious liability theories in order to prevail in a breach of contract lawsuit.

A lawsuit between ABB and C. H. Robinson in Switzerland would therefore be governed by the Swiss Code of Obligations governing breach of contract lawsuits which contains a ten (10) year Statute of Limitations. No portion of any lawsuit between ABB and C. H. Robinson in Switzerland would be barred by the fact that C. H. Robinson had settled with another party. ABB would not be required to establish vicarious liability or to rely on indemnity or contribution concepts in its lawsuit in Switzerland against C. H. Robinson, because there was a contract between those parties. ABB's lawsuit in

Switzerland against C. H. Robinson would be based on fundamental contract law governed by the Swiss statute creating the cause of action for breach of contract.

From my legal training, legal education and experience I have personal knowledge of the opinions sworn to above and they are true and correct."

"FURTHER AFFIANT SAITH NOT"

_____
David N. Huegin

SWORN TO AND BEFORE ME, by David N. Huegin, born April 8, 1969, of Oberwil BL (Switzerland), with domicile in Baar (Switzerland), on this 11th day of March, 2004.

_____
NOTARY PUBLIC, in and for the
STATE OF AARGAU,
SWISS CONFEDERATION