

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 5 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD. | § § § § § § § | |
| Plaintiffs | § | Civil Action No. B:03-CV-192 |
| VS. | § § § | |
| C. H. ROBINSON COMPANY Defendant | § § § | |

### PLAINTIFFS' REPLY TO DEFENDANT C. H. ROBINSON COMPANY'S RESPONSE TO PLAINTIFF'S AMENDED MOTION TO ATTACH AFFIDAVIT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Plaintiffs ABB Kraftwerke Aktiengesellschaft, and ABB Alston Power (Switzerland) Ltd., formerly known as ABB Power Generation, Ltd. (hereinafter referred to as "Plaintiffs" or "ABB"), and files this their Reply to Defendant C. H. Robinson Company's (hereinafter referred to as "Defendant" or "Robinson") Response to Plaintiff's Amended Motion to Attach Affidavit of previously filed motion, and would show unto this honorable court as follows:

1.  Between the briefs filed on the Rule 12(b)(6) Motion and the briefs filed between the Rule 12(b)(6) Motion and the Motion to Apply Swiss Law both parties have fully briefed

this matter and Plaintiff adopts positions they have taken in the response to the 12(b)(6) Motion and have previously filed Motion to Apply Swiss Law.

2. Defendant's response with regard to the Affidavit of David Huegin is legally wrong. The Affidavit meets the requirements of the case cited by Defendant Affiant to the extent it is possible to extrapolate anything from that case and cites the statute applicable and the contentions that Huegin's statements are biased is at the most evidentiary in nature. In Farrell Lines Inc. v. Columbus Cello-Poly Corp., 32 F. Supp. 2d 118 (S.D.N.Y. 1997) aff'd 161 F3d 115 (2nd Cir. 1998), the court simply states as follows:

> "The certification of their Italian lawyer is sufficient evidence of foreign law because he is not a disinterested expert and has provided little basis for asserting his expertise or weighing his opinions." at 128.

The Second Circuit affirmed Farrell on other grounds and as the court can see there is no basis for determining why the district court felt that the Italian law expert was not qualified or why his opinion should not be considered. This, despite the fact that the Second Circuit case is not controlling on this court. The Farrell court cites for its authority on this issue a case where no evidence of foreign law was presented.

3. When a statute is clear and when the law is clear on the subject case law is unnecessary to support the plain meaning of the statute. The Affidavit is not deficient for the reasons stated by the Defendant in citing other cases and they cite no Fifth Circuit law to back up their assertions.

4. Defendant continues to claim that the court has to apply Texas law as a result of the underlined cause of action being one for indemnity or contribution when both the cases do not support this contention and the application of Swiss law does not support this contention. Under Swiss law Plaintiff's cause of action is not for indemnity or contribution but rather is a breach of contract claim. Only under Texas law does a portion of the claim fall within an indemnity or contribution cause of action. Plaintiff has responded fully to this contention in their response in the previously filed Motions for dismissal.

5. Defendant continues to rely on the lex loci doctrine as controlling when it has been rejected by the Texas courts.

6. One of the major aspects controlling the Application of Swiss Law has been the principle place of business or place of incorporation of the Defendant. As in the majority of their response, Defendant C. H. Robinson has only provided the court with the fact that they have offices or allegedly have offices in the State of Texas. The fact that there are offices in the State of Texas is totally irrelevant to the requirements of the most significantly relationship test. Plaintiff ABB has offices throughout the world. Neither of which is relevant to the most significantly relationship test. Defendant C. H. Robinson has not responded to their principle place of business or place of incorporation argument because the to do so would provide another factor indicative of Texas not having the most significant relationship with this cause of action. The insertion of this fact which has nothing to do with any issue in the case is as misleading as citing a case saying the affidavit of Plaintiff's expert

is deficient as a matter of law when the case provides no basis for this. When the court applies the most significant relationship test of the reinstatement as required under Texas law to this choice of law question, the Swiss law should apply. Since Texas courts have rejected the lex loci approach in both contract and tort actions, the most significant relationship to this action is Swiss and the courts should apply to Swiss law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant's Motion to Dismiss is denied and that Plaintiff's Motion to Apply Swiss Law is granted and that its Motion to Attach Affidavit also be in all things granted and be provided for such other and further relief as required in both law and equity.

Respectfully submitted,

The Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas 78473

Telephone: (361) 888-7702
Facsimile: (361) 888-7717

By: _____
Justin L. Williams
State Bar Number 00795384

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was forwarded on this the 14th day of June, 2004, to all counsel of record, as listed below and in the manner designated:

**FACSIMILE AND CERTIFIED MAIL, RRR:**
Mr. Steven J. Watkins
Ms. Karan C. Ciotti
McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010

Justin L. Williams