43

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 0 6 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ABB KRAFTWERKE<br>AKTIENGESELLSCHAFT, and<br>ABB ALSTOM POWER<br>(SWITZERLAND) LTD., formerly known<br>as ABB POWER GENERATION, LTD.<br><br>     **Plaintiffs**<br><br>vs.<br><br>C.H. ROBINSON COMPANY<br><br>     **Defendant** | § § § § § § § § § § § § § § | CIVIL ACTION NO. B:03-CV-192 |

**MOTION FOR LEAVE TO FILE SURREPLY OF DEFENDANT C.H. ROBINSON
TO PLAINTIFFS' REPLY TO DEFENDANT C.H. ROBINSON COMPANY'S
RESPONSE TO PLAINTIFFS' AMENDED MOTION TO ATTACH AFFIDAVIT**

Defendant C.H. Robinson requests leave to file a surreply to "Plaintiffs' Reply to

Defendant C.H. Robinson Company's Response to Plaintiffs' Amended Motion To Attach

Affidavit," and in support thereof, would show as follows:

1.     C.H. Robinson's Surreply to Plaintiffs' Reply is necessary to demonstrate that

Plaintiffs have failed to designate Mr. Huegin as an expert in this case. C.H. Robinson would

further show that Plaintiffs have failed, pursuant to Rule 26(a)(2)(B), to provide a written report

from Mr. Huegin containing a complete statement of all opinions to be expressed by Mr. Huegin

and the basis and reasons therefor, the data or other information considered by Mr. Huegin in

forming the opinions, any exhibits to be used as a summary of or support for the opinions, and the

qualifications of Mr. Huegin, including a list of all publications authored by Mr. Huegin within the

preceding ten years. For such reasons, Mr. Huegin's affidavit should be struck for all purposes.

C.H. Robinson's Surreply to Plaintiffs' Reply is further necessary to demonstrate that Plaintiffs'

Reply is untimely and should be struck. Alternatively, C.H. Robinson's Surreply is necessary to

demonstrate that: (a) Plaintiffs ignore a key decision cited by C.H. Robinson to demonstrate that Mr. Huegin's Affidavit is insufficient under law, (b) Plaintiffs misquote and misstate the holding in another key decision cited by C.H. Robinson to demonstrate that Mr. Huegin's affidavit is insufficient under law, (c) Plaintiffs unfairly criticize C.H. Robinson's cite of cases from other circuits, while not offering a single authority to support their position, (d) Plaintiffs offer only unsupported legal conclusions in support of their claim that Mr. Huegin's affidavit is sufficient, and (e) Plaintiffs incorrectly take the position that C.H. Robinson's proof regarding its offices in Texas is irrelevant, while suggesting that C.H. Robinson's cite to the *Farrell Lines, Inc. v. Ceres Terminals, Inc.* is "misleading." C.H. Robinson respectfully suggests that fundamental fairness should afford it an opportunity to defend itself with respect to Plaintiffs' incorrect statements.

## Request for Relief

2.    C.H. Robinson requests that the Court grant its motion for leave to file the attached Surreply, and grant C.H. Robinson such other and further relief to which it is justly entitled.

Respectfully submitted,

McGINNIS, LOCHRIDGE & KILGORE, L.L.P.

By: *Steven J. Watkins*

Steven J. Watkins
ATTORNEY-IN-CHARGE
State Bar No. 20927700
So. Dist. Bar No. 146
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

ATTORNEYS FOR DEFENDANT
C.H. ROBINSON COMPANY

2

OF COUNSEL:

Karan C. Ciotti
State Bar No. 05226300
So. Dist. Bar No. 16874
MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone:  (713) 615-8500
Facsimile:  (713) 615-8585

ATTORNEYS FOR DEFENDANT
C.H. ROBINSON COMPANY

<u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that a representative of my office spoke with counsel for Plaintiffs, who advised that Plaintiffs are unopposed to this motion.

Steven J. Watkins

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing Motion for Leave to File Surreply of Defendant C.H. Robinson to Plaintiffs' Reply to Defendant C.H. Robinson Company's Response to Plaintiffs' Amended Motion to Attach Affidavit by facsimile and by certified mail, return receipt requested, on this the *2nd* day of July, 2004, to the following:

Justin L. Williams
The Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas 78473

Steven J. Watkins

4

44

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 0 6 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD. | § § § § § § | |
| **Plaintiffs** | § § | **CIVIL ACTION NO. B-03-192** |
| **vs.** | § § | |
| **C.H. ROBINSON COMPANY** | § § | |
| **Defendant** | § | |

## SURREPLY OF C.H. ROBINSON COMPANY TO
## PLAINTIFFS' REPLY TO DEFENDANT C.H. ROBINSON COMPANY'S RESPONSE
## TO PLAINTIFF'S AMENDED MOTION TO ATTACH AFFIDAVIT

C.H. Robinson Company ("C.H. Robinson") files this its Surreply, as styled above, and would show the Court as follows:

1.      C.H. Robinson objects to Mr. Huegin's affidavit because Plaintiffs have failed to designate Mr. Huegin as an expert witness in the case. C.H. Robinson further objects to Mr. Huegin's affidavit because Plaintiffs have failed, pursuant to Rule 26(a)(2)(B), to provide a written report from Mr. Huegin containing a complete statement of all opinions to be expressed by Mr. Huegin and the basis and reasons therefor, the data or other information considered by Mr. Huegin in forming the opinions, any exhibits to be used as a summary of or support for the opinions, and the qualifications of Mr. Huegin, including a list of all publications authored by Mr. Huegin within the preceding ten years. The deadline for Plaintiffs to provide this information was June 15, 2004. *See Court's Scheduling Order* entered December 15, 2003.

2.     C.H. Robinson further objects to Plaintiffs' Reply because it is untimely. *See Civil Procedures for Judge Hilda G. Tagle* at ¶ 5(c). ("Counsel must respond to an opposed motion within twenty days from the date the motion is filed with the Clerk's office. If the movant makes a reply, it must be filed within twenty days thereafter."). C.H. Robinson's Response was filed on April 7, 2004. A reply, if any, from Plaintiffs was due on April 27, 2004. Plaintiffs' Reply was not filed until June 15, 2004. Because Plaintiffs' Reply is untimely, C.H. Robinson objects to Plaintiffs' Reply and requests that it be struck for all purposes.

3.     C.H. Robinson continues to assert that Mr. Huegin's affidavit is irrelevant because the application of Texas law to the facts of this case is required as a matter of law. *See Defendant C.H. Robinson's Response to Motion for Application of Swiss Law*, filed on November 25, 2003, at ¶¶ 20-24. This Surreply is filed subject to and without waiver of this position. Should the Court determine that the application of Texas law to the facts of this case is not required as a matter of law, C.H. Robinson continues to object to Mr. Huegin's affidavit because it constitutes insufficient proof of the substance of Swiss law.

4.     Plaintiffs have the burden to prove the substance of Swiss law. *Banque Libaniase pour le Commerce v. Ahreich*, 915 F.2d 1000, 1006 (5th Cir. 1990). Absent sufficient proof to establish with reasonable certainty the substance of Swiss law, the district court should apply the law of the forum. *Id.*; *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1223-24 (10th Cir. 2000), *aff'd* 532 U.S. 588, 121 S.Ct. 1776, 149 L.Ed. 845 (2001).

5.     C.H. Robinson further objects to Mr. Huegin's affidavit as insufficient, for two reasons. One, it fails to prove the substance of Swiss law. Two, Mr. Huegin is a interested witness, and his unsupported legal conclusions are insufficient evidence of Swiss law.

2

6.    As to the first point, it is not surprising that Plaintiffs ignore the case of *Haywin Textile Products, Inc. v. Int'l Finance Inv.*, 137 F.Supp.2d 431, 435 (S.D.N.Y. 2001), *judgment aff'd in unpublished opinion*, 38 Fed. Appx. 96, 2002 WL 1362978 (2d Cir. 2002) cited by C.H. Robinson. In *Haywin Textile Products*, the Court held that the proponent had failed to adequately identify Bangladeshi law by presenting an expert affidavit that cited several cases and legal treatises in support of his conclusions, but failed to attach copies of the authorities, and offered only a cursory analysis of one of the issues before the court.

7.    As pointed out by C.H. Robinson in its response, Mr. Huegin's affidavit is even more deficient than the affidavit examined in *Haywin Textile Products*. Mr. Huegin asserts that the statute of limitations for a breach of contract action is ten years under Swiss law. However, Mr. Huegin fails to provide a translation or even a copy of the statute, and cites no judicial decisions or other authority to support his assertion. Mr. Huegin further asserts that the limitations provision is "an integral and substantive part of the cause of action" and that there was no right to sue for breach of contract in Switzerland before this statute was created. However, Mr. Huegin cites no statutory language, case law, legal treatise or other scholarly authority to support his assertions. Likewise, Mr. Huegin offers no support whatsoever for his assertion that "A breach of contract lawsuit is not prohibited under Swiss law by the fact that one of the parties has settled a lawsuit with a third party," and "Swiss law does not limit a breach of contact or liability lawsuit between two parties who have not settled with each other to concepts such as indemnity or contribution or vicarious liability."

8.    In sum, Mr. Huegin has offered nothing but unsupported legal conclusions in his affidavit. These unsupported legal conclusions are insufficient to prove Swiss law.[1]  Having been

---

[1] Likewise, the unsupported legal conclusions set forth in Plaintiffs' Reply do not provide any support for Mr. Huegin's deficient affidavit. Those unsupported legal conclusions are as follows: "Defendant's response with

presented with nothing by Plaintiffs but unsupported legal conclusions concerning Swiss law, the Court should apply the law of the forum, in this instance Texas law, to the facts of this case.[2]  See *Banque Libanaise pour le Commerce*, 915 F.2d at 1006; *United Int'l Holdings*, 210 F.3d at 1223-1224.

9.    As to the second point, it is clear that Mr. Huegin is an interested witness, and that his unsupported legal conclusions are insufficient proof of Swiss law.  Plaintiffs attempt to defend against C.H. Robinson's point by asserting that "the contentions that Huegin's statements are biased is at most evidentiary in nature."  C.H. Robinson submits that it is unnecessary for it to prove that Mr. Huegin is an interested witness because that fact has been proved by the judicial admissions of Plaintiffs.  In paragraph 1 of Plaintiffs' Amended Motion, Mr. Huegin is identified by Plaintiffs as "Swiss counsel for ABB."  Mr. Huegin identifies himself in his affidavit attached thereto as "legal counsel to ABB Switzerland Ltd."  Because Mr. Huegin is an interested witness, the case of *Farrell Lines, Inc. v. Columbus Cello-Poly Corp.*, 32 F.Supp.2d 118, 128 (S.D.N.Y. 1997), *aff'd*, *Farrell Lines, Inc. v. Ceres Terminals, Inc.* 161 F.3d 115 (2nd Cir. 1998) applies to this case.  The holding in *Farrell Lines, Inc.* has been misquoted by Plaintiffs in their Plaintiffs' Reply.  A correct quote of the holding in *Farrell Lines, Inc.* is as follows:

> The certification of their Italian lawyer is <u>insufficient</u> evidence of foreign law because he is not a disinterested expert and has provided little basis for asserting his expertise or weighing his opinions.

*Id.* at 128 (emphasis added).

---

regard to the affidavit of David Huegin is legally wrong," and "When a statute is clear and when the law is clear on the subject case law is unnecessary to support the plain meaning of the statute.  The Affidavit is not deficient for the reasons stated by the Defendant in citing other cases and they cite no Fifth Circuit law to back up their assertions." Despite Plaintiffs' empty postulations, C.H. Robinson's Response is not lacking because it does not set forth a Fifth Circuit authority for every legal point it makes.  C.H. Robinson has set forth sufficient authorities from other circuits in support of its positions.  Plaintiffs have cited none.

[2] Even though the deficiencies in Mr. Huegin's affidavit were identified in C.H. Robinson's Response, Plaintiffs made no effort to cure the deficiencies with their Plaintiffs' Reply.

Plaintiffs' attempt to avoid the holding in *Farrell Lines, Inc.*, by asserting "[t]he Second Circuit affirmed *Farrell* on other grounds and as the court can see there is no basis for determining why the district court felt that the Italian law expert was not qualified or why his opinion should not be considered." C.H. Robinson submits that nothing could be further from the truth. The district court specifically stated in its holding that the opinions of the Italian law expert were insufficient evidence of foreign law because he (1) was not a disinterested witness, and (2) had provided little basis for asserting his expertise or weighing his opinions. Similarly, because Plaintiffs rely on the unsupported legal opinions of their Swiss legal counsel, an interested witness, Plaintiffs have failed to prove Swiss law. Consequently, the Court should apply the law of the forum, in this instance Texas law, to the facts of this case. *See Banque Libanaise pour le Commerce*, 915 F.2d at 1006; *United Int'l Holdings*, 210 F.3d at 1223-1224.

10.     Plaintiffs next assert that C.H. Robinson "continues to claim that the court has to apply Texas law as a result of the underlined [sic] cause of action being one for indemnity or contribution when both the cases do not support this contention and the application of Swiss law does not support this contention." Plaintiffs are partially correct in their assertion. C.H. Robinson does in fact claim that the issue of whether Plaintiffs have a viable indemnity claim must be decided by Texas law. The Fifth Circuit has clearly held that indemnity issues are governed by the same law that was applied in the underlying lawsuit. See *Hardy v. Gulf Oil Corp.*, 949 F.2d 826, 830 n.7 (5th Cir. 1992) (holding that because maritime law established the plaintiffs cause of action against defendant, it should govern defendant's claim for indemnity against a co-defendant*); Marathon Pipe Line Co. v. Drilling Rig Rowan/Odessa*, 761 F.2d 229, 235 (5th Cir. 1985) ("This court has held that the body of law establishing the indemnitee's primarily liability govern his claim for

5

indemnity or contribution against a third party.").[3]  These cases fully support C.H. Robinson's position, and insure a fair result.  In the underlying case, Plaintiffs made no contention that Swiss law (whatever it may be) should apply.[4]  The Zamora lawsuit, including Brownsville Barge and Crane's claim for contractual indemnity against Plaintiffs (stemming from a contract with Brownsville Barge and Crane signed by Plaintiffs in Texas), was governed by Texas law.  *See* Exhibit B, Plaintiffs' Thirteenth Amended Original Petition at p. 5 (wherein the Zamora family seeks relief under the Texas Wrongful Death and Survival statutes asserting that Plaintiffs were liable under the theories of negligence and product liability).  Likewise, Brownsville Barge and Crane sought and obtained a judgment against Plaintiffs under Texas law.  *ABB Kraftwerke*, 115 S.W.3d 291 ("Under <u>Texas</u> law, the requirements of a binding contract are . . .").  The Corpus Christi Court of Appeals, in determining all substantive law issues in Plaintiffs' appeal of the judgment against them, cite 18 Texas cases, and make no reference to the laws of any other State.  *Id*. at pp. 291-94.  Because Texas law governed Plaintiffs' primary liability, it must also determine their right to indemnity.  *See Grove Manufacturing Company v. Cardinal Construction Company*, 534 S.W.2d 153, Tex. Civ. App. – Houston [14th Dist.] 1976, writ ref'd n.r.e.) ("The rights of indemnity and contribution are not independent causes of action, but exist only as derivatives of the primary plaintiff's cause of action").  Despite Plaintiffs' maneuvering, C.H. Robinson is entitled to be judged by the law that established Plaintiffs' liability to the Zamora family and to Brownsville Barge & Crane, not by the law that Plaintiffs' believe gives them the result they seek.[5]

---

[3] Plaintiffs have not cited a single authority holding that the general rule set forth in these cases has been overruled.

[4] For this reason, C.H. Robinson asserts that Plaintiffs have waived their claim that Swiss law applies.

[5] It does not matter what the substance of Plaintiffs' claim might be under Swiss law.  Plaintiffs' have not proved that law, and it wouldn't apply if Plaintiffs had made such proof.

11.     Plaintiffs next offer a rambling, almost incomprehensible, discourse about the principal place of business or place of incorporation of C.H. Robinson. As best C.H. Robinson can discern from Plaintiffs' rambling discourse, Plaintiffs allege the following: that one of the major aspects controlling the application of Swiss law has been the principal place of business or place of incorporation of C.H. Robinson; that C.H. Robinson has only provided the court with the fact that they have offices or allegedly have offices in the State of Texas; that the fact that C.H. Robinson has offices in the State of Texas is totally irrelevant to the requirements of the "most significantly [sic] relationship test;" that C.H. Robinson has not responded to the principal place of business or place of incorporation argument because to do so would provide another factor indicative of Texas not having the most significant relationship "with this cause of action"; and the insertion of "this fact" (C.H. Robinson guesses that Plaintiffs are referring to C.H. Robinson's proof that they have offices in the State of Texas) has nothing to do with any issue in this case and is as misleading as C.H. Robinson's cite to *Farrell Lines, Inc.*[6] Plaintiffs' allegations reveal one of two possibilities. Either Plaintiffs have not read C.H. Robinson's responses (or have read them and forgotten what they state) or they are intentionally mischaracterizing them because their positions lack merit. C.H. Robinson will very succinctly summarize the substance of its various responses.

(a)     the application of Texas law to the facts of this case is required as a matter of law. *See Defendant C.H. Robinson's Response to Motion for Application of Swiss Law,* filed November 25, 2003, at ¶¶ 20-24;

---

[6] C.H. Robinson submits that, while it is very easy and convenient for one to state that another person is being misleading, it is quite another matter to prove it. The case of *Farrell Lines, Inc.* very clearly says that the affidavit there was insufficient evidence of foreign law because the Italian lawyer (1) was not a disinterested witness, and (2) had provided little basis for asserting his expertise or weighing his opinions. C.H. Robinson's statement about the holding in the case is not misleading, it is truthful. The case says what it says, and Plaintiffs cannot change that fact by resorting to a "convenient" allegation that C.H. Robinson is being "misleading." Mr. Huegin has offered the court nothing but unsupported legal conclusions. Because Plaintiffs rely on the unsupported legal opinions of their Swiss counsel, an interested witness, Plaintiffs have failed to prove Swiss law.

(b)     should the court determine that the application of Texas law to the facts of this case is not required as a matter of law, and the consideration of Mr. Huegin's affidavit is appropriate, C.H. Robinson objects to the affidavit because it constitutes insufficient notice of the substance of Swiss law.  *See C.H. Robinson's Response to Plaintiffs' Amended Motion to Attach Affidavit to Previously Filed Motion*, at ¶¶ 2-8;

(c)     Plaintiffs have the burden to prove the substance of foreign law to the court. *Id.*;

(d)     absent sufficient proof to establish with reasonable certainty the substance of foreign principles of law, the court should apply the law of the forum.  *Id.*; and

(e)     in the alternative, the application of Texas law is required by the principles set forth in the Restatement (Second) of Conflicts.  *See Defendant C.H. Robinson's Response to Motion for Application of Swiss Law* at ¶¶ 25-40.

As to the last point, C.H. Robinson presented the court with a complete analysis of the "Contacts relevant to choice-of-law analysis for tort claims" and "Contacts relevant to the choice-of-law analysis for contract claims."   Each analysis addressed the place of business[7] and place of incorporation for C.H. Robinson.  In Paragraph 31 of Defendant C.H. Robinson's Response, C.H. Robinson denied that it was not a resident of Texas; established by affidavit testimony that C.H. Robinson had at least nine locations in Texas in early 1999, that all nine of the offices are still doing business in Texas, and that the C.H. Robinson representative who negotiated the Contract at issue officed in Keller, Texas; and pointed out that these facts were apparent from the face of the correspondence exchanged between Plaintiff ABB Alstom (fka ABB Power Generation Ltd.) and C.H. Robinson, and the face of the contract.  In Paragraph 38 of Defendant C.H. Robinson's

---

[7] The Restatement factors don't speak to the subject of "principal" place of business, as represented by Plaintiffs.

Response, C.H. Robinson pointed out that, although Plaintiffs contended that their domicile was Swiss and that their "contracting party" is Swiss, Plaintiffs failed to note that ABB Kraftwerke is a German corporation. C.H. Robinson also stated that, though domiciled in Minnesota, it maintained nine offices in Texas at the time of the events giving rise to this suit. The point to be made is that both C.H. Robinson and Plaintiffs had many contacts with the State of Texas relating to the subject contract and the subsequent transaction and litigation relating thereto, and that those contacts far outweigh the fact that ABB Power Generation, Ltd. was a Swiss corporation, and that the subject contract was negotiated in part[8], and subsequently signed, in Switzerland. For these reasons, and as demonstrated by C.H. Robinson's analysis of the Restatement factors, Texas law should be applied to the facts of this case.

WHEREFORE, PREMISES CONSIDERED, C.H. Robinson prays that, upon hearing hereof, the Court deny Plaintiffs' Amended Motion To Attach Affidavit, and that C.H. Robinson have such other and further relief deemed proper under the circumstances.

---

[8] Surely, Plaintiffs won't deny the exchange of correspondence that occurred between Plaintiff ABB Alstom Power Generation, Ltd. in Switzerland and C.H. Robinson in Texas prior to the signing of the subject contract. Surely, Plaintiffs won't deny that the Transportation Bid Qualification was prepared, signed and dated by C.H. Robinson in Texas and sent to ABB Power Generation, Ltd. in Switzerland, and that ABB Power Generation, Ltd. signed and dated the Transportation Bid Qualification in Switzerland and returned it to C.H. Robinson in Texas, with its facsimile dated February 1, 1999, the latter of which notified C.H. Robinson in Texas of ABB Power Generation, Ltd.'s acceptance of C.H. Robinson's offer to transport the subject cargo.

9

Respectfully submitted,

McGINNIS, LOCHRIDGE & KILGORE, L.L.P.

By: _Steven J. Watkins_
     Steven J. Watkins
     ATTORNEY-IN-CHARGE
     State Bar No. 20927700
     So. Dist. Bar No. 146

3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

ATTORNEYS FOR DEFENDANT
C.H. ROBINSON COMPANY

OF COUNSEL:

Karan C. Ciotti
State Bar No. 05226300
So. Dist. Bar No. 16874
McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

10