UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 2 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD.<br><br>Plaintiffs<br><br>vs.<br><br>C.H. ROBINSON COMPANY<br><br>Defendant | § § § § § § § § § § § § § § § CIVIL ACTION NO. B-03-192 |

## ORIGINAL ANSWER OF C.H. ROBINSON COMPANY

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

C.H. Robinson Company, Defendant, files this its Original Answer to the Plaintiff's Firs Amended Original Complaint of ABB Kraftwerke Aktiengesellschaft and ABB Alstom Power (Switzerland) Ltd., formerly known as ABB Power Generation, Ltd., Plaintiffs, and would respectfully show unto the Honorable Court as follows:

### ANSWER

1.  Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 1 of Plaintiffs' First Amended Original Complaint.

2.  Defendant admits the allegations of paragraph 2 of Plaintiffs' First Amended Original Complaint.

3.  Defendant admits the allegations of paragraph 3 of Plaintiffs' First Amended Original Complaint.

4. Defendant admits it entered into a contract on or about February 16, 1999 with ABB Power Generation Ltd. Defendant denies that it entered into a contract with "ABB" as that term is defined in Plaintiffs' First Amended Original Complaint. Defendant admits the contract it entered into on or about February 16, 1999 with ABB Power Generation Ltd. called for the transportation of certain heavy equipment from the Port of Brownsville, Texas to Monterrey, Mexico. Defendant denies that the allegations in paragraph 4 fully state the terms of the contract. All allegations of paragraph not specifically admitted are denied.

5. Defendant admits that it agreed to handle the transport of equipment from Brownsville, Texas to Monterrey, Mexico. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore denies same.

6. Defendant denies that the scope of work in the contract contains the information alleged in paragraph 6, and therefore denies all allegations of paragraph 6 of Plaintiffs' First Amended Original Complaint.

7. Defendant admits that the contract contains a section that states:

### BASIS OF ORDER

The following conditions and documents form an integral part of this Agreement:

- C. H. ROBINSON COMPANY quotation dated January 30, 1999 and February 5, 1999, the latter to cover the quotation for two (2) transformer 526x269x370 cm/ 49'969 grosskos, each.

Defendant admits that the January 30, 1999 quotation included the unloading of a 325-ton generator "from lash barge to railcar." The remaining allegations in paragraph are vague

and ambiguous, and consequently Defendant is unable to admit or deny same. All allegations of paragraph 7 not specifically admitted are denied.

8. Defendant denies the allegations of paragraph 8 of Plaintiffs' First Amended Original Complaint.

9. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 9 of Plaintiffs' First Amended Original Complaint, and therefore denies those allegations.

10. Defendant admits that Schaefer Stevedoring contracted with Brownsville Barge & Crane for lifting services. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 10 of Plaintiffs' First Amended Original Complaint and therefore denies all remaining allegations.

11. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 11 of Plaintiffs' First Amended Original Complaint and therefore denies those allegations.

12. Defendant admits the allegations in paragraph 12 of Plaintiffs' First Amended Original Complaint.

13. Defendant admits that the initial lift attempt was canceled due to inclement weather. Defendant further admits that a C.H. Robinson representative was there as a third-party logistics provider. Defendant denies that the sole purpose of ABB's representative's presence at the Port of Brownsville was to answer questions. Defendant denies that there was more than one generator involved in the lift. All allegations of paragraph 13 not specifically admitted are denied.

14. Defendant admits that on or about March 23, 1999, a representative of Brownsville Barge & Crane demanded that an addendum to the Lifting Services Agreement be signed, and that the addendum contained an indemnity provision. Defendant admits that it did not sign the addendum. Defendant is without sufficient information to form a belief as to the truth of the remaining allegations of paragraph 14 of Plaintiffs' First Amended Original Complaint and therefore denies those allegations. All allegations not specifically admitted are denied.

15. Defendant admits that it had obtained permits for rail transport of the generator from Brownsville to Monterrey. Defendant denies that it "was at all times aware that the contract between ABB involving the Monterrey Power Plant project was time sensitive and contained liquidated damages clauses." Defendant is without sufficient information to form a belief as to the truth of the remaining allegations of paragraph 15 of Plaintiffs' First Amended Original Complaint and therefore denies those allegations. All allegations not specifically admitted are denied.

16. Defendant admits that an ABB representative signed the indemnity agreement. Defendant denies all remaining allegations in paragraph 16 of Plaintiffs' First Amended Original Complaint.

17. Defendant admits that Oscar Zamora, Sr. died as a result of injuries sustained during the lift of the generator. Defendant denies all remaining allegations of paragraph 17 of Plaintiffs' First Amended Original Complaint.

18. Defendant denies that the judgment obtained by Brownsville Barge & Crane against ABB is currently on appeal. Defendant admits all remaining allegations in paragraph 18 of Plaintiffs' First Amended Original Complaint.

19. Defendant denies the allegations of paragraph 19 of Plaintiffs' First Amended Original Complaint.

20. Defendant denies the allegations of paragraph 20 of Plaintiffs' First Amended Original Complaint.

21. Defendant denies the allegations of paragraph 21 of Plaintiffs' First Amended Original Complaint.

22. Defendant denies the allegations of paragraph 22 of Plaintiffs' First Amended Original Complaint.

23. Defendant denies the allegations of paragraph 23 of Plaintiffs' First Amended Original Complaint.

24. Defendant denies the allegations of paragraph 24 of Plaintiffs' First Amended Original Complaint.

25. Defendant denies the allegations of paragraph 25 of Plaintiffs' First Amended Original Complaint.

26. Defendant denies the allegations of paragraph 26 of Plaintiffs' First Amended Original Complaint.

27. Defendant denies the allegations of paragraph 27 of Plaintiffs' First Amended Original Complaint.

28. Defendant denies the allegations of paragraph 28 of Plaintiffs' First Amended Original Complaint.

29. Defendant denies the allegations of paragraph 29 of Plaintiffs' First Amended Original Complaint.

30. Defendant denies the allegations of paragraph 30 of Plaintiffs' First Amended Original Complaint.

31. Defendant denies the allegations of paragraph 31 of Plaintiffs' First Amended Original Complaint.

32. With respect to the first sentence of paragraph 32 of Plaintiffs' First Amended Original Complaint, Defendant admits only that no legal harm resulted to Plaintiffs because of any act of Defendant. In all other respects, the allegations of such first sentence, and the legal implication Plaintiffs intend therefrom, are denied. With respect to the second sentence of paragraph 32 of Plaintiffs' First Amended Original Complaint, Defendant admits only that it did not commit any unlawful act and did not cause damage to Plaintiffs herein. In all other respects, the allegations of such second sentence, and the legal implication Plaintiffs intend therefrom, are denied.

33. Defendant, asserting that it fully performed the subject contract, denies the allegations of the first sentence of paragraph 33 of Plaintiffs' First Amended Original Complaint. Defendant further denies the allegations of the second sentence of paragraph 33.

34. Defendant is not required to either admit or deny Plaintiffs' assertion that they seek to recover certain alleged damages from Defendant herein. Defendant does deny,

however, that it breached the contract the subject of this lawsuit. Defendant further denies that it is liable to Plaintiffs under any legal theory.

35. Defendant is not required to either admit or deny Plaintiffs' assertion that they seek to recover certain alleged damages from Defendant herein. Defendant does deny, however, that it breached the contract the subject of this lawsuit. Defendant further denies that it is liable to Plaintiffs under any legal theory.

36. Defendant is not required to either admit or deny Plaintiffs' assertion that they seek to recover certain alleged damages from Defendant herein. Defendant does deny, however, that it breached the contract the subject of this lawsuit. Defendant further denies that it is liable to Plaintiffs under any legal theory.

37. Defendant is not required to either admit or deny Plaintiffs' assertion that they seek to recover certain alleged damages from Defendant herein. Defendant does deny, however, that it breached the contract the subject of this lawsuit. Defendant further denies that it is liable to Plaintiffs under any legal theory.

38. Defendant denies the allegations of paragraph 38 of Plaintiffs' First Amended Original Complaint.

### AFFIRMATIVE DEFENSES

39. Plaintiffs have failed to state a claim upon which relief may be granted.

40. Plaintiffs' alleged causes of action are barred by TEX. CIV. PRAC. & REM. CODE ANN. § 16.004 (Vernon 2002), the four-year statute of limitations, as adopted in Texas.

41. Plaintiffs' alleged causes of action are barred by TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (Vernon 2002), the two-year statute of limitations, as adopted in Texas.

42. Plaintiffs have waived the right to either assert their alleged causes of action or recover with respect thereto.

43. Plaintiffs are estopped by their conduct to either assert their alleged causes of action or recover with respect thereto.

44. Plaintiffs have failed to mitigate their alleged damages.

45. Plaintiffs either breached or anticipatorily breached the contract the subject of this lawsuit, and such breach precludes the recovery Plaintiffs seek pursuant to their alleged causes of action.

WHEREFORE, Defendants pray that Plaintiffs take nothing by reason of their lawsuit against Defendant; that Defendant recover all costs of Court expended herein; and that Defendant have such other and further relief, either general or special, at law or in equity, to which it may show itself justly entitled to receive.

Respectfully submitted,

MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.

By: *Karan C. Ciotti*
Steven J. Watkins
State Bar No. 20927700
So. Dist. Bar No. 146
Karan C. Ciotti
State Bar No. 05226300
So. Dist. Bar No. 16874

>3200 One Houston Center
>1221 McKinney Street
>Houston, Texas 77010
>Telephone: (713) 615-8500
>Facsimile: (713) 615-8585
>
>ATTORNEYS FOR DEFENDANT
>C.H. ROBINSON COMPANY

### CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing Original Answer of C.H. Robinson Company has been served via facsimile and via certified mail, return receipt requested, on this the 21st day of October, 2004, to the following:

Justin L. Williams
The Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas 78473

_Karan C. Ciotti_
Karan C. Ciotti