UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 09 2004

Michael N. Milby, Clerk of Court

| | |
|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD.<br><br>Plaintiffs<br><br>vs.<br><br>C.H. ROBINSON COMPANY<br><br>Defendant | CIVIL ACTION NO. B:03-CV-192 |

### DEFENDANT C.H. ROBINSON'S RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTION AND C.H. ROBINSON'S MOTION TO AMEND SCHEDULING ORDER, AND IN THE ALTERNATIVE, MOTION TO STRIKE CLAIMS

Defendant C.H. Robinson Company ("C.H. Robinson") files this Response to Plaintiffs' Motion for Protection, and files this Motion to Amend Scheduling Order and in the alternative, Motion to Strike Claims. In requesting that the Court deny Plaintiffs' motion, amend the deadlines in the scheduling order, or in the alternative, strike Plaintiffs' claims, C.H. Robinson would show the Court as follows:

### Background

1.     Plaintiffs have sued Defendant C.H. Robinson in Federal Court in the Southern District of Texas on what appears to be a breach of contract claim and a common law claim for indemnity. This Court has decided that Texas law governs all claims and issues in this case, *see Court's Order, entered September 30, 2004* at 14, and that the only conceivably remaining claims, following the Court's grant in part of C.H. Robinson's Amended Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), are claims

1

for breaches of contract occurring <u>after</u> July, 1999 and a claim for common law indemnity, theoretically based on an agency relationship supported by something other than the February 19, 1999 contract (the "Contract") between C.H. Robinson and Plaintiff ABB Alstom Power (Switzerland) Ltd.'s predecessor. *See id.,* at 19, 21.

2. All relevant events forming the basis of Plaintiffs' remaining claims, assuming there are any claims, occurred in Texas. Counsel for both Plaintiffs and Defendant are located in Texas.

3. On September 30, 2004, Defendant C.H. Robinson noticed the depositions of David Huegin, Alfred Koller, Lucerio Moreli, Sandro Lepori, Roland Schneider, and a corporate representative of ABB Power Generation, Ltd., which is the entity that entered into the Contract with C.H. Robinson and which is the predecessor of Plaintiff ABB Alstom Power (Switzerland) Ltd. After receiving the Court's September 30, 2004 order, C.H. Robinson withdrew some notices and amended the corporate representative deposition notice to reflect the Court's grant in part of C.H. Robinson's Rule 12(b)(6) motion to dismiss. C.H. Robinson now seeks the depositions of Lepori, Schneider, and a corporate representative. The amended corporate representative deposition notice seeks the testimony of an individual with knowledge of (a) the relationship between C.H. Robinson and ABB Power Generation, Ltd., (b) any purported breaches of contract alleged to have occurred on or after July 16, 1999, and (c) the factual bases, if any, to support the contention that C.H. Robinson was an agent of ABB and/or that ABB's liability in the underlying lawsuit was purely vicarious in nature. *See* **Ex. A,** *Notice of deposition of a corporate representative of ABB Power Generation, Ltd.*

4.	Plaintiffs, in their Motion for Protection, represent to the Court that it is not possible for Plaintiffs to make these witnesses available for depositions in Texas. *Plaintiffs' Motion* at ¶ 10. Plaintiffs state that "there is no employee of the corporation named in the corporate deposition notice available who would be present to testify with regard to the matters made the basis of this lawsuit, or in fact any witness from that corporation as it is no longer in existence." *Id.*

### Response to Motion for Protection

5.	It is generally recognized that, absent special circumstances, a plaintiff must make himself available for deposition in the place where he has chosen to bring suit. *See generally e.g. Slade v. Transatlantic Financing Corp.*, 21 F.R.D. 146, 146-147 (S.D.N.Y. 1957); *De Dalmady v. Price Waterhouse & Co.*, 62 F.R.D. 157 (D. Puerto Rico 1973); *Hart v. Simons*, 29 F.R.D. 323 (E.D. Pa. 1961).

6.	In the present case, it is in the interest of justice for the depositions to be taken in Houston, Texas. This is not unreasonable in light of the fact that Plaintiffs chose the Southern District of Texas as their forum. Plaintiffs have not, and certainly cannot, assert that Texas is an unreasonable forum for taking depositions given that they have brought their lawsuit here. They should not be afforded the same protections that are generally available to a corporate *defendant*, who has not chosen the forum for suit. *See generally e.g. Slade v. Transatlantic Financing Corp.*, 21 F.R.D. 146, 146-147 (S.D.N.Y. 1957); *De Dalmady v. Price Waterhouse & Co.*, 62 F.R.D. 157 (D. Puerto Rico 1973); *Hart v. Simons*, 29 F.R.D. 323 (E.D. Pa. 1961).

7.	Plaintiffs cannot use the location of their witnesses and the purported non-existence of the entity with which C.H. Robinson contracted as a means of insulating

themselves from participation in discovery. Defendant issued a Rule 30(b)(6) notice of deposition for a corporate representative with knowledge of facts that might support Plaintiffs' only conceivably remaining claims. Plaintiffs responded by claiming that "there are no employees and/or witnesses of that corporation still under the legal control of Plaintiffs." *Plaintiff's Motion for Protection* at ¶ 8. In essence, Plaintiffs claim they cannot produce a corporate representative of the company with whom C.H. Robinson contracted because that company is no longer in existence; yet, Plaintiffs are apparently pursuing, as successors in interest to the company, a claim for breach of that same contract.

8. It is not uncommon for corporate plaintiffs to no longer employ persons with knowledge of events underlying litigation; however, this does not excuse their participation in discovery. Even if Plaintiffs must rely on former employees as corporate representatives, they must present a representative to assert contentions on their behalf. *U.S. v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996).

9. Plaintiffs must at least present the witnesses they will rely on to prove their case. If Plaintiffs cannot do so, their claims should be stricken, as hereinafter requested.

### Motion to Amend Scheduling Order

10. In light of Plaintiffs' Motion for Protection, Defendant C.H. Robinson asks the Court to extend the November 15, 2004 discovery deadline in order that the necessary depositions can be taken. As the scheduling of these depositions is likely to be difficult and travel arrangements for the witnesses will be required, C.H. Robinson asks that the Court extend the deadline for discovery for at least 60 days. Extending the

discovery deadline to January 15, 2005 would, unfortunately, affect the remaining deadlines in this matter, which are as follows:

**December 15, 2004**  Dispositive motions must be filed by this date

**February 18, 2005**  Joint pretrial order due

**March 3, 2005**  Docket call and final pretrial conference

C.H. Robinson asks the Court to extend the remaining deadlines for an equal period of time, in order to allow C.H. Robinson sufficient time, after completing discovery, to file a motion for summary judgment, and, in the event that motion is not granted, to prepare for trial.

### Motion to Strike Claims

12. In the alternative, Defendant requests that the Court strike all claims of the Plaintiffs relating to those matters enumerated in the corporate representative deposition notice, attached as Exhibit A and incorporated herein by reference. This includes any testimony regarding the relationship between Defendant C.H. Robinson and ABB Power Generation, Ltd., the entity that entered into the February 19, 1999 contract with C.H. Robinson and that is the predecessor in interest to Plaintiff ABB Alstom Power (Switzerland) Ltd.; any testimony regarding any purported breaches of the February 19, 1999 contract alleged to have occurred after July 16, 1999; any testimony concerning the factual bases for the contention that C.H. Robinson was an agent of ABB Power Generation Ltd.; and any testimony in support of the contention that ABB Kraftwerke Aktiengesellschaft and ABB Alstom Power (Switzerland) Ltd.'s liability in the underlying lawsuit was purely vicarious in nature.

13. Plaintiffs contend that neither they nor this Court have the ability to compel the requested witnesses' appearance at a deposition in Texas, *Plaintiffs' Motion* at ¶ 6, because Schneider and Lepori are no longer employees of "ABB or the successor corporation which is bringing the lawsuit" and because the predecessor corporation with whom C.H. Robinson contracted "has been divested from the ABB entities bringing this lawsuit." *Id.* at 5, 9.

14. If the witnesses cannot be compelled to appear for depositions in Texas, they cannot be compelled to appear for trial of this cause. If Plaintiffs cannot obtain their voluntary appearance for deposition in Plaintiffs' chosen forum, then Plaintiffs should not be permitted to present them as witnesses at trial. Since the corporate representative deposition notice seeks testimony from an individual with knowledge of the facts that support the only conceivably remaining claims in Plaintiffs' suit, and since Plaintiffs claim they are unable to produce such an individual in this venue, Plaintiffs' remaining claims should be stricken in their entirety. Both the interests of justice and the Federal Rules of Civil Procedure justify this sanction. Under Federal Rule of Civil Procedure 37(d), where a representative properly noticed under Rule 30(b)(6) fails to appear for deposition, the Court may order that no evidence to support certain claims be admitted or that certain parts of pleadings be stricken. FED. R. CIV. P. 37(b)(2)(B),(C), 37(d). The sanction should be the same in situations where a plaintiff is unable to produce a witness to support its claims as it is for a plaintiff who is unwilling to produce a witness to support its claims.

15. If Plaintiffs intend to present the deponents (or any other foreign witnesses) at trial, they must first be presented for deposition. If Plaintiffs, as is

suggested in their Motion for Protection, have no representative who can testify as to the matters identified in the Rule 30(b)(6) deposition notice, or have no witnesses to present at trial, then any remaining claims are unsubstantiated and should be stricken as such.

### Conclusion

16. Wherefore, premises considered, C.H. Robinson asks the Court to deny Plaintiffs' Motion for Protection, order the Plaintiffs' corporate representative to appear for deposition at the place designated in the notice of deposition, and extend the remaining deadlines in the scheduling order by at least 60 days. In the alternative, C.H. Robinson asks the Court to strike any and all of Plaintiffs' claims that rely on the information sought in the corporate representative deposition notice, attached hereto as Exhibit A, and grant C.H. Robinson such other and further relief to which it is justly entitled.

Respectfully submitted,

MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.

By: *Steven J. Watkins*
Steven J. Watkins
ATTORNEY-IN-CHARGE
State Bar No. 20927700
So. Dist. Bar No. 146
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

ATTORNEYS FOR DEFENDANT
C.H. ROBINSON COMPANY

OF COUNSEL:

Karan C. Ciotti
State Bar No. 05226300
So. Dist. Bar No. 16874
MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

ATTORNEYS FOR DEFENDANT
C.H. ROBINSON COMPANY


### CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing Defendant C.H. Robinson's Response to Plaintiffs' Motion for Protection; and C.H. Robinson's Motion to Amend Scheduling Order, and In the Alternative, Motion to Strike Claims has been served via facsimile and via certified mail, return receipt requested, on this the 8th day of November, 2004, to the following:

Justin L. Williams
The Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas 78473

*/s/ Steven J. Watkins*
Steven J. Watkins