IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

NOV 1 6 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| **ABB KRAFTWERKE AKTIENGESELLSCHAFT, ET AL.** Plaintiffs | § § § § | |
| v. | § § | C.A. No. B-03-192 |
| **C. H. ROBINSON COMPANY** Defendant. | § § § § | |

### ORDER

BE IT REMEMBERED that on November 16, 2004, the Court **GRANTED IN PART and DENIED IN PART** Plaintiffs' Motion for Protection [Dkt. No. 46]; and **GRANTED** Defendant's Motion to Amend Scheduling Order [Dkt. Nos. 49 & 50].

### I. Procedural Background and Parties' Arguments

On October 25, 2004, the Court ordered Defendant to respond to Plaintiffs' Motion for Protection no later than November 1, 2004. For an unstated reason Defendant responded late on November 9, 2004. Although this response was untimely, the Court nevertheless considers it in an effort to justly decide this discovery dispute. In the future, the Court will not tolerate such lack of diligence. The parties, and Defendant specifically, are admonished to follow Court orders explicitly or the Court will impose sanctions.

Defendant filed three amended deposition notices with Plaintiffs ABB Kraftwerke Aktiengesellschaft and ABB Alstom Power (Switzerland) Ltd. pursuant to Federal Rule of Civil Procedure 30. *See* Pls' Motion for Protection, Ex. A. In these notices, Defendant does not specify under which subsection of Rule 30 it intended to notice Plaintiffs. One notice requests Plaintiffs to designate a person(s) to testify who has knowledge of:

    a. The relationship between C.H. Robinson and ABB Power Generation, Ltd.

    b. Any purported breaches of contract alleged to have occurred on or after July 16, 1999.

      c. Factual bases, if any exist, to support the contention that C.H. Robinson was an agent of ABB.

Because Defendant requested that ABB designate someone with particular knowledge, this notice for deposition falls under Rule 30(b)(6). Defendant also filed two additional amended notices of deposition in which it noticed for deposition individuals Sandro Lepori and Roland Schneider.

      Plaintiffs argue in their Motion for Protection that both Lepori and Schneider are former employees of the ABB entities, and they are no longer employees of the successor ABB corporations bringing this suit. As a result, ABB does not have the "legal control necessary to either compel the witnesses' attendance at a deposition in Houston, Texas, or for the court to order a production of these witnesses in Texas." Pls' Motion, at p. 2. Moreover, Plaintiffs state "[o]ccassionally, one of the desired witnesses travels to Richmond, Virginia. If the witnesses are not scheduled to travel to the United States within the reasonable future, Plaintiffs are attempting to arrange for a deposition in Switzerland without Defendant having to undertake the process of subpoenaing the witnesses under the Hague Treaty." *Id.*

      Defendant's response is not entirely responsive—it does not address whether the individuals named have been properly noticed, whether a subpoena is necessary under Federal Rule of Civil Procedure 45 because they are no longer employees of previous or current ABB corporations, or whether it must comply with the Hague Convention's subpoena requirements because the individuals reside and work in Switzerland. In its response, Defendant does argue that generally a Plaintiff must make himself available for deposition in the place where he has chosen to bring suit. *See* Def's Response, at pp. 3-4. Additionally, Defendant argues corporate plaintiffs who no longer employ certain persons with knowledge of events underlying the litigation, or the corporation's non-existence as a predecessor in interest, cannot mean the plaintiff is excused from producing individuals representing the corporation when noticed with a deposition pursuant to Rule 30(b)(6). *See id.*

      Case law citation by both parties is sparse or non-existent, and neither party presents case law, fleshed out and supported arguments, or analysis concerning the

2

location of the depositions should the Court deny Plaintiffs' Motion for Protection.

## II. Legal Analysis

Federal Rule of Civil Procedure 30(b)(6) states:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation . . . and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

The Federal Rules of Civil Procedure distinguish between managing agents, directors, or officers of a corporation, who may be compelled to attend a deposition based on notice only under Rule 30(b)(6), and employees who are not managing agents, directors, or officers of the corporation and who must be served with a subpoena in order to compel their appearance. *See Rapoca Energy Co., L.P. v. AMCI Export Corporation*, 199 F.R.D. 191, 193 (W.D. Va. 2001) (citing *Burns Bros. v. The B & O No. 177*, 21 F.D.R. 142 (E.D.N.Y. 1957)). "A party seeking to take the deposition of a corporation has two choices. The first choice is to notice the deposition of the corporation by a particular officer, director, or managing agent pursuant to Rule 30(b)(1). . . . At such a deposition, the testimony is of the corporation . . . . The second choice is to notice the deposition of the corporation [under Rule 30(b)(6)] without specifically naming the person to be deposed but listing in the notice a description . . . of the matters on which examination is requested. . . ." *See Stone v. Morton Int'l, Inc.*, 170 F.D.R. 498, 501 (D. Utah 1997). In the latter choice, the corporation designates one or more officers, directors, or managing agents to testify on its behalf. *See* Fed. R. Civ. P. 30(b)(6). Thus, a party seeking the depositions of a specific officer, managing agent, or director may notice that person under Rule 30(b)(1). But, a corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice. *See, e.g., Dubai Islamic Bank v. Citibank, N.A.*, 2002

WL 1159699, at *3 (May 31, 2002 S.D.N.Y.); *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994); *GTE Products Corp. v. Gee*, 115 F.R.D. 67, 68-69 (D. Mass. 1987); *Sugarhill Records, Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 169 (S.D.N.Y. 1985). When noticing a former employee for deposition Federal Rule of Civil Procedure 45 should be used because it is the normal rule invoked to compel a non-party witness to appear for deposition. Rule 45(b)(2) provides for service of a subpoena and provides a 100 mile limitation concerning the place of appearance subject to subsection (c)(3)(A)(ii). Subsection (c)(3)(A)(ii) provides that the court may upon motion quash or modify a subpoena that requires "a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where the person resides, is employed, or regularly transacts business in person." Rule 45, however, allows a person who is a corporate officer or a party to be subpoenaed beyond the 100 mile limitation. If a non-party witness is located in a foreign country, the procedures of the Hague Convention or another treaty may be applicable. *See United States v. Afram Lines, (USA), Ltd.*, 159 F.D.R. 408, 413 (S.D.N.Y. 1994).

### A. Deposition Notice for Corporation under Rule 30(b)(6)

Under Rule 30(b)(6), a corporation noticed for deposition has a duty to designate and *prepare* witnesses. *See Poseidon Oil Pipeline Co., L.L.C. v. Transocean Sedco Forex, Inc.*, 2002 WL 1919797, at *3-4 (E.D. La. Aug. 20, 2002). The testimony provided under Rule 30(b)(6) represents the knowledge of the corporation and not the individual. *See Resolution Trust Corp. v. Southern Union Co., Inc.*, 985 F.2d 196, 197 ("When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through that agent."). Even if the person designated by the corporation lacks personal knowledge of the matters set out in the deposition notice, the corporation must prepare the designee to give knowledgeable and binding answers on the corporation's behalf. *See United States v. Taylor*, 166 F.D.R. 356, 361 (M.D.N.C. 1996) (citing *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D.Neb. 1995) (other citations omitted)). Thus, the noticed corporation must prepare "a witness to 'testify as to matters known or reasonably available to the organization.'" *Poseidon*, 2002 WL 1919797, at *4 (quoting *S.E.C. v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y. 1992).

Courts have "'rejected the] contention 'that Rule 30(b)(6) is only intended to apply to actions in which a governmental agency or someone in its employ has participated in the transactions or events in controversy or has actual knowlege of facts or information relevant to the action.'" *Morelli*, 143 F.R.D. at 45 (quoted in *Poseidon*, 2002 WL 1919797, at *4). This preparation is required because

> [a]n individual's personal memory is no more extensive than his or her life. However, a corporation has a life beyond that of mortals. Moreover, it can discharge its 'memory,' i.e. employees, and they can voluntarily separate themselves from the corporation. Consequently, it is not uncommon to have a situation . . . where a corporation indicates that it no longer employs individuals who have memory of a distant event or that such individuals are deceased. *Dravo Corp.*, 164 F.R.D. at 75; *United States v. Massachusetts Indus. Finance Agency*, 162 F.R.D. 410, 412 (D. Mass. 1995). These problems do not relieve a corporation from preparing its Rule 30(b)(6) designee to the extent matters are reasonably available, whether from documents, past employees, or other sources. *Ierardi v. Lorillard, Inc.*, 1991 WL 158911 (E.D. Pa. Aug. 13, 1991). Of course, just like in the instance of an individual deponent, the corporation may plead lack of memory. However, if it wishes to assert a position based on testimony from third parties, or other documents, the designee still must present an opinion as to why the corporation believes the facts should be so construed.

*Taylor*, 166 F.R.D. at 362. Preparation by reviewing prior fact witness deposition testimony and documents and exhibits is for the purpose of preventing "'sandbagging' of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial." *Id.* In this respect, preparation for a Rule 30(b)(6) deposition is burdensome, but necessary to avoid defeating the purpose of the discovery process. *Id; see also Resolution Trust Corp. v. Southern Union Co, Inc.*, 985 F.2d 196, 198 (5th Cir. 1993) (meaningful attempt to "acquit its duty to designate an appropriate witness" is required under Rule 30(b)(6)).

In this case, Plaintiffs cannot simply state "there is no employee of the corporation named in the corporate deposition notice available who would be present to testify with regard to the matters made the basis of the lawsuit, or, *in fact any witness from that corporation as it is no longer in existence*." Pls' Motion for Protection, at p. 3. Plaintiffs have stated they are the successor-in-interest to earlier ABB entities, namely ABB Power Generation, Ltd. Plaintiffs have brought this action concerning alleged

breaches of contract that resulted from the contractual relationship of Defendant and an earlier ABB entity. It is ABB's duty to designate a witness "who can answer questions regarding the subject matter listed in the notice," and which are "'known or reasonably available' *to the corporation.*" *Poseideon*, 2002 WL 1919797, at *3 (quoting *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995) (emphasis added), *aff'd*, 213 F.3d 646, 647 (11th Cir. 2000)).

The Court does not find persuasive Plaintiffs' basis for seeking protection from deposing an officer, director, or managing agent of its choosing, which would absolve it of a duty to present its knowledge and position as to a set of alleged facts and inquiries listed in Defendant's notice of deposition. *See, e.g., Federal Deposit Ins. Corp. v. Butcher*, 116 F.R.D. 196, 201 (E.D. Tenn. 1986) (requiring FDIC to produce a deponent who was adequately prepared for deposition, even when FDIC had not participated in the underlying loan at issue in the litigation); *Ierardi v. Lorillard, Inc.*, 1991 WL 158911 (E.D. Pa. Aug. 20, 1991) (requiring corporation to prepare Rule 30(b)(6) designee for deposition despite the fact that no corporate employee had personal knowledge of relevant events). If Plaintiffs take the position, even in light of case law requiring preparation, that no employee has personal knowledge of the events of the underlying litigation, Defendant at the least is entitled to question and cross-examine them on their reasoning and alleged lack of knowledge regarding the matters made the basis of the this lawsuit. At this point, Plaintiffs have not shown they have *no* witness capable of answering Defendant's questions. For these reasons, Plaintiffs' Motion for Protection from the deposing of a designee of Plaintiff's choosing is **DENIED**.

### B. Deposition Notice for Individuals under Rule 30(b)(1) or (b)(6)

Plaintiffs in their Motion for Protection assert that both Lepori and Schneider are former employees of ABB entities and they are not currently employed by the ABB entities that maintain this action as successors-in-interest. Defendant does not dispute this or otherwise argue it believes these individuals are current employees of ABB. If these individuals are former employees of ABB, and not current managing agents, officers, or directors of ABB, Defendant's mere notice of the deposition is not sufficient under Rule 30(b)(1). By merely noticing the individuals for deposition, Defendant

cannot compel the deposition, Plaintiffs are not responsible for producing the former employees, and Plaintiffs are not subject to sanctions if/when these individuals fail to appear. *See, e.g.,* 8A Charles Allen Wright, Author A. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2103, at 39-41 (2d ed. 1994).

The Court notes that some courts have adopted a flexible approach for determining whether a corporation can be required to produce a former officer or agent for deposition. *See, e.g., Afram Lines,* 159 F.R.D. at 414 (adopting flexible approach but finding no managing agent status on the facts presented); *see also Smith v. Shoe Show of Rocky Mount, Inc.,* 2001 WL 1757184, at *2 (Aug. 26, 2001 D. Mass.). In most cases, however, Courts have determined managing agent status exists for individuals who formerly held a position if they still retain some role in the corporation or at least maintain certain interests in common with the corporation. *See, e.g., Founding Church of Scientology of Washington, D.C., Inc. v. Webster,* 802 F.2d 1448, 1452 (D.C. Cir. 1986); *Smith,* 2001 WL 1757184, at *2; *Independent Prods. Corp. v. Loew's, Inc.,* 24 F.R.D. 19, 26 (S.D.N.Y. 1959); *Alcan Int'l Ltd. v. S.A. Day Mfg. Co.,* 176 F.R.D. 75, 79 (W.D.N.Y. 1996) (requiring deposition of retired officer with specialized knowledge of subject matter of the litigation). In the present case, however, Defendant has not responded to Plaintiffs' assertion that the specific individuals noticed are no longer employed by any ABB entity and thus are beyond their legal control. As the examining party, it is Defendant's burden, however slight or modest, to establish the status of the witness in response to Plaintiffs' Motion for Protection, and to explain why these individuals should be considered directors, officers, or managing agents under the control of Plaintiffs despite the fact that they are no longer employed by an ABB entity. In light of the facts presented to this Court, Lepori and Schneider appear to be former employees who should be deposed as any other non-party witness under Rule 45 and potentially the Hague Convention because they reside in Switzerland. *See e.g., JSC Foreign Economic Association Technostroyexport v. International Development and Trade Servs., Inc.,* 220 F.R.D. 235, 238 (S.D.N.Y. 2004) (citing *Dubai,* 2002 WL 1159699, at *2).

Because Lepori and Schneider have not been properly noticed, the Court

**GRANTS** Plaintiffs' Motion for Protection regarding these deposition notices.

### C. Location of Deposition of Corporation Under Rule 30(b)(6)

There is a general presumption that depositions of a corporation pursuant to Rule 30(b)(6) should be taken at the corporation's principal place of business. *See Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979). This presumption, however, is generally triggered when other factors "do not favor one side over the other." *See Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 155 (S.D.N.Y. 1997) (citations omitted). The Court has considerable discretion to determine the location of the deposition. *See In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987). "When a foreign corporation is doing business in the United States, is subject to the court's jurisdiction, and has freely taken advantage of our federal rules of discovery, exceptions to the general rule on the location of depositions are often made," and "agents are frequently compelled for deposition on American soil." *Custom Form Manufacturing, Inc. v. Omron Corp.*, 196 F.R.D. 333, 336 (N.D. Ind. 2000). *See also, e.g., In re Honda Am. Motor Co., Inc. Dealership Relations Litigation*, 168 F.R.D. 535, 541-42 (D. Md. 1996) (requiring agents of a Japanese corporation defendant to be deposed in Maryland); *M & C Corp. v. Erwin Behr GmbH & Co.*, 165 F.R.D. 65, 68 (E.D. Mich. 1996) (requiring a German corporate defendant's agents to appear for depositions in Detroit); *R.F. Barron Corp. v. Nuclear Fields (Australia) Pty., Ltd.*, 1992 WL 212602, at *2 (N.D. Ill. 1992) (requiring depositions of Dutch and Australian defendants in Chicago); *Roberts v. Heim*, 130 F.R.D. 430, 439-40 (N.D. Cal. 1990) (compelling the appearance of a Swiss defendant for deposition in San Francisco). If a corporation is subject to in personam jurisdiction of this Court, it can be ordered under Rule 30(b)(6) to produce its officers, directors, or managing agents in the United States to give deposition testimony. *See Custom Form Manufacturing*, 196 F.D.R. at 336 (citing *Work v. Bier*, 106 F.R.D. 45, 52 (D.D.C. 1985)).

Factors to consider in determining whether the presumption mentioned above has been overcome include: location of counsel for the parties, the number of corporate representatives a party seeks to depose, the likelihood of significant discovery disputes requiring resolution in the forum district, whether the persons sought for deposition

often travel for business purposes, and equities regarding the nature of the claim and the parties' relationship. See *Rapoca Energy Co., L.P.*, 199 F.D.R. at 193 (citing *Armsey v. Medshares Management Servs., Inc.*, 184 F.D.R. 569, 571-72 (W.D. Va. 1998)). The Court, however, considers the individual facts of the case and the equities involved.

At the outset the Court notes this is not a situation where Plaintiffs had no choice but to file this lawsuit in the Southern District of Texas. Not only could Plaintiffs likely bring this lawsuit in Switzerland, Plaintiffs argued in an earlier motion that Swiss law should be applied to this case. In presenting the Court with legal arguments concerning the application of Swiss law, they did not suggest that anything prevented them from filing suit in Switzerland. Rather, it was their choice of forum that led them to this Court in the Southern District of Texas. Additionally, although Plaintiffs (or their predecessor ABB corporation) may or may not regularly conduct business in the United States, Plaintiffs or their representatives traveled to the United States to oversee the lifting and transporting of the generator at the bottom of this contractual dispute. Alone this factor is not dispositive, but in weighing the equities the Court takes this factor into consideration.

Counsel for Plaintiffs is located in Corpus Christi, Texas, and Defendant's counsel is located in Houston, Texas. Plaintiffs have made no financial arguments indicating they are less able to bring a corporate representative to the United States than Defendant is equipped to transport its counsel from the United States to Switzerland. Additionally, Plaintiffs have not argued burden or hardship in being deposed in the United States per se. "[I]n view of the fact that plaintiff[s] chose to file [their] lawsuit here rather than in [Switzerland], it is hardly unreasonable to expect that [they] make [themselves] available in the district where [they are] litigating" their case. *Dubai*, 2002 WL 1159699, at * 12.

The remaining factors including the number of corporate representatives a party seeks to depose and the probability of further discovery disputes weighs neutrally in the Court's analysis. Plaintiffs will likely have only one or a few representatives *prepared* to give deposition testimony, and Defendant has not properly noticed any individuals

under Rule 30(b)(1) that Plaintiffs would be required to produce. This Court can only speculate that further discovery disputes are possible, but not necessarily probable, based on the present dispute alone. The parties have provided little or no information that elucidate any of the factors considered by the Court in determining an appropriate location for the deposition.

The location of the deposition lies within the discretion of the Court, Plaintiffs have availed themselves of this Court's jurisdiction and the discovery rules in the United States, and Plaintiffs have not demonstrated in their Motion for Protection that being deposed in Houston, Texas is unjust or overly burdensome for the corporation. The Court therefore determines the deposition under Rule 30(b)(6), in which Plaintiffs are to designate a deponent, will proceed in Houston, Texas, at a time determined by the parties.

### III. Motion to Amend Scheduling Order

Defendant requests the Court to extend the discovery and trial deadlines in this case by at least 60 days to enable Defendant to take the depositions. Because the Court has granted in part and denied in part Plaintiffs' Motion for Protection, and thus depositions remain to be taken, the Court **GRANTS** the Motion to Amend the Scheduling order and will enter an amended scheduling order.

### IV. Conclusion

The Court **GRANTS IN PART and DENIES IN PART** Plaintiffs' Motion for Protection [Dkt. No. 46]; and **GRANTS** Defendant's Motion to Amend Scheduling Order [Dkt. Nos. 49 & 50].

DONE this 16th day of November, 2004, at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge