United States District Court
Southern District of Texas
FILED

NOV 16 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ABB KRAFTWERKE § <br> AKTIENGESELLSCHAFT, and § <br> ABB ALSTOM POWER (SWITZERLAND) § <br> LTD., formerly known as ABB POWER § <br> GENERATION, LTD.     Plaintiffs § <br> § <br> VS. § <br> § <br> C. H. ROBINSON COMPANY § <br>     Defendant § | Civil Action No. B:03-CV-192 |

### PLAINTIFFS' RESPONSE TO DEFENDANT C. H. ROBINSON COMPANY'S MOTION TO AMEND THE SCHEDULING ORDER AND MOTION TO STRIKE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Plaintiffs ABB Kraftwerke Aktiengesellschaft, and ABB Alston Power (Switzerland) Ltd., formerly known as ABB Power Generation, Ltd. (hereinafter referred to as "Plaintiffs" or "ABB"), and files this their Response to Defendant C. H. Robinson Company's (hereinafter referred to as "Defendant" or "Robinson") Motion To Amend the Scheduling Order, and would show unto this honorable court as follows:

1. The Plaintiffs do not oppose Defendant's Motion to Amend the Scheduling Order, except to ask that the discovery deadline be extended until January 30, 2005 as opposed to the January 15, 2005 date asked for in Plaintiffs' Motion for the reasons that are contained within this response.

2. Unfortunately, in today's world of corporate mergers and dissolutions it is often the case that parties who may be involved in bringing a lawsuit may no longer be in existence

as the case proceeds. Such as is the case in this claim.

3. At the time of the underlying lawsuit, ABB Alstom Power existed in various corporate entities in both Europe and in the United States. At this time, ABB and Alstom no longer are associated with each other and do not have legal control over each other's employees.

4. ABB is the successor corporate entity which is bringing the lawsuit against C. H. Robinson on behalf of the underlying corporations. Alstom, a totally separate legal entity, which now has different shareholders, is the entity which employs the personnel involved in the transactions with C. H. Robinson.

5. ABB and Alstom do not have control of each others employees. ABB concedes for purpose of this response that given enough time they can "arrange" for the testimony of the Alstom employees involved in this transaction, specifically Sandro Lepori and Roland Schneider. ABB contends however, that the ability to contact and make arrangements with witnesses does not constitute the type of legal control asserted in Defendant's response.

6. The Federal Rules of Civil Procedure recognizes the need for more than just a notice for depositions of witnesses employed by a non-party. Rule 30(b)(6) indicates that both a notice and a subpoena may be required. The Federal Rules of Civil Procedure also have provisions for the issuance of subpoenas for the citizens of foreign countries, which have not been compiled with in this instance. It is unquestioned the witnesses live and work more than one-hundred (100) miles from this court, and that in fact, no subpoenas have been served on the witnesses.

7. Plaintiffs informed Defendant that they have been in contact with the witness with the most knowledge of the circumstances surrounding this case, Sandro Lepori, and Mr. Lepori will know sometime in the first or second week of December whether or not he is going to be traveling to the United States during December or January. Plaintiffs have informed Defendant that if Mr. Lepori is traveling to the United States that they will arrange to produce the witness at that time, most likely in Richmond, Virginia. The Plaintiffs have no control over the witness and no ability to compel Mr. Lepori's attendance at a deposition in Houston, Texas on a particular date. Plaintiffs suggestion that the ability to obtain the testimony through either traveling to Switerland during the discovery period to depose Mr. Lepori or having Mr. Lepori agree to voluntarily come to trial is not sufficient control to require Plaintiffs to produce the witness at a location and time given by the Defendant. Plaintiffs are attempting to balance their legal rights in trying to prosecute their lawsuit with the least amount of expense and inconvenience to Defendant's possible and in accordance with the interest of justice.

8. Plaintiffs are not attempting to extort money from Defendant by simply making the litigation so expensive that settlement would occur. Plaintiffs's counsel has informed Defendant's counsel that he is attempting to arrange a deposition of Mr. Lepori in the United States. Accordingly, Plaintiffs are requesting that the discovery deadline be extended until January 30, 2005. If it turns out that Mr. Lepori is traveling to the United States on January 15th and would be available for deposition on either the 16th or 17th th parties would not have to come back to the court and ask for an additional fifteen (15) days for this discovery.

9. Plaintiffs would point out to the court that the choice of forum does not control the rules regarding non-party witnesses. Plaintiffs are a Swiss Corporation. They did not chose the original location of the lawsuit in the State of Texas, Defendant availed themselves of doing business with the Swiss Corporation by traveling to Switzerland to negotiate and sign a contract with the Swiss Corporation. The contingency under which both parties are now operating are normal problems of international business. The argument regarding the choice of forums is not compelling under the circumstances of this case, if Defendant can travel to Switzerland to negotiate and enter into a contract with Plaintiffs, they certainly can travel to depose non-party witnesses.

10. Plaintiffs have informed Defendant that as a result of the mergers and dissolutions, there are no witnesses either in Switzerland or in the United States currently employed by any ABB entity with any knowledge surrounding the events made the basis of this lawsuit. Any witness presented by the Plaintiffs would not have personal knowledge of any event in Defendant's notice and would not be testifying from records which are kept in the regular course of ABB's business. The witnesses and the documents are now in the employment and the property of Alstom. These depositions would truly be a waste of time and expense.

11. Defendant is correct in one assertion. The witnesses with knowledge cannot be compelled by the court under the Federal Rules of Civil Procedure to appear in court in the Southern District of Texas. However, inability to compel testimony does not indicate that a party may not be able to procure a witness' testimony voluntarily. The problem with

Defendant's assertion is that a lack of control over witnesses with the knowledge necessary to establish Plaintiffs' complaint would necessarily mean that Plaintiffs would then lack the ability to go forward in a lawsuit simply because they could not compel the testimony of the witnesses with relevant knowledge at a time and place given by the Defendant. The court is then presented with two questions: First, should Plaintiffs be allowed to attempt to voluntarily procure the testimony of the witnesses or at least the witness with the most knowledge requested by Defendant in the United States at a time convenient to that witness without the necessity of subpoenaing the witness under the Haegue Convention? Second, if the witness ends up not coming to the United States but will voluntarily present himself for testimony in Switzerland what are the court's orders with regard to proceeding? Normally, a non-party witness who makes himself available for testimony would appear and the other side would be required to obtain their testimony at the time and place noticed by the party attempting to obtain that testimony. If ABB cannot compel the attendance of Mr. Lepori or Schneider in the United States but can produce these witnesses voluntarily for deposition in Switzerland and notices the depositions, the court is going to be in a position of having to decide whether as Defendant states this precludes Plaintiffs' claims and they should be stricken or whether the Federal Rules of Civil Procedure would require the attendance of Defendant if they wish to question the witnesses at these depositions at the time and place noticed.

12.     Plaintiffs have indicated to the Defendant that their intent is to attempt to accommodate Defendant and at least obtain the deposition of Sandro Lepori, who has the

most knowledge with regard to the events involving this lawsuit, in the United States which would impose the least inconvenience and expense upon Defendant. However, Plaintiffs cannot tell the court or Defendant that they will be able with certainty to produce Mr. Lepori in the United States or a date and time for that deposition until sometime during the first or second week of December and accordingly ask the court for enough time to ensure that the depositions, if possible can go forward with the least amount of expense and inconvenience to any party.

13. This potential situation was addressed with the court when Plaintiffs and Defendant, first discussed trial settings with the court. The reason this situation has arisen is not the fault of the court or the parties. Plaintiffs and Defendant have been engaged in Motions involving legal matters that are highly contested and involve a lot of the underlying issues which would be tried before this court. There were numerous Motions, Replies and Re-Joinders, the court gave proper consideration to the various Motions and only recently ruled on the Motions presented by the parties.

14. Plaintiffs' counsel in July proposed to Defendant's counsel that a Joint Motion for Continuance should be presented to the court so that the very problem of attempting to conduct discovery in a shortened time frame could be avoided.

15. Defendant was unwilling to continue the case at that time, hoping that discovery could be conducted within the time frame given by the court. After the court's orders, when Defendant first attempted to obtain deposition testimony, Defendant was informed that they had not answered any discovery served upon them by the Plaintiffs. Defendant requested an

extension to answer that discovery and that extension was granted. Defendant has now answered the discovery and served written discovery upon Plaintiffs. Under the circumstances of this case the parties have not failed to act in accordance with their client's best interest and neither party, Plaintiffs or Defendant should be punished by the situation which is currently before the court.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant's Motion to Extend Discovery Deadline be granted and that the court extend the discovery deadline to January 30, 2005, moving the accompanied deadlines as presented in Defendant's Motion and/or the court grant a continuance of the current trial setting, enter another order controlling discovery and all motions in this case and that Defendant's Motion to Strike any part of Plaintiffs' pleadings be denied for the reasons contained within this response, and for such other and further relief as to which this honorable court deems just and necessary.

Respectfully submitted,

The Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas 78473
Telephone:  (361) 888-7702
Facsimile:  (361) 888-7717

By: _____
Justin L. Williams
State Bar Number 00795384

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was forwarded on this the 15th day of November, 2004, to all counsel of record, as listed below and in the manner designated:

**FACSIMILE AND CERTIFIED MAIL, RRR:**
Mr. Steven J. Watkins
Ms. Karan C. Ciotti
McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010

_____
Justin L. Williams