United States District Court
Southern District of Texas
FILED

FEB 0 4 2005

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD. § § § § § § § | | |
| Plaintiffs § | | CIVIL ACTION NO. B:03-CV-192 |
| § | | |
| vs. § | | |
| § | | |
| C.H. ROBINSON COMPANY § § § | | |
| Defendant § | | |

### DEFENDANT C.H. ROBINSON COMPANY'S
### MOTION FOR PROTECTIVE ORDER

Defendant C.H. Robinson Company ("C.H. Robinson") objects to Plaintiffs' notices of the depositions of Sandro Lepori ("Lepori") and Roland Schneider ("Schneider"), and moves the Court for a protective order, and in support thereof would show as follows:

A. Introduction

1. Plaintiffs have sued Defendant C.H. Robinson for breach of contract and common-law indemnity. The Court, in its order dated September 30, 2004, dismissed any claims for breaches of contract occurring outside the limitations period, i.e., before July 16, 1999. *Order entered September 30, 2004* at 14, 19. In the same order, the Court "most cautiously" denied C.H. Robinson's motion to dismiss, in order to allow Plaintiffs an opportunity to "provide evidence of the existence of vicarious liability based on an agency relationship giving rise to the right of common law indemnity, or otherwise demonstrate that indemnity would be appropriate as a matter of law." *Id.* at 14.

2.  C.H. Robinson previously noticed the depositions of Lepori, Schneider, and a corporate representative of C.H. Robinson. In response to these notices, Plaintiffs filed a Motion for Protective Order, stating therein that Lepori and Schneider were no longer employed by Plaintiffs and that Plaintiffs did not have the "legal control necessary" to present them for deposition as noticed in Houston, Texas. This Court granted Plaintiffs' Motion for Protective Order as it related to Lepori and Schneider.

3.  The Court denied Plaintiffs' Motion for Protective Order as it related to C.H. Robinson's notice of deposition of Plaintiffs' corporate representative. Despite Plaintiffs' argument that there was no one currently employed by Plaintiffs with relevant knowledge of the matters set forth in the Rule 30(b)(6) notice, the Court ordered that Plaintiffs produce a corporate representative. In so ordering, the Court cited several cases holding that a corporation must adequately prepare a corporate representative "to give knowledgeable and binding answers on the corporation's behalf." *Order entered November 16, 2004* at 4. This is true even where the designated corporate representative possesses no firsthand or personal knowledge regarding the matters made the basis of the lawsuit. *Id.* at 6.

4.  In its notice, C.H. Robinson requested a corporate representative with knowledge of:

> a) the relationship between C.H. Robinson and ABB Power Generation, Ltd.;
>
> b) factual bases, if any, to support the contention that C.H. Robinson was an agent of ABB Power Generation, Ltd.;
>
> c) any purported breaches of the February 19, 1999 contract that Plaintiffs contend occurred on or after July 16, 1999;
>
> d) factual bases, if any exist, to support the contention that Plaintiff ABB Alstom Power (Switzerland) Ltd.'s liability in the underlying lawsuits was purely vicarious in nature;

      e) the relationship between ABB Power Generation, Ltd. and each of the Plaintiffs; and

      f) the whereabouts and means of contacting:

           i) Sandro Lepori,
           ii) Alfred Koller,
           iii) Roland Schneider
           iv) Lucerio Moreli.

5. On December 15, 2004, Plaintiffs presented Mr. John Barry ("Barry") as their corporate representative. With regard to whether C.H. Robinson committed any breach of contract within the limitations period, Barry testified that he did not know of "anything that C.H. Robinson was supposed to do under th[e] contract that they didn't do or that they did improperly after July 16, 1999." **Ex. A,** 19:4-7. With regard to the issue of whether C.H. Robinson was ABB's agent, Barry testified that C.H. Robinson "had...total control and responsibility for the execution" of the contract. *Id.* 25:14-16. This testimony forecloses any assertion that C.H. Robinson was acting as ABB's agent, as the essential element in determining the existence of an agency relationship is the principal's right to control the agent. *Northwinds Abatement, Inc. v. Employers Ins. of Nausau,* 258 F.3d 345, 351 (5th Cir. 2001).

6. With regard to the means of contacting fact witnesses Sandro Lepori, Alfred Koller, and Roland Schneider and Lucerio Moreli, Mr. Barry testified that he understood that all four were in Baden, Switzerland, but that he had no knowledge of how to contact them. *Id.* at 29:15 – 30:6.

7. After deposing Plaintiffs' corporate representative, Defendant saw no value in locating Lepori, Koller, Schneider, or Moreli, or in traveling to Europe to obtain the depositions of Mr. Lepori and Mr. Schneider. Plaintiffs, however, were interested in obtaining their testimony, and said that they would work toward producing Sandro Lepori for deposition in the

United States. This was apparently not feasible, as Plaintiffs advised Defendant in January that they wanted to travel to Europe to obtain Lepori and Schneider's depositions, and that they would pay the travel expenses incurred by Defendant in attending those depositions. However, on Wednesday, February 2, Plaintiffs' counsel advised that there had been a miscommunication and that Plaintiffs would only pay for counsel's hotel room, and not for airfare or any other expenses associated with the trip. That same day, defense counsel advised Mr. Williams that Defendant was not amenable to this arrangement and asked that he notice the depositions so that the issue could be brought to the Court if the parties were unable to resolve the matter independently. Counsel have discussed the matter further and have been unable to reach an agreement.

### B. Argument and Authorities

8.     In ordering the deposition of a corporate representative of Plaintiffs, the Court cited to case law indicating that preparation for the corporate representative deposition should be thorough to the point of being burdensome. The reason for this, as cited by the Court, is to avoid the "sandbagging of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial." *Order dated November 16, 2004* at 5, *citing United States v. Taylor*, 166 F.D.R. 356, 362 (M.D.N.C. 1996). This requires preparation through any means reasonably available, including, if necessary, communication with former employees. Despite Plaintiffs' contention that they had no employees with relevant knowledge, the Court admonished that it was "[Plaintiffs'] duty to designate a witness 'who can answer questions regarding the subject matter listed in the notice' and which are 'known or reasonably available' to the corporation.'" *Order dated November 16, 2004* at 6, citing *Poseidon Oil Pipeline Co., L.L.C. v. Transocean Sedco Forex, Inc.*, 2002 WL 1919797, at *3 (E.D. La. 2002).

9. It now appears that Plaintiffs are attempting to engage in the very "sandbagging" that the Court warned them against. As part of Plaintiffs' support for their October 21, 2004 Motion for Protection to prevent the depositions of Lepori, Schneider, and a corporate representative, they represented to this Court that they had no control over employees of the former ABB entity that was involved in the underlying lawsuit, including Lepori and Schneider. And again, Plaintiffs' corporate representative stated that he had no knowledge of how to contact Lepori and Schneider, who no longer work for Plaintiffs. Plaintiffs' counsel later advised C.H. Robinson's counsel that Plaintiffs have an agreement with Lepori and Schneider's current employer to cooperate in this litigation, but that such cooperation had been frustrated because of litigation between Plaintiffs and the witnesses current employer.

10. In addition to being attempts to "undo" the unfavorable testimony of ABB's corporate representative, the depositions are unduly burdensome under Federal Rule of Civil Procedure 26. Under Rule 26(b)(2)(iii) the Court may limit otherwise permissible discovery based on a determination that the burden or expense thereof outweighs its likely benefit. FED. R. CIV. P. 26(b)(2)(iii). In calculating only the travel time and cost of airfare, the proposed depositions will cost C.H. Robinson more than $15,000.00. These expenses cannot be justified, particularly when weighed against the fact that Plaintiffs' claims against C.H. Robinson have been effectively foreclosed by the testimony of their own corporate representative.[1] *Isaac v. Shell Oil Co.*, 83 F.R.D. 428, 432 (D.C. Mich. 1979) (where plaintiff did not have reasonable

---

[1] With regard to the sustainability of Plaintiffs' claims, the Court stated in its September 30, 2004 order: "Frankly, the Court does not see how Plaintiffs will prove that any agency relationship exists based solely on the contract, or that Plaintiffs were sued in the underlying lawsuit under a theory of vicarious liability." *Order of September 20, 2004 at 20*. The Court also noted that it was dubious that Plaintiffs had even managed to plead a breach of contract claim occurring after July 1999. *Id. at 19*. It should also be noted that Plaintiffs have failed to amend their complaint since the entry of the Court's September 30 order.

grounds on which to base liability and where cost to defendant of proposed discovery was substantial, protective order was proper).

11.   Finally, C.H. Robinson notes it offered to participate in the depositions telephonically, if Plaintiffs' counsel agreed to do the same. Plaintiffs' counsel declined this offer. After researching the issues, Defendant has learned that the Federal Rules may prohibit the parties from taking these foreign depositions telephonically. Rule 30(b)(7), which addresses telephonic depositions, provides that for purposes of Rule 30(b)(7), a telephonic deposition is taken in the district and place where the deponent answers the questions. The Rule then cites Rule 28(a), which addresses depositions within the United States, but not Rule 28(b), which addresses foreign depositions. This "omission of Rule 28(b), which governs depositions in foreign countries, was likely intentional in recognition of the difficulties, in general, encountered in conducting foreign depositions." *See e.g., Jahr v. IU Int'l Corp.*, 109 F.R.D. 429, 432 n. 3 (M.D.N.C. 1986), *citing* 8 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2083 (1994). Consequently, a telephonic deposition is not a feasible means of resolving this dispute.

<u>C. Conclusion and Prayer for Relief</u>

Wherefore, premises considered, Defendant, C.H. Robinson Company, asks the Court to grant its Motion for Protective Order, and to order that the depositions of Sandro Lepori and Roland Schneider not be had.

Respectfully submitted,

MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.

By: *Karen C. Ciotti*
Steven J. Watkins
ATTORNEY-IN-CHARGE
State Bar No. 20927700

So. Dist. Bar No. 146
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

ATTORNEYS FOR DEFENDANT
C.H. ROBINSON COMPANY

OF COUNSEL:

Karan C. Ciotti
State Bar No. 05226300
So. Dist. Bar No. 16874
MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

ATTORNEYS FOR DEFENDANT
C.H. ROBINSON COMPANY

## CERTIFICATE OF CONFERENCE

I certify that a reasonable effort was made to resolve this dispute without the necessity of court intervention, and that effort was unsuccessful.

_____
Karan C. Ciotti

## CERTIFICATE OF SERVICE

      I hereby certify that a true and complete copy of the above and foregoing Defendant C.H. Robinson's Motion for Protective Order has been served via facsimile and via certified mail, return receipt requested, on this the 3rd day of February, 2005, to the following:

Justin L. Williams
The Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas 78473

                                                        */s/ Karan C. Ciotti*
                                                         Karan C. Ciotti