UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD.      Plaintiffs § § § § § § § | Civil Action No. B:03-CV-192 |
| VS. § § | |
| C. H. ROBINSON COMPANY § Defendant § | |

### PLAINTIFFS' RESPONSE TO DEFENDANT C. H. ROBINSON COMPANY'S MOTION TO QUASH

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Plaintiffs ABB Kraftwerke Aktiengesellschaft, and ABB Alston Power (Switzerland) Ltd., formerly known as ABB Power Generation, Ltd. (hereinafter referred to as "Plaintiffs" or "ABB"), and files this their Response to Defendant C. H. Robinson Company's (hereinafter referred to as "Defendant" or "Robinson") Motion To Quash, and would show unto this honorable court as follows:

#### A. Corporate Representative's Deposition

1.   Plaintiffs' corporate representative was provided with all of the documents possessed by Plaintiffs with regard to this case. The representative was provided with all deposition testimony from the underlying lawsuit, the pleadings and provided with what Plaintiffs contend in this lawsuit. Plaintiffs' counsel e-mailed and phoned the witnesses

being noticed numerous times during this period to attempt to have the corporate representative speak with them but was unsuccessful in these attempts. This fulfills all the requirements of the court's Order and case law.

2. Plaintiffs' counsel had the information regarding the telephone numbers for the witnesses, as well as their work address and thought that there had been an off-the-record discussion that these would be provided at the end of the deposition. The address and phone numbers of the Alstom witnesses is not the issue before the court.

3. Any complaint about the corporate representative deposition should have been made prior to this motion and is not the subject of a Motion to Quash different depositions.

### B. Scheduling of Depositions

4. It was originally hoped at least one (1) Alstom witness would travel to the United States in a timely manner to schedule his deposition. Because of corporate changes at Alstom that did not, and will not occur.

5. Plaintiffs have been attempting to arrange the depositions of the two (2) witnesses since December. Defendant's originally agreed with Plaintiffs on a date of February 17, 2005 in Europe for the depositions. Alstom and ABB became engaged in a dispute and by the time the General Counsel at Alstom granted permission for the depositions, the witnesses had filled their schedule for the week. Defendant proposed alternative dates and even proposed a Saturday or Sunday for the depositions. Sunday, February 13, 2005, was agreed to by the deponent, however, Defendant asked for the depositions to be moved to Monday,

February 14th. The deponents agreed to clear their schedule and after defense counsel informed Plaintiffs' counsel that date was fine, Plaintiffs' counsel purchased non-refundable tickets to travel to the depositions, made arrangements for a meeting room for the depositions to take place and made arrangements for a court reporter and translator.

6. Plaintiffs and Defendant have agreed to take the deposition of a former C. H. Robinson employee on February 22nd in Orlando, Florida and the corporate representative of Robinson on the 24th in Houston. The parties agreed to extend discovery pursuant to this court's rules until February 28, 2005.

7. The court's ruling on Defendant's 12(b)(6) motions are law based. These are filed at the outset of the case. Plaintiffs are able under the rules to conduct discovery to prove the elements of their case.

### C. Plaintiffs' Case

8. Defendant's unjustly claim that Plaintiffs are prohibited from proving their case so they should not have to conduct discovery. If the court were to go along with this unique theory, the court system could be done away with. Defendant could contend Plaintiffs could not prove their case, the court could prevent discovery and the assertion then becomes true. Fortunately, that is not the law and Defendant cited no authority for this "over reaching" proposition.

9. Contrary to Defendant's contention, Plaintiffs have sufficient evidence to reach a jury on the agency issue. While Plaintiffs believe a majority of John Barry's deposition

will be inadmissible, he testified as follows:

> "There was scope of services that they agreed to do for a certain price, and they agreed to do for a certain price, and they had operator management, agency control and had abilities to some part commit ABB to obligations for services and monies over and above the contract price through some informal agreements, I suspect, since there's no change orders to the contract or anything, but there's subsequent billings from C. H. Robinson to ABB for services that they referred to as contingency services and what-not.".

10.  Mr. Todd Strever, the C. H. Robinson project manager, has testified Defendant entered into a contract with ABB with a specific objective to be accomplished on behalf of ABB. *Stever deposition pg. 8 lines 5-8.* C. H. Robinson was subject to ABB giving them directions with regard to the specifics of accomplishing their work. *Strever deposition pg. 8 lines 14-19; pg. 11 line 4; pg. 12 line 1; pg. 15 line 18; pg. 16 line 2.* C. H. Robinson had the authority to bind ABB to contingency costs above the contract price. *Strever deposition pg. 17 lines 3-17.* C. H. Robinson had authority to act on behalf of ABB to get the project accomplished. *Strever deposition pg. 19 lines 9-24.* ABB furnished part of the equipment used by Robinson to do their work. *Strever deposition pg. 35 lines 16-25; pg 36 lines 1-25.* The above deposition quotes are not meant to be a response to a motion for summary judgment, but to illustrate to the court ABB has enough evidence outside of the contract to overcome summary judgment on the agency issue. With the scheduled depositions, ABB expects not only additional evidence but evidence that will prove the issues necessary for ABB to prevail in this lawsuit.

11. The above testimony in this response is not necessary for the Motion to Quash but ABB needed to respond to those allegations in Defendant's Motion that do not have anything to do with the scheduled depositions so the court is not left with the impression this case is merit less or over with. There is a genuine question as to who is wasting attorney and court time.

### D. The Court has Ruled on this Issue

12. The court has already ruled, and Plaintiffs would add, correctly and thoroughly on the issues surrounding the taking of these depositions.

13. Defendant, in order to escape discovery, asks the court to quash the depositions because? First, a complaint about another deposition, the corporate representative. Second, because they should be granted summary judgment without Plaintiffs' being able to conduct discovery. They cite the court to one sentence of the corporate representative's deposition as the basis for this assertion. Plaintiffs are unaware of any case law, statute or rule where a court can essentially grant summary judgment by preventing Plaintiffs from conducting necessary discovery6 because Defendant claims it will cost them $15,000.00.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant's Motion to Quash be denied, and for such other and further relief as to which this honorable court deems just and necessary.

Respectfully submitted,

The Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas 78473
Telephone:   (361) 888-7702
Facsimile:   (361) 888-7717

By: _____
Justin L. Williams
State Bar Number 00795384

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was forwarded on this the 3rd day of February, 2005, to all counsel of record, as listed below and in the manner designated:

**FACSIMILE AND CERTIFIED MAIL, RRR:**
Mr. Steven J. Watkins
Ms. Karan C. Ciotti
McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010

_____
Justin L. Williams