# Civil Courtroom Minutes



| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ☐ Kovacevic   ■ Levesque |

United States District Court
Southern District of Texas
FILED

FEB 0 4 2005

Michael N. Milby, Clerk of Court

**DATE:** 02 — 04 — 05

**TIME:** 1:40 p.m. — 2:15 p.m.

**CIVIL ACTION:** B — 03 — 192

**STYLE:** ABB, ET AL.

*versus*

C.H. ROBINSON COMPANY

## DOCKET ENTRY

(HGT)  ■Motion Hearing;                    (Court Reporter: Heather Hall)

Attorney(s) for Plaintiff:     Justin Williams
Attorney(s) for Defendant:     Karen Ciotti

<u>Comments</u>:

### Def's Counsel: Karen Ciotti:

There was a misunderstanding concerning depos of witnesses Lepori and Schneider. Def thought Pl had agreed to pay for travel expenses. The agreement was never memorialized. Def offered to take depos by phone, but is uncertain legally whether this is permitted under the rules. *Bottom line*: Def asking that depos not be had b/c based on depo testimony of corp rep, these witnesses will not add anything regarding vicarious liability or agency relationship. Don't see what issues are to be resolved. Also, Def also raised the issues of real parties in interest, the fact that these witnesses were already deposed.

### Pl's counsel: Justin Williams:

1. ABB, the current Pl, is the real party in interest. This could be fixed easily by amending the cmplt.
2. Witnesses were already deposed. But, it was in an underlying lawsuit, they were then employees of ABB so he had control over them, different issues were discussed.

**February 4, 2005**
**Civil Action No. 03-192**
**Minutes - Page 2**

3.  Telephonic depos are hard, and rarely produce satisfying results.  Asked the Court to not order telephonic depos.

- He believes they can establish an agency relationship.  He is not barred from asserting vicarious liability simply b/c he didn't plead it.
- The two witnesses know about the k and negotiations.
- Costs should not be shifted under the Federal Rules.

**Def's Reply:** Shifting of costs comes under the broad mandate of the fed courts to regulate discovery, includes weight burden vs. benefit of discovery.  Here the burden to def outweighs benefit of discovery.  Usefulness of the depos.  Witnesses were deposed before.

**RULING:** Court granted motion for protective order to extent that is concerns the notice of depos UNLESS Pl agrees to pay for Def to attend depos.  Burden on Def outweighs the benefit of discovery. Witnesses have already been deposed in the underlying lawsuit.