United States District Court
Southern District of Texas
FILED

FEB 2 4 2005

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD. § § § § § § | | |
| Plaintiffs § | Civil Action No. B:03-CV-192 | |
| VS. § § | | |
| C. H. ROBINSON COMPANY § Defendant § | | |

## PLAINTIFFS' MOTION FOR REHEARING ON THE APPLICATION OF SWISS LAW

TO THE HONORABLE OF JUDGE OF SAID COURT:

NOW COME, ABB KRAFTWERKE AKTIENGESELLSCHAFT and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD., Plaintiffs (hereinafter referred to as "ABB") and file this their Motion for Rehearing on the Application of Swiss Law, and would show this Honorable Court as follows:

### I. THE COURT WRONGLY ADOPTED ONE OF THE DEFENDANT'S FACTORS TO BE CONSIDERED IN THE SIGNIFICANT RELATIONSHIP TEST

1.   The court in its order denying the Application of Swiss Law adopted and discussed various offices of Defendant C. H. Robinson in the State of Texas. The most significant relationship test does not include the location of any office of either Plaintiff or Defendant.

2. The most significant relationship test with regard to the domicile of the Plaintiff or Defendant <u>only</u> takes into consideration the principle place of business or the place of incorporation of the parties.

3. In today's world of multi-national corporations and large multi-office corporations, which do business in many locations, it is logical that the fact that a corporation has an office or does business in a particular local is not a factor to be considering in the most significant relationship test. If such were the case, the most significant relationship test would be reduced to the "<u>lex loci</u>" doctrine which has been rejected by Texas and most other jurisdictions.

**II. The Defendant C. H. Robinson avails itself of Swiss Law by its actions**

4. In Plaintiffs' original Application for Swiss Law, Plaintiff pointed out to the court that Defendant had traveled to Switzerland to conclude contractual negotiations and sign the contract involved in this dispute.

5. The testimony of Todd Strever and Sandro Lepori indicate that Defendant C. H. Robinson did not travel to Switzerland once, but in fact made two trips to Switzerland, one for the original negotiation of the contract and second, for the concluding negotiations and signing of the contract.

6. The fact that Defendant traveled to Switzerland on more than one occasion during negotiations and for the signing of the contract should weigh heavily in the court's choice of law determination. Defendants avail themselves of the law of that forum and its

application to a contract involving the forum where the contract was negotiated and signed is not contrary to any notice of justice.

7. Plaintiffs would show that during the negotiations no representative of Plaintiff traveled to the State of Texas as testified to by Sandro Lepori.

### III. Most Significant Portion of the Contract did not involve the State of Texas

8. The deposition testimony of Todd Strever and Sandro Lepori indicates that the most difficult portion of the contract involved the skidding of the heavy equipment from rail cars to trailers in Apocada, Mexico and then the skidding of the equipment from the trailers to the pads at the site of the power plant. The lift at the Port of Brownsville was not as significant portion of the contract.

9. Not only did the contract involve very little travel in the State of Texas, but the testimony of Sandro Lepori and Todd Strever indicate that the lift involved in the underlined accident was not as significant a portion of the contract as that which took place in Mexico.

### IV. The Origination of the Contract occurred in Mexico not in Texas

10. The testimony from Lepori is that the original meeting with C. H. Robinson occurred in Monterrey, Mexico. Therefore, the origination of the contract itself did not even occur in the State of Texas.

### V. The Court Should Take Judicial Notice of the Fact Switzerland is a Civil Law Country and that the Affidavit of David Huegin while Given Little Weight has not been Contradicted

11. The court can take judicial notice of the fact that Switzerland like the rest of Europe, is a civil law country and therefore does not base any of its laws on the English

Common Law. Therefore any Statute of Limitations like the law itself would be statutory in nature.

12. While the court may give little weight to the Affidavit of David Huegin, his testimony with regard to the fact that Switzerland does not recognize a joint tort feasor concept and that breach of contract actions have a ten year statute of limitations is uncontradicted. This testimony is not the type of legal opinion that requires interpretation and is such a simple concept, it is either true or false. The Defendants should contradict the testimony.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that its Motion for Rehearing be granted and the following consideration that the court apply Swiss Law to this action, and for such other and further relief to which Plaintiffs show itself justly entitled.

Respectfully submitted,

The Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas 78473
Telephone: (361) 888-7702
Facsimile: (361) 888-7717

By: _____
Justin L. Williams
State Bar Number 00795384

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF CONSULTATION

Plaintiffs' counsel's office has conferred with opposing counsel regarding above Motion and opposing counsel does oppose said Motion.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was forwarded on this the 23rd day of February, 2005, to all counsel of record, as listed below and in the manner designated:

**CERTIFIED MAIL, RRR and FACSIMILE:**
Mr. Steven J. Watkins
Ms. Karan C. Ciotti
McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010

Justin L. Williams