UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD.<br><br>　　Plaintiffs<br><br>vs.<br><br>C.H. ROBINSON COMPANY<br><br>　　Defendant | § § § § § § § § § § § § § § § CIVIL ACTION NO. B-03-192 |

## DEFENDANT C.H. ROBINSON COMPANY'S
## RULE 17(a) OBJECTION AND MOTION TO DISMISS

Defendant, C.H. Robinson Company ("C.H. Robinson"), files this (1) Objection under Federal Rule of Civil Procedure 17(a) and (2) Motion to Dismiss, and would respectfully show unto the Honorable Court as follows:

### A. Introduction

1.　Plaintiffs, ABB Kraftwerke Aktiengesellschaft and ABB Alstom Power (Switzerland) Ltd., the latter formerly known as ABB Power Generation, Ltd. (collectively known as "Plaintiff ABB Entities") filed this lawsuit against C.H. Robinson on July 16, 2003 seeking damages for (a) breach of contract and (b) indemnity for payments made to Brownsville Barge & Crane pursuant to an indemnity agreement between Brownsville Barge & Crane and the Plaintiff ABB Entities, and also for amounts paid by ABB in settlement of the Zamora family's claims in the underlying lawsuit.

1

2. Since the filing of this lawsuit the Plaintiff ABB Entities sold the portion of their company that owned the substantive claims against C.H. Robinson. There has been no attempt by the Plaintiff ABB Entities to amend their complaint to reflect this change of the real parties in interest.

3. Justin Williams, counsel for Plaintiffs, admitted on the record during the deposition of John R. Barry, corporate representative of the Plaintiffs, that "since the filing of this lawsuit, the entities that – the ABB entities have changed that are the plaintiffs in this lawsuit from the style, and we have not – obviously, not amended our petition at this time to allege who the real parties at interest are. And the ABB entities who are the real parties at interest divested themselves of the companies who are the plaintiffs while retaining the cause of action against C.H. Robinson which has been filed." **Ex. A,** 7:19 – 8:2.

4. Further statement by counsel made on the record at Mr. Barry's deposition indicated that he was unsure of the name of the real party in interest. In response to questioning by counsel for C.H. Robinson, Mr. Williams explained that the real party at interest now is "an ABB – it's ABB, Ltd. – some Ltd. company that's in Switzerland…the real party at interest is the parent corporation of ABB Lummus." **Ex. A,** 8:20-21; 8:25 – 9:1.

5. In making these statements, Mr. Williams recognized that he "need[ed] to file an amended petition stating who the real party at interest is at this time." **Ex. A,** 8:22-24. The statement was made at Mr. Barry's deposition on December 15, 2004. More than two months later – and more than a year and half into the lawsuit – Plaintiffs have still not amended their complaint to identify the proper real party at interest.[1]

---

[1] C.H. Robinson would also point out that, five months after the Court's September 30, 2004 order granting in part Defendant's Amended Motion to Dismiss, Plaintiffs have not amended their complaint to address the deficiencies

2

## B. Argument and Authorities

6.      Federal Rule of Civil Procedure 17(a) specifies that "[e]very action shall be prosecuted in the name of the real party in interest." FED. R. CIV. P. 17(a). The real party in interest is the person with the right to sue under the substantive law, and not necessarily the person who will ultimately benefit from the recovery. *Farrell Constr. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 140 (5th Cir. 1990). The purpose of this Rule is to protect defendants from multiple or conflicting lawsuits by persons who would not be bound by principles of *res judicata*. *Gogolin & Stelter v. Karn's Auto Imports, Inc.*, 886 F.2d 100, 102 (5th Cir. 1989).

7.      An objection under Rule 17(a) must be raised at a time where joinder by the real party in interest is practicable. *Gogolin & Stetler*, 886 F.2d at 102. The objection need not take the form of a pleading or motion. *Id.* at n. 3. Generally an action will not be dismissed based on a Rule 17(a) objection because the Rule states, "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action, or joinder or substitution of the real party in interest." FED. R. CIV. P. 17(a).

8.      In the present case, dismissal is warranted because Plaintiffs admitted three months ago, a year and a half after filing their lawsuit, that they were not the real parties in interest, yet no effort has been made to identify the real party in interest. Since the Rule 17(a) objection is not required to take any particular form and that Plaintiffs have acknowledged the need to amend their pleadings on the record, the fact that C.H. Robinson has raised the issue both

---

pointed out by the Court. *Order entered September 30, 2004* at 19 ("In an abundance of caution, and despite the fact that the Court is dubious that Plaintiffs have adequately pled breach of contract claims occurring after July 1999, the Court will deny this portion of Defendant's Motion to Dismiss.").

in depositions and in open court[2] is sufficient to satisfy the requirement that the Plaintiffs be made aware of the issue in time to amend to add the real party in interest. *See* **Ex. A**, at 7:12-9:1. Plaintiffs admitted on the record more than two months ago that they needed to amend to name the real party in interest, yet have failed to do so and may be incapable of doing so, as they have also indicated they are unsure of the identity of the real party in interest. *See* ¶ 4, *infra*.

9.  Because Plaintiffs have long been aware of the need to identify the real party in interest, have had ample time to do so and yet have failed to do so, their claims may be dismissed pursuant to Rule 17(a).

10. Dismissal is likewise appropriate under Rule 12(b)(1), as the fact that the named Plaintiffs lack standing to sue renders this Court without subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Standing is an element of Article III's "case or controversy" requirement, without which the courts have no subject matter jurisdiction to hear the claims being brought. *In re Weaver*, 632 F.2d 461, 463 n.6 (5th Cir. 1980). As it is admitted by the Plaintiff ABB Entities that they are not proper parties to this lawsuit – i.e., that they are without standing – the Court should dismiss their remaining claims since the Court lacks subject matter jurisdiction.

## C. Conclusion and Prayer for Relief

For these reasons, Defendant, C.H. Robinson Company, respectfully requests that this Court sustain its objection under Federal Rule of Civil Procedure 17(a) and grant its Motion to Dismiss all of Plaintiffs' remaining claims. C.H. Robinson Company further requests all relief to which it may be entitled, both in law and equity.

---

[2] At the February 4, 2005 hearing on C.H. Robinson's Motion for Protective Order, Ms. Karan Ciotti, counsel for C.H. Robinson, raised this issue before the Court. **Ex. B**, 3:18-22; 18:23 – 19:17.

Respectfully submitted,

MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.

By: *Karan C. Ciotti*
    Steven J. Watkins
    State Bar No. 20927700
    So. Dist. Bar No. 146
    Karan C. Ciotti
    State Bar No. 05226300
    So. Dist. Bar No. 16874
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

ATTORNEYS FOR DEFENDANT
C.H. ROBINSON COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing Defendant C.H. Robinson Company's Rule 17(a) Objection and Motion to Dismiss has been served via facsimile and via certified mail, return receipt requested, on this the 28th day of February, 2005, to the following:

Justin L. Williams
The Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas 78473

*Karan C. Ciotti*
Karan C. Ciotti