# EXHIBIT "B"

```
                    IN THE UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF TEXAS
                          BROWNSVILLE DIVISION


     _____
                                           )
     ABB KRAFTWERKE AKTIENGESELLSCHAFT,     )
     ABB ALSTOM POWER (SWITZERLAND),        )
     LTD., FORMERLY KNOWN AS ABB            )
     POWER GENERATION, LTD.  )              )
                                            ) CIVIL ACTION NO.
     VS.                                    ) B-03-192
                                            )
     C.H. ROBINSON COMPANY                  )
     _____ )



                              MOTION HEARING
                    BEFORE THE HONORABLE HILDA G. TAGLE
                            FEBRUARY 4, 2005

     APPEARANCES:

     For the Plaintiffs:        MR. JUSTIN L. WILLIAMS
                                Attorney at Law
                                600 Leopard Street, Suite 1810
                                Corpus Christi, Texas   78473


     For the Defendant:         MS. KARAN CUMMINGS CIOTTI
                                McGinnis, Lochridge & Kilgore, LLP
                                1221 McKinney Street, Suite 3200
                                Houston, Texas   77010



     Transcribed by:            HEATHER HALL
                                Official Court Reporter
                                600 E. Harrison, Box 16
                                Brownsville, Texas   78520
                                (956)548-2510


        Proceedings recorded by mechanical stenography, transcript
     produced by computer.
```



```
 1              (Call to Order of the Court.)
 2         THE COURT:  Good afternoon.  Please be seated.  At this
 3   time the Court calls 03-CV-192, ABB versus C.H. Robinson.
 4   Counsel, those of you who are here asking to be heard, please
 5   announce your name for the record and whom you represent.
 6         MR. WILLIAMS:  Justin Williams, and I represent the ABB
 7   entities.
 8         MS. CIOTTI:  Karan Ciotti here for the C.H. Robinson
 9   company.
10         THE COURT:  Very well.  This is a motion for protective
11   order, so you may address the Court.
12         MS. CIOTTI:  Your Honor, I'm going to try not to take up
13   very much time at all.  I want to tell you a little bit first,
14   just remind you where we're at right now.  At the end of
15   September the Court granted in part our prior motion to
16   dismiss -- or C.H. Robinson's motion to dismiss, and,
17   thereafter, we had talked to the plaintiff and understood that
18   they were going to amend their complaint so that we would have a
19   better idea of where we were going at that point because the --
20   the motion to dismiss was on the basis of limitations and on the
21   fact that there was no common-law liability for us in the
22   underlying lawsuit -- or that was the only feasible liability,
23   and there hadn't been vicarious liability pled against C.H.
24   Robinson in the underlying lawsuit.
25         So after the Court's order was entered September 30th, we
```

1  were making some effort to try to figure out what evidence there
2  was out there to support any conceivable claims against us.  We
3  asked the ABB entities for a corporate rep deposition.  Their
4  counsel informed us that there was no one at the corporation who
5  knew anything about the underlying lawsuit, and so based on what
6  we knew about the underlying lawsuit, we asked for Mr. Lepori
7  and Mr. Schneider.  That was our last discovery dispute.
8      The Court ordered that they produce the corporate rep,
9  that -- said that they had no obligation to get these people in
10 Switzerland -- who no longer worked for them -- over here to
11 present for their depositions, but we were fine just having the
12 corporate rep.  That's what we wanted.  And in addition -- we
13 took that on December 15th, and on December 13th and 14th,
14 Mr. Williams, counsel for ABB, provided us with depositions of
15 Mr. Lepori and Mr. Schneider that were taken in the underlying
16 lawsuit.  So whatever curiosity we had about what they might
17 know had been satisfied.
18     We took the corporate rep's deposition, and at that
19 deposition we learned that the real parties in interest aren't
20 even in the lawsuit right now.  And plaintiffs' counsel told us
21 again that they were going to amend their complaint, but to date
22 that still hasn't happened.  With the corporate rep's
23 deposition, we learned that they were not aware of any breaches
24 of contract within the limitations period.  And regardless of
25 what anybody has to say about agency, agency doesn't matter

1   up, and as you said -- I got the motion yesterday and I put
2   together the response that I thought addressed the issues. The
3   rules, I know -- I don't know of a rule that provides that if
4   there's -- you know, a cost-shifting rule. I mean, frankly
5   that's what this is. And I don't know of a rule that says,
6   "We're going to conduct discovery in this case, then the party
7   that wants to conduct the discovery has to pay for it."
8        I've taken 13 depositions -- 14 depositions out of the
9   country. I've taken depositions in Scotland, London, Venice,
10  Mexico, Trinidad. I've never had this come up that somebody
11  says, "Well, we have to go there to take a witness because your
12  witness is there." They've always been my witnesses, and I've
13  never had anybody say that "You have to pay my way." It's
14  just -- I've never had it in my legal career occur, and frankly
15  I would think that if there is proposition -- that there is law
16  that says that if we have to go to undo expense, that one
17  party -- the party that's forcing the undue expense has to pay
18  for it, that this would have come up many times because it would
19  seem -- certainly in my career, it's not been that unusual that
20  I have a foreign witness.
21        THE COURT: All right. Ms. Ciotti, anything that you
22  wish to respond?
23        MS. CIOTTI: Your Honor, first of all, with regard to
24  the issue of whether or not the real parties in interest are
25  present, if I may, I would like to read a portion of this

```
 1   deposition where Mr. Williams gave me a statement about this in
 2   December.
 3           THE COURT:  Go ahead.
 4           MS. CIOTTI:  He says, speaking to me, "As we've
 5   discussed since the filing of this lawsuit, the entities that --
 6   the ABB entities have changed that are the plaintiffs in this
 7   lawsuit from the style, and we have not -- obviously not amended
 8   our petition at this time to allege who the real parties in
 9   interest are.  And the ABB entities who are the real parties at
10   interest divested themselves of the companies who are the
11   plaintiffs while retaining the cause of action of C.H. Robinson,
12   which has been filed."  And then he goes on.
13       I asked him, "So the real party in interest now is ABB
14   Lummus Global?"  And he responded, "No, it's an ABB -- it's ABB
15   limited -- some limited company that's in Switzerland, and I'll
16   have to -- I will need to file an ammended petition stating who
17   the real party in interest is at this time."
18           THE COURT:  Okay.  Why don't you respond also to, you
19   know, what -- you know, his position that the rules do not
20   provide for shifting costs from one party to the other.
21           MS. CIOTTI:  What the rules provide for in Rule 26B, I
22   think it's A3, they talk about whether or not the burden of the
23   discovery outweighs the benefit of it and that we can be
24   creative about how we resolve that issue.  And our position is
25   that going over there right now, the burden of it outweighs the
```

```
 1   Anything else you want to say, Mr. Williams?
 2        Oh, Ms. Ciotti, keep going then.
 3            MS. CIOTTI:  The only other thing was when he -- when
 4   Mr. Williams talked about the need for Mr. Lepori's deposition.
 5   Mr. Lepori would not be able to speak to what ABB was liable for
 6   in the underlying lawsuit brought by the Zamora family.
 7   Mr. Lepori -- or, excuse me, Mr. Schneider is not going to be
 8   able to change the pleadings in that case.
 9            THE COURT:  All right.  I guess the motion for
10   protective order is granted to the extent that the deposition
11   will not be -- I guess the notice of deposition would be quashed
12   unless the plaintiff agrees to pay for the costs of the
13   defendant's travel to -- for that deposition.
14        I feel that, you know, given -- weighing the burden versus
15   the benefit as everything has been outlined to me, it seems like
16   that the burden on the defendant outweighs the benefit all
17   together for the material to be ellicited or the information to
18   be ellicited from these witnesses who have already been deposed.
19   Thank you.
20            MS. CIOTTI:  Thank you, Your Honor.
21                              * * *
22        (End of requested transcript.)
23                              -oOo-
24        I certify that the foregoing is a correct transcript from
25   the record of proceedings in the above matter.
```

1
2  Date:   February 22, 2005
3                                         _Heather Hall_____
4                                         Signature of Court Reporter
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25