**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

APR 2 1 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD. | § § § § § | |
| Plaintiffs | § | CIVIL ACTION NO. B-03-192 |
| | § | |
| vs. | § § | |
| C.H. ROBINSON COMPANY | § § | |
| Defendant | § | |

**DEFENDANT C.H. ROBINSON COMPANY'S RESPONSE TO PLAINTIFFS'**
**AMENDED MOTION FOR REHEARING ON THE APPLICATION OF SWISS LAW**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I.  Procedural Background ........................................................................................ 1

II.  Statement of the Issue to be Rule upon by the Court ........................................... 3

III.  Summary of the Argument ................................................................................... 4

IV.  Arguments and Authorities .................................................................................. 4

    Plaintiffs have the burden but have not provided the Court sufficient evidence
    of the substance of Swiss law ............................................................................... 4

    Plaintiffs have submitted no new law or facts evidence that would support the
    Court's reconsideration of their Amended Motion for Application of Swiss
    Law ..................................................................................................................... 6

        Plaintiffs' First Contention ........................................................................ 7

        Plaintiffs' Second Contention ................................................................... 8

        Plaintiffs' Third Contention ...................................................................... 10

        Plaintiffs' Fourth Contention .................................................................... 13

        Plaintiffs' Fifth Contention ....................................................................... 14

V.  Conclusion .......................................................................................................... 15

VI.  Prayer for Relief .................................................................................................. 15

APPENDIX .................................................................................................................... 17

i

# TABLE OF AUTHORITIES

## Federal Cases

*In re Avantel, S.A.,* 343 F.3d 311, 321-22 (5th Cir. 2003)...............................................4, 5

*Banque Libanaise Pour Le Commerce v. Khreich,* 915 F.2d 1000, 1006 (5th Cir. 1990) ...........4, 6

*Miller v. Republic Nat'l Life Ins. Co.,* 559 F.2d 426, 428 (5th Cir. 1977) ......................................13

*Schneider Nat'l Transport v. Ford Motor Co.,* 280 F.3d 532, 536 (5th Cir. 2002)...........................4

*Seguros Tepeyac, S.A. Compania Mexicana de Seguros Generales v. Bostrom,* 347 F.2d 168, 174-5 n. 3 (5th Cir. 1965) ................................................................5

*United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.,* 210 F.3d 1207, 1223-24 (10th Cir. 2000), *aff'd* 532 U.S. 588, 121 S.Ct. 1776, 149 L.Ed. 845 (2001) ......................................6

*W.R. Grace & Co. v. Cont'l Cas. Co.,* 896 F.2d 865, 874 (5th Cir. 1990) ......................................4

## State Cases

*Bakhico Co. Ltd. v. Shasta Beverages, Inc.,* 1998 WL 614647 *3 (N.D. Tex. 1998) ....................7

*Cadle Co. v. Castle,* 913 S.W.2d 627, 638 (Tex. App. – Dallas 1995, writ denied) ....................13

*DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670, 678-679 (Tex. 1990), *cert. denied* 498 U.S. 1048, 111 S.Ct. 755 (1991).............................................................................6

*Elbaor v. Smith,* 845 S.W.2d 240, 250 (Tex. 1992)...........................................................13

*Farrell Lines Inc. v. Columbus Cello-Poly Corp.,* 32 F.Supp.2d 118, 128 (S.D.N.Y. 1997), *aff'd, Farrell Lines Inc. v. Ceres Terminals Inc.,* 161 F.3d 115 (2nd Cir. 1998) ................................................................................5

*Haywin Textile Products, Inc. v. Int'l Finance Inv.,* 137 F.Supp.2d 431, 435 (S.D.N.Y. 2001), *judgment aff'd in unpublished opinion,* 38 Fed. Appx. 96, 2002 WL 1362978 (2d Cir. 2002)...........................................................................5

*Houston Casualty Co. v. Certain Underwriters at Lloyd's London,* 51 F.Supp.2d 789, 799 (S.D. Tex. 1999), *aff'd without published opinion,* 252 F.3d 1357 .............................4

*Perez v. Alcoa Fujikura, Ltd.,* 969 F.Supp. 991, 1004, 1005 (W.D. Tex. 1997).............................7

*Ranger Ins. Co. v. Ward,* 107 S.W.3d 820, 827 (Tex. App. – Texarkana, pet. denied) ................13

*Schlumberger Technology Corp. v. Swanson,* 959 S.W.2d 171, 178 (Tex. 1997) ........................13

*Torrington Co. v. Stutzman,* 46 S.W.3d 829, 848 (Tex. 2000).........................................................7

## State Statutes

TEX. CIV. PRAC. & REM. CODE § 154.002....................................................................................13

## Miscellaneous

RESTATEMENT (SECOND) OF CONFLICT OF LAWS...............................................................................6
RESTATEMENT (SECOND) OF CONFLICT OF LAW §6 .........................................................................12
RESTATEMENT (SECOND) OF CONFLICTS § 145 .................................................................................7
RESTATEMENT (SECOND) OF CONFLICT OF LAWS §188.......................................................................6
RESTATEMENT (SECOND) OF CONFLICT OF LAWS §188(2)(e) .............................................................7
RESTATEMENT (SECOND) OF CONFLICT OF LAWS §196.....................................................................12

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ABB KRAFTWERKE** | § | |
| **AKTIENGESELLSCHAFT, and** | § | |
| **ABB ALSTOM POWER** | § | |
| **(SWITZERLAND) LTD., formerly known** | § | |
| **as ABB POWER GENERATION, LTD.** | § | |
| | § | |
| **Plaintiffs** | § | **CIVIL ACTION NO. B:03-CV-192** |
| | § | |
| **Vs.** | § | |
| | § | |
| **C.H. ROBINSON COMPANY** | § | |
| | § | |
| **Defendant** | § | |

**DEFENDANT C.H. ROBINSON COMPANY'S RESPONSE TO PLAINTIFFS'**
**AMENDED MOTION FOR REHEARING ON THE APPLICATION OF SWISS LAW**

Defendant C.H. Robinson Company ("C.H. Robinson") files this Response to Plaintiffs'

Amended Motion for Rehearing on the Application of Swiss Law and in support thereof would

show the Court as follows:

**I. Procedural Background**

1.      Plaintiffs filed this lawsuit against C.H. Robinson on July 16, 2003.  On August

25, 2003, C.H. Robinson filed a Rule 12(b)(6) motion.  C.H. Robinson asserted in that motion

that Plaintiffs' claim for breach of contract was barred by limitations and that Plaintiffs' vaguely

asserted claim for indemnity was not supported by Texas law.

2.      On November 1, 2003, Plaintiffs filed their original Motion for Application of

Swiss Law.   Plaintiffs claimed that the contract at issue was signed and negotiated in

Switzerland, that "Plaintiffs' contracting party is Swiss," that the location of the subject matter of

the contract was Switzerland, Texas, and Mexico, and that Swiss law should therefore apply to

this dispute. *Dkt No. 26, Plaintiffs' Motion for Application of Swiss Law, dated October 31, 2003,* at 3. On March 17, 2004, Plaintiffs filed an affidavit from David Huegin, legal counsel for ABB Switzerland Ltd., in support of their motion.

    3.    On September 30, 2004, this Court entered an order denying Plaintiffs' Motion for Application of Swiss Law and concluding that Texas law applied to Plaintiffs' claims for breach of contract and for indemnity. *Dkt No. 45, Order entered September 30, 2004* at 14, 22. In its choice of law analysis of Plaintiffs' breach of contract claim, the Court reviewed the evidence submitted by the parties and made the following factual determinations:

- The contract was signed in Switzerland. *Id.* at 7.

- The contract negotiations "predominantly took place through a series of correspondence originating in *both* Switzerland and Texas." *Id.* at 7.

- The contract called for performance in Texas and Mexico, but not in Switzerland. "Although it would be reasonable to conclude more of the contract performance occurred in Texas, in the most careful of analyses, the Court will determine the performance of the contract was divided between Texas and Mexico." *Id.* at 9.

- "The subject matter of the contract involved the transportation and lift of the generator from and in both Texas and Mexico." *Id.* at 9.

- With regard to the domicile, residence, nationality, place of incorporation and place of business of the parties, the Court determined that "both Texas and Switzerland constitute locales that should be considered in the Court's analysis." *Id.* at 10.

The Court gave little weight to the affidavit of Mr. Huegin, as it contains legal conclusions that are matters of law for the Court to decide. The Court also found that the affiant is not disinterested and that he had failed to provide full cites to the allegedly relevant Swiss law and to provide copies of the relevant law with translations. *Dkt. No. 45, Order entered September 30, 2004* at 6-7.

4.    In its choice of law analysis of Plaintiffs' indemnity claim, the Court made the following factual determinations:

- The place of injury, i.e., the payment Plaintiffs made to Brownsville Barge & Crane, occurred in Texas. *Id.* at 13.

- The conduct causing the injury, whether defined as C.H. Robinson's alleged negligence causing the death of Mr. Zamora or Plaintiff ABB Alstom's predecessor's signing of the indemnity agreement "all occurred in Texas." *Id.* at 14.

- "[B]oth Texas and Switzerland constitute locales that should be considered in the Court's analysis." *Id.* at 10

- The relationship of the parties concerning the indemnity issue is centered in Texas. *Id.* at 14.

5.    On February 23, 2005, five days before the close of discovery, Plaintiffs served C.H. Robinson with their Motion for Rehearing on the Application of Swiss Law.

6.    On April 2, 2005, Plaintiffs filed an Amended Motion for Rehearing on the Application of Swiss Law. *Dkt No. 74.* The Amended Motion appears to be no different from the original Motion for Rehearing on the Application of Swiss Law, except for the addition of citations to statements procured from Sandro Lepori, a former employee of Plaintiff ABB Alstom, and to the deposition of Todd Strever, a former C.H. Robinson employee. For the reasons set forth in this response, Plaintiffs' motion should be denied.

## II. Statement of the Issue to be Ruled upon by the Court

7.    The issue before the Court is whether the Plaintiffs have produced substantive evidence of Swiss law, or additional facts or new law that might justify reconsideration of the Court's September 30, 2004 Order denying Plaintiffs' original Motion for Application of Swiss Law.

### III. Summary of the Argument

8.     The Court should deny Plaintiffs' Amended Motion for Rehearing. Plaintiffs have not presented any substantive evidence of Swiss law that would support their contention that a conflict exists between the laws of Texas and the laws of Switzerland. Even if one assumes a conflict between the laws of Texas and Switzerland, Plaintiffs have failed to present any new legal or factual grounds that would support the application of Swiss law.

### IV. Arguments and Authorities

**Plaintiffs have the burden but have not provided the Court
sufficient evidence of the substance of Swiss law.**

9.     A choice-of-law determination is preceded by an analysis of the substantive law, so the court may assess whether the laws of the States conflict. If there is no conflict, then no choice-of-law analysis is necessary. *Schneider Nat'l Transport v. Ford Motor Co.*, 280 F.3d 532, 536 (5th Cir. 2002); *W.R. Grace & Co. v. Cont'l Cas. Co.*, 896 F.2d 865, 874 (5th Cir. 1990) (when the substantive decisional law of all relevant jurisdictions is the same, a court need not "go through the motions" of making a choice of law). Plaintiffs have the burden to prove the substance of Swiss law "to a reasonable certainty such that the district court could apply it," and to demonstrate an actual conflict between Texas and Swiss law. *In re Avantel, S.A.,* 343 F.3d 311, 321-22 (5th Cir. 2003), *citing Banque Libanaise Pour Le Commerce v. Khreich,* 915 F.2d 1000, 1006 (5th Cir. 1990); *Houston Casualty Co. v. Certain Underwriters at Lloyd's London,* 51 F.Supp.2d 789, 799 (S.D. Tex. 1999), *aff'd without published opinion,* 252 F.3d 1357. Plaintiffs have failed to meet that burden. Plaintiffs' only submission on the substance of Swiss law is the affidavit of David Huegin. In its September 30, 2004 Order, the Court gave this affidavit "little weight."

> The affidavit contains legal conclusions that are matters of law for this Court to decide. Furthermore, the affiant does not provide full cites to the allegedly relevant Swiss law, copies of the relevant law with translations are not provided, and the affiant, legal counsel to ABB Switzerland Ltd., is not disinterested. Thus any conclusions that Swiss law does not bar Plaintiff's claims in this case are legally conclusory and not reliable because Mr. Huegin has an interest in this case by virtue of his position as legal counsel to ABB.

*Dkt. No. 45, Order entered September 30, 2004 at 6-7.*

10.    In *In re Avantel, S.A.,* the movant seeking to apply foreign law provided the district court with only the declaration of a Mexican attorney, describing his interpretation of Mexican privilege law. *In re Avantel, S.A.,* 343 F.3d at 322. The district court determined that the declaration provided no verifiable information from which the district court could infer a conflict between Texas and Mexican law, and held that the movant had not adequately proven Mexican law. The Fifth Circuit affirmed. *Id.; see also Haywin Textile Products, Inc. v. Int'l Finance Inv.,* 137 F.Supp.2d 431, 435 (S.D.N.Y. 2001), *judgment aff'd in unpublished opinion,* 38 Fed. Appx. 96, 2002 WL 1362978 (2d Cir. 2002) (expert affidavit that cited several cases and legal treatises insufficient where party failed to attach copies of the authorities, and offered only a cursory analysis of one of the issues before the court). Plaintiffs in this case have given the Court even less to go on – an affidavit that is similarly deficient in substance, but from an interested witness. *Farrell Lines Inc. v. Columbus Cello-Poly Corp.,* 32 F.Supp.2d 118, 128 (S.D.N.Y. 1997), *aff'd, Farrell Lines Inc. v. Ceres Terminals Inc.,* 161 F.3d 115 (2nd Cir. 1998) (finding that the representations made by the proponent's Italian lawyer were insufficient evidence of foreign law because, *inter alia,* the lawyer was not a disinterested witness).

11.    Absent sufficient proof to establish with reasonable certainty the substance of Swiss law, the district court should apply the law of the forum. *In re Avantel, S.A.,* 343 F.3d at 321-22, *citing Seguros Tepeyac, S.A. Compania Mexicana de Seguros Generales v. Bostrom,* 347

F.2d 168, 174-5 n. 3 (5th Cir. 1965) (noting that it is generally agreed that "the law of the forum should apply when foreign law is not proved"); *Banque Libanaise*, 915 F.2d at 1006; *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1223-24 (10th Cir. 2000), *aff'd* 532 U.S. 588, 121 S.Ct. 1776, 149 L.Ed. 845 (2001).

**Plaintiffs have submitted no new law or facts evidence that would support the Court's reconsideration of their Amended Motion for Application of Swiss Law.**

12.    Even if Plaintiff had proved the substance of Swiss law to a reasonable certainty and demonstrated a conflict between Swiss and Texas law, their Amended Motion for Rehearing should still be denied, as they have submitted no new law or facts to support reconsideration of their request that the Court apply Swiss law to this controversy.

13.    A choice of law analysis on a breach of contract claim requires that the Court consider the factors set forth in the RESTATEMENT (SECOND) OF CONFLICT OF LAWS ("Restatement"). Those factors are: (a) the place of contracting; (b) the place of negotiation of the contract; (c) the place of performance; (d) the location of the subject matter of the contract; and (e) the domicile, residence, nationality, place of incorporation, and place of business of the parties. RESTATEMENT (SECOND) OF CONFLICT OF LAWS §188; *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 678-679 (Tex. 1990), *cert. denied* 498 U.S. 1048, 111 S.Ct. 755 (1991) (adopting section 188 of the Restatement). As noted by the Court, section 188 also states that contracts are "to be evaluated according to their relative importance with respect to the particular issue." *Dkt. No. 45, Order entered September 30, 2004 at 5.*

14.    A choice of law analysis of an indemnity claim requires the application of the "most significant relationship" test. The factors analyzed are:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation, and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

RESTATEMENT (SECOND) OF CONFLICTS § 145; *Torrington Co. v. Stutzman,* 46 S.W.3d 829, 848 (Tex. 2000).

*Plaintiffs' First Contention*

15.     Plaintiffs complain initially that "the Court wrongly adopted one of the Defendant's factors to be considered in the significant relationship test." Specifically, Plaintiffs contend that the Court should not have considered the location of any C.H. Robinson offices other than its principal place of business and place of incorporation. Plaintiffs cite no legal support for this contention. The contention affects the choice of law analysis for both the breach of contract claim and indemnity claim.

16.     Plaintiffs' argument ignores the clear language of section 188 of the Restatement, which calls for consideration of "the domicil, residence, nationality, place of incorporation, and place of business of the parties." RESTATEMENT (SECOND) OF CONFLICT OF LAWS §188(2)(e). Plaintiffs inexplicably translate this very broad and inclusive language to mean only the principal place of business and place of incorporation of C.H. Robinson. Federal district courts in Texas, applying Texas choice-of-law rules, have considered the location of offices other than headquarters and place of incorporation. *See Perez v. Alcoa Fujikura, Ltd.,* 969 F.Supp. 991, 1004, 1005 (W.D. Tex. 1997) (in weighing section 188 factors and ultimately applying Texas law to a food services agreement, court noted that defendants were Mexican entities, but one entity had an office in Texas and the other entity's parent corporation had offices in Texas); *Bakhico Co. Ltd. v. Shasta Beverages, Inc.,* 1998 WL 614647 *3 (N.D. Tex. 1998) (unpublished

opinion) (in weighing section 188 factors and ultimately applying Texas law, court noted that defendant Reynolds's principal place of business was in Virginia, but defendant was also authorized to do business in Texas and was a resident of Texas with a production facility located in Houston, Texas) (attached as **Ex. A**).

17.    C.H. Robinson has nine locations in Texas.    **Ex. B**, *Affidavit of Thomas J. Sandstrom* at ¶ 6.    These nine locations in Texas gain additional importance when measured against the fact that the identity, and consequently, the domicile, residence, nationality, place of incorporation, and place of business of the proper plaintiff is presently unknown.    Plaintiffs have acknowledged that the real party in interest is not presently in this lawsuit.    Plaintiffs' counsel stated at the deposition of their corporate representative that he was unsure of the name of the real party in interest.[1]    The German domicile of ABB Kraftwerke Aktiengesellschaft and the Swiss domicile of ABB Alstom Power should not be considered in the choice of law analysis, as neither is a real party in interest.

18.    The "domicile, residence, nationality, place of incorporation and place of business" factor is the only factor addressed by Plaintiffs in their Amended Motion for Rehearing that affects the choice of law analysis for their indemnity claim.    Because Plaintiffs have conceded that Plaintiff ABB Alstom is not a real party in interest, there is no reason at all to consider Swiss law in a choice of law analysis on the indemnity claim.

*Plaintiffs' Second Contention*

19.    Plaintiffs' second argument for reconsideration of the Court's ruling that Texas law applies to this dispute is factual and relates only to the choice of law analysis for their breach

---

[1]  In response to inquiry by counsel for C.H. Robinson, Plaintiffs' counsel explained that the real party at interest now is "an ABB – it's ABB, Ltd. – some Ltd. company that's in Switzerland...the real party at interest is the parent corporation of ABB Lummus." **Ex. C**, *December 15, 2004 Deposition of John Barry* at 8:18-21; 8:25 – 9:1; *see also Defendant C.H. Robinson's Rule 17(a) Objection and Motion to Dismiss, filed February 28, 2005.*

of contract claim. Plaintiffs contend that Swiss law should apply because a representative of C.H. Robinson traveled to Switzerland twice, "for the original negotiation of the contract and second, for the concluding negotiations and signing of the contract." It has already been submitted to the Court that a representative of C.H. Robinson signed the contract while in Switzerland. The remainder of Plaintiffs' allegations distorts the evidence that has been previously submitted to the Court and the January 21, 2005 deposition testimony of Todd Strever.

20.     As found by the Court, based on documents submitted with C.H. Robinson's response to Plaintiffs' original Application for Swiss Law, C.H. Robinson's representative negotiated the contract from its office in Keller, Texas. **Ex. B.1** at CHR ABB 00045, 00047, 00050 (correspondence concerning terms of contract from C.H. Robinson's Keller, Texas office to ABB Power Generation Ltd.), and 00054-57 (correspondence concerning terms of contract from ABB Power Generation Ltd. to C.H. Robinson's Keller, Texas office); *Dkt. No. 45, Order entered September 30, 2004* at 7-8. The *only* aspect of the contract that occurred in Switzerland was its drafting (by ABB Alstom Power) and signature – formalities to memorialize the parties' agreement as developed via email and facsimile communications and phone conversations originating in both Texas and Switzerland. All of these facts have been previously presented to the Court.

21.     Despite Plaintiffs' characterization to the contrary, Todd Strever's testimony is consistent with the facts previously found by the Court, i.e., that C.H. Robinson negotiated the contract from Texas. Strever testified that he was not involved with the negotiation of the contract, and that James Hamilton, a former employee of C.H. Robinson, would be the person with most knowledge of the contract negotiations. **Ex. D,** *January 21, 2005 Deposition of Todd*

*Strever* at 20:5-23. Mr. Hamilton testified that the contract was negotiated via phone calls and the delivery of proposals and price quotations. **Ex. E,** *April 25, 2000 Deposition of James Hamilton* at 17:20 – 19:5. The proposals and price quotations were sent from C.H. Robinson's Keller, Texas office. **Ex. B.1** at CHR ABB 00045, 00047, 00050. Moreover, Mr. Strever's testimony that a representative of C.H. Robinson twice traveled to Switzerland is equivocal at best. **Ex. D** at 19:25 – 20:4. Even if a C.H. Robinson representative did make two rather than one trip to Switzerland, that small bit of information does not militate in favor of the application of Swiss law. As explained by C.H. Robinson's corporate representative, "common sense" dictates that most of the negotiations took place "in the States," since "you wouldn't fly across the ocean to kind of whip something together and sign a big contract like this." **Ex. F,** *February 25, 2005 Deposition of Tom Ferguson* at 38:1-13; *see also id.* at 31:16-24 (wherein Ferguson testifies that the negotiations that led to the signing of the contract took place in "Keller, Texas, and via e-mail, phone, fax, back and forth. I'd say the majority of it was negotiated over here in the States, and then Jim went over and then signed the contract . . . .")

### *Plaintiffs' Third Contention*

22.     Plaintiffs' third contention, which also relates solely to their breach of contract claim, is that the "most significant portion of the contract did not involve the State of Texas." Specifically, Plaintiffs contend that the "most difficult part" of the contract involved the skidding of heavy equipment from rail cars to trailer in Apodaca, Mexico. Presumably, this is an argument concerning the place of performance. C.H. Robinson would note initially that this contention also mischaracterizes the testimony of Todd Strever. Mr. Strever testified that he was not involved with unloading of the generator in Mexico, that he had never seen "skidding" take place, but that his understanding was that it was a "pretty involved process." **Ex. D** at 21:23 –

22:18.  He did not testify that it was difficult, much less the "most difficult part" of the performance of the contract.  More significantly, the contention does not weigh in favor of the application of Swiss law.  It remains undisputed that no portion of the contract was performed in Switzerland. *Dkt. No. 45, Order entered September 30, 2004* at 9.

23.     Plaintiffs assertions also mischaracterize the statements of Sandro Lepori.  Lepori did not state that the 'skidding' process "was the most difficult portion of the contract," as represented by Plaintiffs.  Lepori, after pointing out that he was "not a technician" stated only that 'skidding' was more complicated than lifting the generator from lash barge to railroad car by crane."  **Ex. G,** *February 14, 2005 Statement of Sandro Lepori* at 5:1-18.  C.H. Robinson would direct the Court's attention to Lepori's statement that obtaining permits for railroad and road transportation from both the American and Mexican governments was "the critical issue," "one of the most crucial parts" of the contract, and that "the most important part was to obtain the permits."  **Ex. G** at 3:37-41; 21:47-22:11.  This service would have been performed by Jim Hamilton from his office in Keller, Texas, and not in Switzerland.  *See also* **Ex. G** at 12:23-28 (wherein Lepori testifies that C.H. Robinson employee Jim Hamilton "was chairman of the American Railroad Association which we believed was fundamental in order to get the permits within the specified deadlines.")

24.     Section 196 of the Restatement creates a presumption regarding what law applies to a contract for services, like the contract between Plaintiffs and C.H. Robinson.  Section 196 states:

> The validity of a contract for the rendition of services and the rights created thereby are determined in the absence of an effective choice of law by the parties, *by the local law of the state where the contract requires that the services, or a major portion of the services, be rendered,* unless, with respect to the particular issue, some other state has a more significant relationship under the

principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied.[2]

RESTATEMENT (SECOND) OF CONFLICT OF LAWS §196 (emphasis added). As C.H. Robinson did not render any services in Switzerland, the presumption is against the application of Swiss law.

25.     Moreover, Section 188 requires contracts "to be evaluated according to their relative importance with respect to the particular issue." Plaintiffs seek to recover sums they paid to resolve claims arising from an accident in the State of Texas, which Plaintiffs contend resulted from acts purportedly committed by C.H. Robinson in the State of Texas. Although Plaintiffs have never cited to a particular provision of the contract that they contend C.H. Robinson breached,[3] their complaint has focused solely on alleged failures that occurred in the State of Texas. They have never contended that C.H. Robinson did or failed to do anything in Switzerland or even Mexico that caused the accident.

26.     In addition, the Section 6 factors weigh in favor of the application of Texas law. Application of Texas law would protect the parties' justified expectations. The events that Plaintiffs complain of occurred in Texas, and the damages they seek to recover arise from claims that were filed and decided or resolved in Texas.[4] When Plaintiffs brought a cross-claim (later dismissed) against C.H. Robinson and its employee in the Zamora lawsuit, Plaintiffs made no

---

[2]  The section 6 factors were noted by the Court in its September 30, 2004 Order and are "(a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of these states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basis policies underlying the particular field of law, (f) certainty, predictability, and uniformity of the result, and (g) ease in the determination and application of the law to be applied." RESTATEMENT (SECOND) OF CONFLICT OF LAW §6.

[3]  In the cross claim they filed against C.H. Robinson in the underlying lawsuit (and later dismissed), Plaintiffs do not even reference the contract or any purported breach of the contract. **Ex. H,** *Cross-Claim filed by ABB Kraftwerke and ABB Alstom against C.H. Robinson and Todd Strever, in Zamora lawsuit.*

[4]  The settlement agreement between C.H. Robinson and the Zamora family specifically states that the settlement agreement shall be governed by and construed in accordance with the laws of the State of Texas. **Ex. I,** *Compromise, Settlement and Release Agreement* at 9, ¶13.

mention of the proposed application of Swiss law. The contract between C.H. Robinson and ABB Alstom's predecessor did not call for the application of Swiss law. In settling the Zamora's family's claims against it, C.H. Robinson relied on the laws of Texas, which prohibit recovery of contribution from a settling co-defendant.

27.     "Certainty, predictability, and uniformity of result" and promotion of the basic policies favoring settlement also call for the application of Texas law. To allow Swiss and German co-defendants to seek recovery from C.H. Robinson for sums paid by those co-defendants based on a purported breach of contract claim under Swiss law would introduce an element of unpredictability and uncertainty and would undermine the well-established policies favoring settlement and orderly dispute resolution. *See* TEX. CIV. PRAC. & REM. CODE § 154.002; *Schlumberger Technology Corp. v. Swanson,* 959 S.W.2d 171, 178 (Tex. 1997); *Elbaor v. Smith,* 845 S.W.2d 240, 250 (Tex. 1992); *Ranger Ins. Co. v. Ward,* 107 S.W.3d 820, 827 (Tex. App. – Texarkana, pet. denied); *Cadle Co. v. Castle,* 913 S.W.2d 627, 638 (Tex. App. – Dallas 1995, writ denied); *see also Miller v. Republic Nat'l Life Ins. Co.,* 559 F.2d 426, 428 (5th Cir. 1977).

28.     "Ease in the determination and application of the law to be applied" also weighs in favor of the application of Texas law, particularly in light of Plaintiffs' failure to provide the translated, substantive evidence of foreign law – despite the fact that seventeen months have passed since Plaintiffs filed the original Motion for Application of Swiss law, and that this case is now one month away from docket call.

*Plaintiffs' Fourth Contention*

29.     Plaintiffs' fourth contention, which again, relates only to their breach of contract claim, is that the origination of the contract occurred in Mexico, not Texas. Plaintiffs are

referring to information, already garnered in the underlying lawsuit and therefore available to Plaintiffs when they made their first motion for application of Swiss law, that Jim Hamilton, the C.H. Robinson employee who negotiated the contract with ABB Alstom's predecessor, first met an ABB representative while Hamilton was in Mexico, working on a job for Siemens Westinghouse. **Ex. E,** *April 25, 2000, Deposition of James Hamilton,* at 15:15-16:2. This information does not suggest that the contract "originated" in Mexico. Contract negotiations did not begin until Jim Hamilton returned to C.H. Robinson's Keller, Texas office and submitted a price quotation to ABB. **Ex. E** at 17:20-18:3. Plaintiffs' assertion does not merit reconsideration of the Court's order denying Plaintiffs original Motion for Application of Swiss law, since (1) the Restatement factors do not consider when the parties to the contract first met; (2) the information has been available to Plaintiffs for five years; and (3) the information does not weigh in favor of the application of Swiss law.

*Plaintiffs' Fifth Contention*

30.    Plaintiffs' final argument for reconsideration appears to be that, because C.H. Robinson has not contradicted the Affidavit of Mr. Huegin, Mr. Huegin's legal opinions concerning the substance of Swiss law are controlling. As stated above, ¶¶ 7-9, Plaintiffs have the burden of establishing the substance of Swiss law. C.H. Robinson has no obligation to correct Plaintiffs' failure to meet their burden. Because they have failed to meet their burden, the law of the forum state, Texas, should apply. *See supra* at ¶ 9.

## V. Conclusion

31.     C.H. Robinson asks the Court to deny Plaintiffs' Amended Motion for Rehearing on the Application of Swiss Law because Plaintiffs have failed to meet their burden to establish with reasonable certainty the substance of Swiss law, and Plaintiffs have not presented or even referenced any new evidence or law that would favor the application of Swiss law.

## VI. Prayer for Relief

For these reasons, Defendant C.H. Robinson respectfully requests that Plaintiffs' Amended Motion for Rehearing on the Application of Swiss Law be denied, that Texas law be found to apply to all issues, and that C.H. Robinson be granted all other relief to which it is entitled, both in law and equity.

Respectfully submitted,

MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.

By: _Karen C. Ciotti_

Steven J. Watkins
ATTORNEY-IN-CHARGE
State Bar No. 20927700
So. Dist. Bar No. 146

3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone:  (713) 615-8500
Facsimile:  (713) 615-8585

ATTORNEYS FOR DEFENDANT
C.H. ROBINSON COMPANY

15

OF COUNSEL:

Karan C. Ciotti
State Bar No. 05226300
So. Dist. Bar No. 16874
MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone:  (713) 615-8500
Facsimile:  (713) 615-8585

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing Defendant C.H. Robinson Company's Response to Plaintiffs' Amended Motion for Rehearing on Application of Swiss Law by certified mail, return receipt requested, on this the 20th day of April, 2005 to the following:

Justin L. Williams
The Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas 78473

_Karan C. Ciotti_
Karan C. Ciotti

## APPENDIX TO C.H. ROBINSON COMPANY'S RESPONSE
## TO PLAINTIFFS' AMENDED MOTION FOR REHEARING
## ON THE APPLICATION OF SWISS LAW

**Ex A**     *Bakhico Co. Ltd. v. Shasta Beverages, Inc.,* 1998 WL 614647 *3 (N.D. Tex. 1998) (unpublished opinion)

**Ex. B**     *Affidavit of Thomas J. Sandstrom*

**Ex. B.1**     CHR ABB 00045, 00047, 00050, and 00054-57

**Ex. C**     *Deposition of John Barry taken December 15, 2004*

**Ex. D**     *Deposition of Todd Strever taken January 21, 2005*

**Ex. E**     *Deposition of James Hamilton taken April 25, 2000*

**Ex. F**     *Deposition of Tom Ferguson taken February 25, 2005*

**Ex. G**     *Statement of Sandro Lepori taken February 14, 2005*

**Ex. H**     *Cross-Claim filed by ABB Kraftwerke and ABB Alstom against C.H. Robinson and Todd Strever, in Zamora lawsuit*

**Ex. I**     *Compromise, Settlement and Release Agreement*