United States District Court
Southern District of Texas
FILED

MAY 11 2005

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD.<br>　　　　　　　　　Plaintiffs<br><br>VS.<br><br>C. H. ROBINSON COMPANY<br>　　　　　　　　　Defendant | §§§§§§§§§§§§§ | Civil Action No. B:03-CV-192 |

### PLAINTIFFS' SURREPLY TO DEFENDANT'S REPLY TO PLAINTIFFS' AMENDED RESPONSE TO MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE OF JUDGE OF SAID COURT:

NOW COME, ABB KRAFTWERKE AKTIENGESELLSCHAFT and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD., Plaintiffs (hereinafter referred to as "ABB") and file this their SURREPLY TO DEFENDANT'S REPLY TO PLAINTIFFS' AMENDED RESPONSE TO MOTION FOR SUMMARY JUDGMENT, and would show this Honorable Court as follows:

#### I. RIGHT TO CONTROL

1. Defendant takes the examples of right to control contained in Plaintiffs' response to Defendant's Motion for Summary Judgment, and suggest to the court that they are simply examples of an independent contractor accommodating its customer. At the least, the

question of whether these examples demonstrate a right to control or simply accommodation is a question of fact, not the subject of summary judgment.

2. As cited to the court, the test for agency is the right to control, whether that right is exercised or not. Here, the testimony is that ABB had the right to interfere with how Defendant performed their work, which clearly takes Robinson out of independent contractor status. While Robinson claims the examples of ABBs' right to control the details of their work amount only to accommodation, it is the principle's extent of control over the details of accomplishing the assigned task that primarily distinguishes the relationship of independent contractor from that of agent. <u>Walker Insurance Services v. Bottle Rock Power Corp.</u>, 108 S.W.2d 538 (Tex. Civ. App. [Houston 14th Dist.] 2003, no writ). In other words, despite Defendant's protestations that ABBs' directions and Robinson following those directions amount to only accommodation they establish the control necessary for the agency relationship.

3. Further, the testimony is that ABB directed Robinson to use a different method of tying the generator to the railcar. Robinson, attempts to get around this action by stating it is simply a case of accommodating the customer. Rather, than accommodation it is an example of ABB exercising its right to control the details of Robinson's work. Tie down of the generator is not the end result but the means or details by which Robinson is to accomplish the work.

4. The testimony of Hamilton, Strevor and Lepori is clear, ABB had the right to direct the details and means of how Robinson performed their work. The right to interfere,

the term used by both Hamilton and Lepori, does not constitute an accommodation on the part of Robinson, but rather the right to control the details of Robinson's work.

## II. Vicarious Liability

5. In the <u>Zamora</u> lawsuit the Plaintiffs' allegations of product liability against ABB were based upon a failure to warn theory. The Plaintiffs claimed that ABB should have had a decal on the generator warning or instructions that the top bolts on the lifting plate did not hold the plate on the generator.

6. A lifting plan, part of the contractual requirement breached by Robinson would have taken care of the <u>Zamora</u> Plaintiffs failure to warn claims. The lifting plan, if properly executed would have provided instructions on how to properly remove the jacking plates to Robinson's subcontractors so there would have been no failure to warn claim against ABB.

7. As a result of Robinson's failure to perform under the contract, ABB was sued, ABB became vicariously liable for Robinson's inactions, whether the <u>Zamora</u> Plaintiffs couched their complaint in that language or not.

8. The negligence claim against ABB by the <u>Zamora</u> Plaintiffs is even more illustrative of this point. The <u>Zamora</u> Plaintiffs claimed ABB failed to properly oversee or supervise the lift, a job that is clearly Robinsons under the contract. The <u>Zamora</u> Plaintiffs causes of action or the direct consequences of the failure of the agent to perform their assigned tasks and resulted in liability against ABB for this failure. The fact the <u>Zamora</u> Plaintiffs did not couch their complaint in terms of vicarious liability does not keep the allegations from being the direct responsibility of Robinson.

### III. Robinson Hired for Specific Purpose

9. This is one of the factors of agency and it is agreed to by Robinson in their response to Plaintiffs' Reply to Motion for Summary Judgment. Agency can be only for the performance of a specific task and terminate on the completion of that task. <u>Clinkenbeard v. Central Southwest Oil Corp.</u>, 526 Fed. 649 (5th. Cir. 1976). A special agent may perform only individual acts. In other words, a special agent is one empowered to do only a particular thing or a particular class of work. <u>Great American Cas. Co. v. Richelberger</u>, 37 S.W.2d 1050 (Tex. Civ. App.–Waco 1931), writ refused.

### IV. ABB not Required to Control all Details of Robinson's Work to Establish Agency

10. ABB is not required to control or supervise all the details of Robinson's work to establish agency. Robinson lists various parts of their job that they had expertise in and points out to the court that ABB did not control the details of these assignments. No case requires the control of all aspects of an agent's work to establish agency. Indeed, if ABB controlled every aspect of Robinson's work, Robinson would not be an agent of ABB but would become a borrowed employee or servant.

11. The fact that Roland Schneider was in Brownsville to observe the operations, not supervise the operations does not affect the agency determination.

12. While in Brownsville, Schneider controlled the details of Robinson's work. Schneider told Robinson how he wanted the generator secured to the railroad car. Robinson complied with these instructions.

13. The testimony from Strevor is that ABB had the right to tell Robinson how to do their job, which is sufficient control to establish agency.

## V. Equipment

14. Robinson contracted to supervise the movement of the equipment from the Port of Brownsville to set-up outside of Monterrey. It was never expected that Robinson would use its own employees or equipment to perform the tasks required under the contract.

15. Since Robinson hired contractors to perform the work required and Robinson's function was limited to supervising the various aspects of the movement of the generators, it is clear that Robinson would not be using their own equipment to perform the work required under the contract. There is no testimony that the equipment used by Schaefer Stevedoring or Brownsville Barge & Crane belonged to Robinson.

16. What is clear is that ABB paid for the spreader bars used by the crane, supplied the wood cradle the generator was placed on when it was set on the railcar, and provided the technical drawings required by both Robinson and the railroad company, this includes Roalnd Schneider providing the drawing of the generator on the railcar which was done while Mr. Schneider was in Brownsville and was a critical part of the equipment used for the work because the drawing had to be provided to the railroad in order to determine adequate clearances.

## VI. Conclusion

17. ABB had the right to control the details of Robinson's work and exercised that right, which eliminates any independent contractor status on Robinson's behalf.

18. Robinson was not the borrowed servant or employee of ABB, but rather ABB's agent for the specific purpose of moving the equipment from Brownsville to Monterrey.

19. If the court looks at what the Zamora family claimed was ABB's responsibility resulting in Oscar Zamora's death, then looks at what Robinson was responsible for under the contract, it becomes clear that ABB is or was held liable for the actions or inactions of Robinson.

WHEREFORE, PREMISES CONSIDERED, ABB prays that Robinson's Motion for Summary Judgment is denied and for such other and further relief to which they may show themselves entitled.

Respectfully submitted,

The Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas 78473
Telephone:   (361) 888-7702
Facsimile:   (361) 888-7717

By: _____
Justin L. Williams
State Bar Number 00795384

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was forwarded on this the 10th day of May, 2005, to all counsel of record, as listed below and in the manner designated:

**FEDERAL EXPRESS:**
Mr. Steven J. Watkins
Ms. Karan C. Ciotti
McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010

Justin L. Williams