United States District Court
of Texas

MAY 11 2005

N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD. | § § § § § § | |
| Plaintiffs | § | CIVIL ACTION NO. B-03-192 |
| vs. | § § § | |
| C.H. ROBINSON COMPANY | § § | |
| Defendant | § | |

## C.H. ROBINSON'S PROPOSED CONCLUSIONS OF LAW

### Choice of Law - Generally

1. A forum state's conflict of laws rules are considered substantive law. A federal court sitting in diversity in Texas applies Texas choice-of law-rules. *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941); *see also Spence v. Glock, GmbH* 227 F.3d 308, 311 (5th Cir. 2000).

2. No choice of law analysis is necessary in the absence of an actual conflict of laws. *Schneider Nat'l Transport v. Ford Motor Co.*, 281 F.3d 532, 536 (5th Cir. 2003); *W.R. Grace & Co. v. Cont'l Cas. Co.*, 896 F.2d 865, 874 (5th Cir. 1990) (when the substantive decisional law of all relevant jurisdictions is the same, a court need not "go through the motions" of making a choice of law).

3. Plaintiffs have the burden to prove the substance of foreign law "to a reasonable certainty such that the district court could apply it," and to demonstrate an actual conflict between Texas and Swiss law. *In re Avantel, S.A.*, 343 F.3d 311, 321-22 (5th Cir. 2003), citing *Banque Libanaise Pour Le Commerce v. Khreich*, 915 F.2d 1000, 1006 (5th Cir. 1990); *Houston Casualty Co. v. Certain Underwriters at Lloyd's London*, 51 F.Supp.2d 789, 799 (S.D. Tex. 1999), *aff'd without published opinion*, 252 F.3d 1357.

4. Absent sufficient proof to establish with reasonable certainty the substance of foreign law, the district court should apply the law of the forum. *In re Avantel, S.A.*, 343 F.3d at 321-22, citing *Seguros Tepeyac, S.A. Compania Mexicana de Seguros Generales v. Bostrom*, 347 F.2d 168, 174-5 n. 3 (5th Cir. 1965) (noting

that it is generally agreed that "the law of the forum should apply when foreign law is not proved"); *Banque Libanaise*, 915 F.2d at 1006; *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1223-24 (10th Cir. 2000), *aff'd* 532 U.S. 588, 121 S.Ct. 1776, 149 L.Ed. 845 (2001).

### Choice of Law – Breach of Contract

5.  In the absence of a choice of law contract clause, Texas law applies the "most significant relationship" test from the RESTATEMENT (SECOND) OF CONFLICT OF LAWS to determine what forum's laws will be applied to resolve the issue at hand. *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421, 431 (Tex. 1984). The Court looks to the quality of the contacts with the forum. *Id.* at 421. Contacts are evaluated within the general framework of principals set out in section 6 of the Restatement. *Id.* at 42-21 n.5.

6.  Section 188 of the Restatement sets out specific factors for determining what law applies to contract cases. The factors are (a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188; *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 678-79 (Tex. 1990), *cert. denied* 498 U.S. 1048, 111 S.Ct. 755, 112 L.Ed.2d 775 (1991) (adopting section 188 of the Restatement); *Access Telecom, Inc. v. MCI Telecommunications Corp.*, 197 F.3d 694, 705 (5th Cir. 1999). Contacts are to be evaluated according to their relative importance with respect to the particular issue." RESTATEMENT § 188.

7.  The location of offices other than headquarters and place of incorporation are considered in determining "the domicile, residence, nationality, place of incorporation and place of business of the parties." RESTATEMENT § 188; *See Perez v. Alcoa Fujikura, Ltd.*, 969 F.Supp. 991, 1004, 1005 (W.D. Tex. 1997) (in weighing section 188 factors and ultimately applying Texas law to a food services agreement, court noted that defendants were Mexican entities, but one entity had an office in Texas and the other entity's parent corporation had offices in Texas); *Bakhico Co. Ltd. v. Shasta Beverages, Inc.*, 1998 WL 614647 *3 (N.D. Tex. 1998) (unpublished opinion) (in weighing section 188 factors and ultimately applying Texas law, court noted that defendant Reynolds's principal place of business was in Virginia, but defendant was also authorized to do business in Texas and was a resident of Texas with a production facility located in Houston, Texas).

8.  Section 196 of the Restatement provides additional guidance for determining what law applies to contract cases where the contract is one for services. Section 196 states:

> The validity of a contract for the rendition of services and the rights created thereby are determined in the absence of an effective choice of law by the parties, by the local law of the state where the contract requires that the services, or a major portion of the services, be rendered, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied.

RESTATEMENT § 196. When an agreement provides for the performance of personal services in a single forum, this factor generally outweighs other factors and the law of the state in which the performance is to be tendered controls absent a more significant relationship with another state as revealed by section 6 of the Restatement. *See DeSantis*, 793 S.W.2d at 679.

9. Section 6 of the Restatement lists seven factors to consider in the "most significant relationship" test: "(a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of these states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability, and uniformity of the result, and (g) ease in the determination and application of the law to be applied." RESTATEMENT § 6.

10. Any interest Mexico may have in the application of its laws is attenuated given that none of the parties are residents of Mexico. *Pruitt v. Levi Strauss & Co.*, 932 F.2d 458, 461-62 (5th Cir. 1991).

11. The number of contacts with a particular state is not determinative in a choice of law analysis. Selection of the applicable law depends on the qualitative nature of the particular contacts. *Duncan v. Cessna*, 665 S.W.2d at 421.

12. Texas substantive law applies to Plaintiffs' breach of contract claim. *Court's September 30, 2004 Order on Plaintiffs' Motion for Application and Defendant's Amended Motion to Dismiss* at 10-12.

### Choice of Law – Limitations Defense to Breach of Contract Claim

13. Texas law applies to all procedural issues in this suit. *Johansen v. E.I. DuPont de Nemours & Co.*, 810 F.2d 1377, 1381 (5th Cir. 1987); *Court's September 30, 2004 Order on Plaintiffs' Motion for Application and Defendant's Amended Motion to Dismiss* at 12. Statutes of limitation are procedural in nature. *Baker Hughes, Inc. v. Keco R&D, Inc.*, 12 S.W.3d 1, 4 (Tex. 1999).

### Choice of Law - Indemnity

14. In addition to the Restatement factors in section 6, the "most significant relationship" test for torts, found in section 145 of the Restatement, is used to determine the applicable law for an indemnity claim. *See Torrington Co. v. Stutzman,* 46 S.W.2d 829, 848 (Tex. 2000). Those factors are (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation, and place of business of parties, and (d) the place where the relationship, if any between the parties is centered. RESTATEMENT § 145; *see also* RESTATEMENT § 173 cmt. b ("[A] right to indemnity in tort will usually be determined by the local law of the state of conduct and injury.")

15. Texas law applies to all claims and issues in this case. *Court's September 30, 2004 Order on Plaintiffs' Motion for Application and Defendant's Amended Motion to Dismiss* at 14.

### Breach of Contract Claim – Limitations Defense

16. Under Texas law, the limitations period for a breach of contract cause of action is four years. TEX. CIV. PRAC. & REM. CODE § 16.004(a)(5) (Vernon 2002); *Kansa Reinsurance Co., Ltd. v. Contressional Mortgage Corp of Texas,* 20 F.3d 1362, 1368 (5th Cir. 1994).

17. The limitations period for a breach of contract cause of action runs from the date of the alleged breach. *Stine v. Stewart,* 80 S.W.3d 586, 592 (Tex. 2002). The statute of limitations begins to run from the time the alleged breach is committed "even where little, if any actual damage occurs immediately." *Hunton v. Guardian Life Ins. Co. of America,* 243 F.Supp.2d 686, 702-02 (S.D. Tex. 2002), citing *Atkins v. Crosland,* 417 S.W.2d 150, 153 (Tex. 1967).

18. Plaintiffs' claims for breach of contract are barred by limitations.

### Breach of Contract Claim

19. Plaintiff ABB Kraftwerke Aktiengesellschaft has no claim for breach of contract against C.H. Robinson because it has not contract with C.H. Robinson. *Temple Eastex, Inc. v. Old Orchard Creek Partners, Ltd.,* 848 S.W.2d 724, 730 (Tex. App. – Dallas 1992, writ denied) ("Generally, only parties to a contract have the right to complain of its breach.").

20. Plaintiff ABB Alstom Power has failed to plead a set of facts that would support a claim for breach of contract. *FDIC v. Ernst & Young,* 967 F.2d 166, 1172 (5th Cir. 1992).

### Indemnity Claim – Limitations Defense

21. Under Texas law, the limitations period for a claim of common law indemnity is two years. TEX. CIV. PRAC. & REM. CODE § 16.003 (Vernon 2002); *Advent Trust Co. v. Hyder*, 12 S.W.3d 534, 543 (Tex. App. – San Antonio 1999, pet. denied); *Powell v. Brantly Helicopter Corp.*, 396 F.Supp. 646, 652 (E.D. Tex. 1975); *Littlefield v. Scott*, 244 S.W. 824, 826 (Tex. Civ. App. – Beaumont 1922, writ ref'd).

22. The limitations period for an indemnity claim begins to run from the date of accrual. The claim accrues when the underlying litigation is settled or a judgment is rendered. *Advent Trust Co. v. Hyder*, 12 S.W.3d 534, 543 (Tex. App. – San Antonio 1999, pet. denied).

23. Plaintiffs' claim for common law indemnity is barred by limitations. TEX. CIV. PRAC. & REM. CODE § 16.003 (Vernon 2002); *Advent Trust Co. v. Hyder*, 12 S.W.3d 534, 543 (Tex. App. – San Antonio 1999, pet. denied); *Powell v. Brantly Helicopter Corp.*, 396 F.Supp. 646, 652 (E.D. Tex. 1975); *Littlefield v. Scott*, 244 S.W. 824, 826 (Tex. Civ. App. – Beaumont 1922, writ ref'd).

### Indemnity Claim – Equitable Estoppel Defense

24. "The doctrine of equitable estoppel requires: (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations." *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515-16 (Tex. 1998).

### Indemnity Claim – Waiver Defense

25. Waiver is an intentional relinquishment of a known right or intentional conduct inconsistent with claiming a right. *Bekins Moving & Storage Co. v. Williams*, 947 S.W.2d 568, 576 (Tex. App. – Texarkana 1997, no writ), citing *Massachusetts Bonding & Ins. Co. v. Orkin Exterminating Co.*, 416 S.W.2d 396, 401 (Tex. 1967).

### Indemnity Claim

26. Texas law recognizes two categories of indemnity: contractual and common law. *Hardy v. Gulf Oil Corp.*, 949 F.2d 826, 830 (5th Cir. 1992); *Bonniwell v. Beech*

*Aircraft Corp.*, 663 S.W.2d 816, 819 (Tex. 1984) (recognizing survival of "a vestige of common-law indemnity," for purely vicarious liability); *B&B Auto Supply, Sand Pit & Trucking Co., v. Central Freight Lines, Inc.*, 603 S.W.2d 814, 817 (Tex. 1980) (holding that comparative fault system eliminated common law right of indemnity between joint tortfeasors, but did not bar contractual indemnity or indemnity for purely vicarious liability). Unlike contractual indemnity, common law indemnity in Texas is extremely circumscribed, and thus the general rule is that common law indemnity no longer exists in Texas. *See e.g., Cypress Creek Utility Serv. Co. v. Muller,* 640 S.W.2d 860, 864 (Tex. 1982).

27. Neither Plaintiff has a claim for contractual indemnity against C.H. Robinson. *Hardy v. Gulf Oil Corp. v. Bouygues Offshore U.S.A., Inc.*, 949 F.2d 826, 830 (5th Cir. 1992) (holding that a claimant who has failed to secure an indemnity contract does not have a claim for contractual indemnity).

28. Common law indemnity is only available only to a defendant whose liability is **purely** vicarious in nature. *Hardy,* 949 F.2d at 831 (5th Cir. 1992) (emphasis added); *see also B&B Auto Supply v. Central Freight Lines, Inc.,* 603 S.W.2d 814 (Tex.1980) (holding that there is no common-law right to indemnity between joint tortfeasors and stating, "Our holding is not intended to bar indemnity in cases in which there is a contractual basis for indemnity or cases in which one party's liability is **purely** vicarious.") (emphasis added); *Vecellio Ins. Agency, Inc. v. Vanguard Underwriters Ins. Co.*, 127 S.W.3d 134, 138 (Tex. App. – Houston [1st Dist.] 2003, no pet.). ("Therefore, in a case in which one defendant's liability is premised **solely** on *respondeat superior*, that defendant's liability is purely vicarious, and a claim for common law indemnity exists.") (emphasis added); *Compton v. Texaco, Inc.,* 42 S.W.3d 354, 361-362 (Tex. App. – Houston [14th Dist.] 2001, pet. denied) (holding common-law indemnity unavailable to party that settled claims of direct liability, as opposed to being held vicariously liable for the conduct of another), *citing Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 819-20 (Tex. 1984); *St. Anthony's Hospital v. Whitfield,* 946 S.W.2d 174, 178 (Tex. App. – Amarillo 1997, writ denied) (holding that hospital's common-law claim for indemnity was not extinguished where **sole** theory of liability against hospital in underlying lawsuit was *respondeat superior* liability for negligence of employee) (emphasis added).

29. Where a defendant is sued for its own, direct negligence, and not for vicarious liability, it may not pursue a claim for indemnity against its purported agent. *See St. Anthony's Hospital v. Whitfield,* 946 S.W.2d 174, 178 (Tex. App. – Amarillo 1997, writ denied).

30. The only means of determining the nature of the claims against ABB Kraftwerke and ABB Alstom Power in the Zamora Lawsuit is through a review of the pleadings. *Id.* at 176, 178.

31. The public policy of the State of Texas favors settlement. TEX. CIV. PRAC. & REM. CODE § 154.002; *Schlumberger Technology Corp. v. Swanson*, 959 S.W.2d 171, 178 (Tex. 1997); *Elbaor v. Smith*, 845 S.W.2d 240, 250 (Tex. 1992).

32. Neither ABB Kraftwerke nor ABB Alstom Power settled claims for vicarious liability. *See St. Anthony's Hospital v. Whitfield*, 946 S.W.2d 174, 175, 178 (Tex. App. – Amarillo 1997, writ denied).

33. Neither ABB Kraftwerke nor ABB Alstom Power was vicariously liable for the acts or omissions of C.H. Robinson.

### Agency v. Independent Contractor

34. Under the doctrine of judicial estoppel, a party who has made a sworn statement in a pleading, deposition, oral testimony, or affidavit in a judicial proceeding is barred from maintaining a contrary position in a subsequent proceeding. *Brown v. Lanier Worldwide, Inc.*, 124 S.W.3d 883, 898 (Tex. App. – Houston [14th Dist.] 2004, no writ). "Significantly, the doctrine is intended to protect the integrity of the judicial system and to prevent a party from 'playing fast and loose' with the courts to suit the party's purposes." *Id.* at 899. The elements of judicial estoppel are (1) a sworn, prior inconsistent statement made in a prior judicial proceeding; (2) the successful maintenance of the contrary position in the prior action; (3) the absence of inadvertence, mistake, fraud, or duress in the making of the prior statement; and (4) the statement was deliberate, clear, and unequivocal. *Id.*

35. Pleadings in other actions that contain statements inconsistent with the party's present position can be received as judicial admissions. *Brown v. Lanier Worldwide, Inc.*, 124 S.W.3d 883, 900 (Tex. App. – Houston [14th Dist.] 2004, no pet.). A judicial admission is a statement of fact that conclusively disproves a right of recovery or defense currently asserted. *Id., citing Richards v. Comm'n for Lawyer Discipline*, 35 S.W.3d 243, 247 (Tex. App. – Houston [14th Dist.] 2000, no pet.). A" judicial admission must be (1) made in the course of a judicial proceeding; (2) contrary to an essential fact for the party's defense; (3) deliberate, clear, and unequivocal; (4) related to a fact upon which judgment for the opposing party could be based; and (5) the enforcement of the admission would be consistent with public policy." *Id., citing Richards v. Comm'n for Lawyer Discipline*, 35 S.W.3d 243, 247 (Tex. App. – Houston [14th Dist.] 2000, no pet.); *see also Horizon/CMS Healthcare Corporation v. Auld*, 34 S.W.3d 887, 905 (Tex. 2000). A judicial admission is conclusive on the party making it; thus, it relieves his adversary from proving the fact admitted to and further bars the party from disputing it. *Horizon/CMS Healthcare*, 34 S.W.3d at 905; *Brown v. Lanier*, 124 S.W.3d at 900. Statements made by a party's attorney qualify as judicial admissions. *Brown v. Lanier*, 124 S.W.3d at 900.

36. A question of agency is generally one of fact, though where a set of facts is established, the existence of such a relationship can be determined as a matter of

law. *Royal Mortg. Corp. v. Montague*, 41 S.W.3d 721, 733 (Tex. App.—Fort Worth 2001, no pet.).

37. In order for an agency relationship to exist, there must be an agreement between the parties, either express or implied, indicating that there was a meeting of the minds as to the agency relationship. *Northwinds Abatement, Inc. v. Employers Ins. of Wausau*, 258 F.3d 345, 351 (5th Cir. 2001); *Lone Star Partners v. NationsBank Corp.*, 893 S.W.2d 593, 599-600 (Tex. App.—Texarkana 1994, writ denied). Other factors used to determine whether such an agency relationship existed include (1) the independent nature of the business; (2) the obligation of the contractor to furnish necessary tools, supplies, and material to perform the job; (3) the right of control over the details and progress of the work, not including details as to final results; (4) the time for which the contractor is hired; and (5) the method of payment, whether it be by time or by the job. *Limestone Products Distribution, Inc. v. McNamara*, 71 S.W.3d 308, 312 (Tex. 2002); *Pitchfork Land & Cattle Co. v. King*, 346 S.W.2d 598, 603 (Tex. 1961); *Indust. Indemnity Exch. v. Southard*, 160 S.W.2d 905, 907 (Tex. 1942).

38. "The 'right to control' remains the 'supreme test'" of an agency relationship. *Newspapers, Inc. v. Love*, 380 S.W.2d 582, 590 (Tex. 1964); RESTATEMENT (FIRST) OF AGENCY §1 (defining the agency relationship as that which results from the "consent by one person to another that the other shall act...subject to his control.").

39. The factors to consider in determining whether someone is an independent contractor, as opposed to an agent, are: (1) the independent nature of the business; (2) its obligation to furnish necessary tools, supplies, and material to perform the job; (3) its right to control the progress of the work, except as to final results; (4) the time for which the company is employed; and (5) the method of payment, whether by time or by the job. *Texas A&M Univ. v. Bishop,* 156 S.W.3d 580, 584-85 (Tex. 2005), *citing Indus. Indem. Exch. v. Southard,* 160 S.W.2d 905, 906 (Tex. 1942).

40. The possibility that one of the Plaintiffs may have paid for spreader bars used in the lift of turbines pursuant to the contract between C.H. Robinson and ABB Power Generation does not create a fact issue on the issue of agency. *See Hoechst Celanese Corp v. Compton,* 899 S.W.2d 215, 221 (Tex. App. – Houston [14th Dist.] 1994, writ denied) (police officers hired by Celanese to direct traffic were independent contractors, where they brought their own uniforms and reflective vests to job site, but used ten traffic cones provided by Celanese).

41. "Where one has the right to control the end sought to be accomplished but not the means and details of the accomplishment; that is, only what shall be done, not how it shall be done, the person employed acts as an independent contractor and not as an agent." *First Nat. Bank of Fort Worth v. Bullock*, 584 S.W.2d 548, 551-52 (Tex.Civ.App. – Austin 1979, writ ref'd n.r.e.). Where the only evidence of

the principal's right to control more than the end result is (1) testimony that the principal could have told the purported agent anything it wanted done and the purported agent would have done it, and (2) testimony that the principal exercised some minimal control over one aspect of the job, this is no more than a scintilla of evidence of the requisite right of control. *Anchor Cas. Co. v. Hartsfield*, 390 S.W.2d 469, 471 (Tex. 1965).

42. The sporadic action of an overzealous supervisor in directing the details of job does not make an independent contractor an agent. *Newspapers, Inc. v. Love*, 380 S.W.2d 582, 588 (Tex. 1964). "A building contractor agreeing to construct a residence for a man and wife in accordance with written plans and specifications does not cease to be an independent contractor insofar as the building of the house is concerned, simply because the wife may, despite the written contract, give minute instructions as to how she wants her fireplace constructed." *Id.*

43. A willingness to work to accommodate a customer's request does not equate to a right to control. *Schrum v. Land*, 12 F.Supp.2d 576, 582 (S.D.Tex. 1997); *citing Walker v. Federal Kemper Life Assur. Co.*, 828 S.W.2d 442, 452 (Tex. App. – San Antonio 1992, writ denied); *Anchor Cas. Co.*, 390 S.W.2d at 471.

44. In order to support the creation of a principal-agent relationship, a contract must evidence a meeting of the minds *as to the intent to create a principal-agent relationship*, not just a meeting of the minds. *A & S Elec. Contractors, Inc. v. Fischer*, 622 S.W.2d 601, 603-604 (Tex. App. – Tyler 1981, no writ) (emphasis added). Otherwise, every contract would establish a principal-agent relationship.

45. Where there is no ambiguity in a contract, the parties' disagreement over the interpretation of the contract will not make it ambiguous. *Sun Oil Co. v. Madeley*, 626 S.W.2d 726, 727, 732 (Tex. 1981).

46. C.H. Robinson was an independent contractor, and not an agent of either ABB Kraftwerke or ABB Alstom Power. *Northwinds Abatement, Inc. v. Employers Ins. of Wausau*, 258 F.3d 345, 351 (5th Cir. 2001); *Lone Star Partners v. NationsBank Corp.*, 893 S.W.2d 593, 599-600 (Tex. App.—Texarkana 1994, writ denied); *Limestone Products Distribution, Inc. v. McNamara*, 71 S.W.3d 308, 312 (Tex. 2002); *Pitchfork Land & Cattle Co. v. King*, 346 S.W.2d 598, 603 (Tex. 1961); *Indust. Indemnity Exch. v. Southard*, 160 S.W.2d 905, 907 (Tex. 1942); *Texas A&M Univ. v. Bishop*, 156 S.W.3d 580, 584-85 (Tex. 2005), *citing Indus. Indem. Exch. v. Southard*, 160 S.W.2d 905, 906 (Tex. 1942);

47. There is no evidence to support Plaintiffs' alleged causes of action, and C.H. Robinson is entitled to judgment as a matter of law. FED. R. CIV. P. 52(c).

Respectfully submitted,

MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.

By: /s/ Steven J. Watkins
Steven J. Watkins
ATTORNEY-IN-CHARGE
State Bar No. 20927700
So. Dist. Bar No. 146

3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

ATTORNEYS FOR DEFENDANT
C.H. ROBINSON COMPANY

OF COUNSEL:

Karan C. Ciotti
State Bar No. 05226300
So. Dist. Bar No. 16874
MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing C.H. Robinson's Proposed Conclusions of Law has been served via facsimile and via certified mail, return receipt requested, on this the 10th day of May, 2005, to the following:

Justin L. Williams
The Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas 78473

*Karan C. Ciotti*
_____
Karan C. Ciotti

DEFENDANT C.H. ROBINSON'S
PROPOSED CONCLUSIONS OF LAW                 11