UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD. | § § § § § § | |
| Plaintiffs | § | CIVIL ACTION NO. B-03-192 |
| vs. | § § § | |
| C.H. ROBINSON COMPANY | § § | |
| Defendant | § | |

**DEFENDANT C.H. ROBINSON'S TRIAL BRIEF
CONCERNING LIMITATIONS ON PLAINTIFFS' CLAIM
FOR COMMON-LAW INDEMNITY**

Defendant C.H. Robinson Company ("C.H. Robinson") files this trial brief concerning limitations on common law indemnity claims.

1. Under Texas law, the limitations period for a claim of common law indemnity is two years. TEX. CIV. PRAC. & REM. CODE § 16.003 (Vernon 2002); *Advent Trust Co. v. Hyder*, 12 S.W.3d 534, 543 (Tex. App. – San Antonio 1999, pet. denied); *Powell v. Brantly Helicopter Corp.*, 396 F.Supp. 646, 652 (E.D. Tex. 1975) (holding that, because a claim for common law indemnity "is in the nature of an implied contract arising out of a tort the applicable statute of limitations would appear to be two years."); *Littlefield v. Scott*, 244 S.W. 824, 826 (Tex. Civ. App. – Beaumont 1922, writ ref'd).

2. The limitations period for an indemnity claim begins to run from the date of accrual. The claim accrues when the underlying litigation is settled or a judgment is rendered. *Advent Trust Co.*, 12 S.W.3d at 543; *Powell*, 396 F.Supp. at 652.

3. On or about June 5, 2000, Plaintiffs ABB Kraftwerke and ABB Alstom Power settled the claims brought against them by the Zamora family. **Ex. A,** *Plaintiffs' Fourteenth Amended Original Petition in Zamora Lawsuit* (wherein the Zamora plaintiffs state that they settled with ABB Kraftwerke and ABB Alstom Power on or about June 5, 2000). The limitations period on ABB Kraftwerke and ABB Alstom Power's claim for common-law indemnity for any sums paid to the Zamora family therefore expired in June 2002. Plaintiffs did not file suit against C.H. Robinson until July 16, 2003. *ABB Plaintiffs' Original Complaint, file stamped July 16, 2003.* Because Plaintiffs' claim against C.H. Robinson was filed more than two years after the date they settled with the Zamora family, their claim for common law indemnity is barred by limitations.

### Request for Relief

4. For these reasons, C.H. Robinson asks the Court to deny Plaintiffs' claim for common-law indemnity for any and all sums paid to the Zamora family, and for such other and further relief to which C.H. Robinson is justly entitled.

Respectfully submitted,

MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.

By: *Karan C. Ciotti*
Steven J. Watkins
ATTORNEY-IN-CHARGE
State Bar No. 20927700
So. Dist. Bar No. 146

3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

ATTORNEYS FOR DEFENDANT
C.H. ROBINSON COMPANY

OF COUNSEL:

Karan C. Ciotti
State Bar No. 05226300
So. Dist. Bar No. 16874
MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

## CERTIFICATE OF SERVICE

  I hereby certify that a true and complete copy of the above and foregoing Defendant C.H. Robinson Company's Trial Brief Concerning Limitations on Plaintiffs' Claim for Common Law Indemnity was forwarded by facsimile and certified mail, return receipt requested, on this the 11th day of May, 2005 to the following:

Justin L. Williams
The Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas 78473

               /s/ Karan C. Ciotti
               Karan C. Ciotti