UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD. | § § § § § § | |
| Plaintiffs | § | CIVIL ACTION NO. B-03-192 |
| | § | |
| vs. | § § | |
| C.H. ROBINSON COMPANY | § § | |
| Defendant | § § | |

DEFENDANT C.H. ROBINSON'S RESPONSE
TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT

Defendant C.H. Robinson Company ("C.H. Robinson") files this response to Plaintiffs' Motion for Leave to File Plaintiffs' Second Amended Original Complaint and in support thereof would show the Court as follows:

**Factual Background**

1.    In their motion for leave to amend, Plaintiffs state their bases for amendment are (a) to "add Zurich Insurance Company as a real party at interest" and (b) "to amend their petition to conform with the evidence developed in discovery." *Dkt No. 81, Plaintiffs' Motion for Leave to Amend Plaintiffs' Second Amended Original Complaint* at ¶¶ 1, 2.    Defendant C.H. Robinson has no objection to Plaintiffs' identification of their insurance carrier as the real party in interest.    However, Defendant does object to Plaintiffs' addition of new factual allegations that Plaintiffs have not

previously disclosed, and to any attempt to allege a new cause of action for unjust enrichment.

2.     One of the new allegations Plaintiffs make in their proposed Second Amended Complaint is that they made "direct payment to subcontractors to perform work on subsequent[1] lifts relieving Robinson of paying amounts it would have been required to pay if it had performed under the contract." *Plaintiffs' proposed Second Amended Original Complaint* at ¶ 50. This allegation is not supported by any evidence produced in discovery, and runs contrary to the information that Plaintiffs have produced to date. Plaintiffs' corporate representative, John Barry, testified that he did not know of anything that C.H. Robinson failed to do or did improperly under the contract after the March 23, 1999 lift. **Ex. A,** *Deposition of John Barry taken December 15, 2004* at 18:11-22. In response to the question, "Can you tell me more specifically which obligations under the contract C.H. Robinson failed to fulfill?" Mr. Barry responded, "Well, if they had properly performed their services under the contract, there wouldn't have been an accident and there wouldn't have been a fatality."[2] *Id.* at 18:11-16. This was Mr. Barry's only substantive response to questions concerning what, if any, obligations C.H. Robinson had under its contract with ABB Power Generation that it failed to fulfill. His response cannot be construed to cover any purported breach of the Contract *subsequent* to the March 23, 1999 lift, which allegedly caused Plaintiffs damages in the form of "direct payments to subcontractors." Moreover, Plaintiffs have never disclosed invoices or any

---

[1] "Subsequent lifts," refers to lifts after the March 23, 1999 generator lift and accident that resulted in the death of Oscar Zamora, Sr.
[2] Mr. Barry's testimony refers to the March 23, 1999 death of Mr. Oscar Zamora, Sr.

other evidence, pursuant to their Rule 26(a) disclosure requirements, of damages consisting of payments to subcontractors.

      3.     Plaintiffs make the additional new allegation that they "seek all monies they were required to pay as a result of having to directly hire additional contractors to perform the work Robinson originally contracted to perform, including, but not limited to, the costs of bringing a ship from Tampico for the subsequent[3] lifts." *Plaintiffs' proposed Second Amended Original Complaint* at ¶ 55. Plaintiffs have not previously alleged or produced any evidence, pursuant to Rule 26(a) or otherwise, to suggest that they had to pay to bring a ship from Tampico. The allegation, again, clearly concerns events subsequent to the March 23, 1999 accident that resulted in the death of Mr. Zamora. Mr. Barry testified on behalf of Plaintiffs that he did not know of anything C.H. Robinson did or failed to do in breach of the Contract after the March 23, 1999 accident. Consequently, this is a new allegation not supported by the evidence developed to date.

      4.     Plaintiffs also appear to be making a new claim, one for unjust enrichment. *Plaintiffs' proposed Second Amended Original Complaint* at ¶ 50. Plaintiffs allege under the guise of their alleged breach of contract claim, "Robinson was unjustly enriched in that Plaintiffs made direct payments to contractors to perform work in subsequent lifts relieving Robinson of paying amounts it would have been required to pay if it had performed under the contract." Plaintiffs have not previously made this claim. *See Plaintiffs' First Amended Original Complaint.*

---

[3] Again, the reference is to lifts after the March 23, 1999 generator lift and accident that resulted in the death of Oscar Zamora, Sr.

**Argument and Authorities**

5.    Rule 15(a) governs the amendment of pleadings.  "[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."    FED. R. CIV. P. 15(a). Nonetheless, the Supreme Court has held that leave need not be granted in instances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962); *Smith v. EMC Corp.,* 393 F.3d 590, 596 (5th Cir. 2004) ("The Court of Appeals examines five considerations to determine whether to grant a party leave to amend a complaint: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.");

6.    In exercising its discretion in ruling on a motion for leave to amend, the Court may properly consider "unexplained delay" and whether the facts underlying the proposed amended complaint were known to the Plaintiff when the original complaint was filed. *Matter of Southmark Corp.,* 88 F.3d 311, 316 (5th Cir. 1996).  In *Southmark,* the Fifth Circuit found that the bankruptcy court properly denied the debtor's motion for leave to amend where leave was sought to add a fact of which the debtor had been aware since before it filed the original complaint and a cause of action based on the identical, known facts that underlay the original complaint.  In *Southmark,* leave was sought 38 months after the facts at issue, and 13 months after the original complaint was filed. Here, Plaintiffs seek to add new factual allegations and a new cause of action <u>6 years</u>

after the facts alleged, and 22 months after Plaintiffs filed their original complaint.  As

stated by the Court of Appeals in *Southmark*, "Liberality in pleading does not bestow on

a litigant the privilege of neglecting her case for long period of time."  *Id.* at 315-16,

citing *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981).

7.      The Court may also consider prejudice to the Defendant in ruling on

Plaintiffs' motion for leave to amend.  Allowing Plaintiffs to amend their complaint at

this juncture, i.e., about one week prior to docket call and 10 weeks after the close of

discovery, would inject new facts into this suit and a new purported cause of action that

would require additional discovery.  The Court may deny leave if amendment would

"necessitate reiteration of discovery proceedings," thereby prejudicing Defendant.

*Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 599 (5th Cir. 1981); *Campania*

*Management Co. v. Rooks, Pitts & Pooust*, 290 F.3d 843, 849 (7th Cir. 2002).

8.      Finally, leave to amend should be denied because the proposed

amendments would be futile.  *Foman*, 371 U.S. at 182, 83 S.Ct. at 230; *Southmark*, 888

F.3d at 315.  The new factual allegations, like all other factual allegations Plaintiffs have

put forth to date, do not allege a breach of contract within the applicable four-year

limitations period,[4] *Kansa Reinsurance Co., Ltd. v. Contressional Mortgage Corp of*

*Texas*, 20 F.3d 1362, 1368 (5th Cir. 1994), or an indemnity claim within the two-year

limitations period, *Advent Trust Co. v. Hyder*, 12 S.W.3d 534, 543 (Tex. App. – San

Antonio 1999, pet. denied).  The new cause of action Plaintiffs seek to add, unjust

enrichment, also has a limitations period of two years.  *Mayo v. Hartford Life Ins. Co.*,

---

[4] Defendant would direct the Court's attention to Joint Pretrial Order filed by the parties on May 11, 2005, in which Plaintiffs concede that Plaintiff ABB Kraftwerke has no cause of action for breach of contract and that, if Texas law applies, Plaintiff ABB Alstom Power's claim for breach of contract is barred by limitations. *Joint Pre-Trial Order* at p. 29, ¶ 8(a)(2-3).

354 F.3d 400, 410 (5th Cir. 2004); *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998).    Hence, all Plaintiffs' causes of action are barred by limitations, and Plaintiffs have not demonstrated otherwise.

**Request for Relief**

9.    For these reasons, C.H. Robinson asks the Court to deny Plaintiffs' Motion for Leave to Amend Plaintiffs' Second Amended Original Complaint, except to identify the real party in interest, and to grant C.H. Robinson such other and further relief to which it is justly entitled.

Respectfully submitted,

MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.

By: ___Karen C. Cwtth___

Steven J. Watkins
ATTORNEY-IN-CHARGE
State Bar No. 20927700
So. Dist. Bar No. 146

3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

ATTORNEYS FOR DEFENDANT
C.H. ROBINSON COMPANY

OF COUNSEL:

Karan C. Ciotti
State Bar No. 05226300
So. Dist. Bar No. 16874
MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone:  (713) 615-8500
Facsimile:   (713) 615-8585


## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing Defendant C.H. Robinson Company's Response to Plaintiffs' Motion For Leave to File Plaintiffs' Second Amended Original Complaint by facsimile and certified mail, return receipt requested, on this the 17th day of May, 2005 to the following:


Justin L. Williams
The Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas 78473


_Karan C. Ciotti_
Karan C. Ciotti