UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD.<br><br>Plaintiffs<br><br>vs.<br><br>C.H. ROBINSON COMPANY<br><br>Defendant | § § § § § § § § § § § § § § | CIVIL ACTION NO. B-03-192 |

**DEFENDANT C.H. ROBINSON'S RESPONSE
TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY TO
DEFENDANT'S REPLY TO PLAINTIFFS' AMENDED RESPONSE TO
MOTION FOR SUMMARY JUDGMENT**

Defendant C.H. Robinson Company ("C.H. Robinson") files this response to Plaintiffs' Motion for Leave to File Surreply to Defendant's Reply to Plaintiffs' Amended Response to Motion for Summary Judgment ("Plaintiffs' Motion for Leave to File Surreply") and in support thereof would show the Court as follows:

1. Initially, Defendant would note that Plaintiffs' proposed surreply seeks to address moot issues concerning their common-law claim for indemnity – specifically, whether the Zamora family's pleadings against them could be construed to encompass a claim for vicarious liability, and whether C.H. Robinson was Plaintiffs' agent.

2. Plaintiffs' claim for common-law indemnity for amounts paid to the

1

Zamora family is barred by a two-year statute of limitations.[1] TEX. CIV. PRAC. & REM. CODE § 16.003 (Vernon 2002); *Advent Trust Co. v. Hyder,* 12 S.W.3d 534, 543 (Tex. App. – San Antonio 1999, pet. denied); *Powell v. Brantly Helicopter Corp.,* 396 F.Supp. 646, 652 (E.D. Tex. 1975) (holding that, because a claim for common law indemnity "is in the nature of an implied contract arising out of a tort, the applicable statute of limitations would appear to be two years."); *Littlefield v. Scott,* 244 S.W. 824, 826 (Tex. Civ. App. – Beaumont 1922, writ ref'd). The limitations period for an indemnity claim begins to run from the date of accrual. The claim accrues when the underlying litigation is settled or a judgment is rendered. *Advent Trust Co.,* 12 S.W.3d at 543; *Powell,* 396 F.Supp. at 652. On or about June 5, 2000, Plaintiffs ABB Kraftwerke and ABB Alstom Power settled the claims brought against them by the Zamora family. **Ex. A,** *Plaintiffs' Fourteenth Amended Original Petition in Zamora Lawsuit* (wherein the Zamora plaintiffs state that they settled with ABB Kraftwerke and ABB Alstom Power on or about June 5, 2000). The limitations period on ABB Kraftwerke and ABB Alstom Power's claim for common-law indemnity for any sums paid to the Zamora family therefore expired on June 4, 2002. Plaintiffs did not file suit against C.H. Robinson until July 16, 2003. *ABB Plaintiffs' Original Complaint, file-stamped July 16, 2003.* Because Plaintiffs' claim against C.H. Robinson was filed more than two years after the date they settled with the Zamora family, their claim for common law indemnity is barred by limitations.

---

[1] Although C.H. Robinson has pleaded the two-year statute of limitations as an affirmative defense, it only recently located case law holding that the limitations period for a claim of common law indemnity is two years. C.H. Robinson believes that the point should nonetheless be raised in response to Plaintiffs' Motion for Leave to File Surreply as an additional reason why further pleadings on C.H. Robinson's Amended Motion for Summary Judgment would be futile and why the pleadings on the motion should be finally closed so that the Court may rule on the motion.

3. Even if Plaintiffs had filed a claim for common-law indemnity within the limitations period, their arguments that the Zamora family's pleadings against them could be construed to encompass a claim for vicarious liability and that C.H. Robinson was Plaintiffs' agent, would still be moot. Plaintiffs have presented no evidence that the <u>only</u> claim brought against them by the Zamora family was for vicarious liability. *Dkt No. 79, C.H. Robinson's Reply to Plaintiffs' Amended Response to Motion for Summary Judgment* at 2-8; *Dkt No. 63, C.H. Robinson's Amended Motion for Summary Judgment* at 10-13. Defendant will spare the Court and not reiterate those arguments here.

### Request for Relief

4. For these reasons, C.H. Robinson asks the Court to deny Plaintiffs' Motion for Leave to File Surreply, and to grant C.H. Robinson such other and further relief to which it is justly entitled.

Respectfully submitted,

MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.

By: /s/ Karen C. Crotti
Steven J. Watkins
ATTORNEY-IN-CHARGE
State Bar No. 20927700
So. Dist. Bar No. 146

3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

ATTORNEYS FOR DEFENDANT
C.H. ROBINSON COMPANY

OF COUNSEL:

Karan C. Ciotti
State Bar No. 05226300
So. Dist. Bar No. 16874
MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing Defendant C.H. Robinson's Response to Plaintiffs' Motion For Leave to File Surreply to Defendant's Reply to Plaintiffs' Amended Response to Motion for Summary Judgment, by facsimile and certified mail, return receipt requested, on this the 23rd day of May, 2005 to the following:

Justin L. Williams
The Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas 78473

*Karan C. Ciotti*
Karan C. Ciotti