UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD. | § § § § § § | |
| Plaintiffs | § | CIVIL ACTION NO. B-03-192 |
| vs. | § § § | |
| C.H. ROBINSON COMPANY | § § § | |
| Defendant | § | |

## MOTION TO STRIKE PLAINTIFFS' FIRST SUPPLEMENTAL RULE 26(a) INITIAL DISCLOSURES

C.H. Robinson Company ("CHR"), Defendant, files this its Motion to Strike Plaintiffs' First Supplemental Rule 26(a) Initial Disclosures, such supplemental disclosures (the "First Supplemental Disclosures") having been filed by ABB Kraftwereke Aktiengesellschaft ("ABB Kraftwerke") and ABB Alstom Power (Switzerland) Ltd., formerly known as ABB Power Generation, Ltd. ("ABB Alstom Power"), Plaintiffs, and as grounds would show:

### FACTUAL BACKGROUND

1.  On January 31, 2005, CHR, on the one hand, and ABB Kraftwerke and ABB Alstom Power, on the other hand, entered into a Local Rule 83.5 Agreement (the "Agreement"). A true copy of the Agreement is attached hereto as Exhibit "A" and incorporated herein for all purposes. Pursuant to the Agreement, the parties agreed that the discovery deadline in this case would be extended from January 30, 2005, to February

28, 2005. By reason of the Agreement, any supplements by the parties to their respective initial Rule 26(a) disclosures were due on or before February 28, 2005. On May 11, 2005, some seventy-two (72) days after the agreed deadline of February 28, 2005, ABB Kraftwerke and ABB Alstom Power served their First Supplemental Disclosures.

## RELIEF SOUGHT

2.      CHR requests the Court to strike the First Supplemental Disclosures of ABB Kraftwerke and ABB Alstom Power in its entirety because it was served long after the parties agreed discovery deadline of February 28, 2005.

3.      Alternatively to the relief requested in Paragraph 2, supra, CHR requests the Court to strike Section 1 of the First Supplemental Disclosures of ABB Kraftwerke and ABB Alstom Power to the extent it discloses for the first time names and related information of persons likely to have discoverable information who were not previously disclosed by ABB Kraftwerke and ABB Alstom Power. Those persons not previously disclosed by ABB Kraftwerke and ABB Alstom are: Brian Schoepke and Joan Kenchik. Because ABB Kraftwerke and ABB Alstom Power did not disclose the names and related information concerning these persons until long after the agreed discovery deadline of February 28, 2005, ABB Kraftwerke and ABB Alstom should not be allowed to call these persons to testify at trial. Further, any deposition testimony given by either of these persons in the underlying Zamora case would, if offered at trial, constitute inadmissible hearsay as to CHR. Further, any live testimony given by either of these persons at trial would occur without CHR having had the opportunity to depose them. For these reasons, CHR would be severely prejudiced if either of these persons were allowed to testify at trial. Their testimony should be disallowed.

For the same reasons advanced above, which are reasserted, CHR requests the Court to strike Section 4 of the First Supplemental Disclosures of ABB Kraftwerke and ABB Alstom to the extent it seeks to preserve the alleged right of ABB Kraftwerke and ABB Alstom to use "Any and all depositions of witnesses listed in the witness list taken in this lawsuit and the underlying lawsuit."

4.   Alternatively to the relief requested in paragraph 2, supra, CHR requests the Court to strike Section 2 of the First Supplemental Disclosures of ABB Kraftwerke and ABB Alstom to the extent it discloses documents that have not been produced or described by category and location by ABB Kraftwerke and ABB Alstom. Those documents are item number 4 in Section 2, the "Settlement agreement by ABB Kraftwerke and ABB Alstom Power and Zamora Plaintiffs," and item number 7 in Section 2, the "Billing records or payments indicating defense costs and expenses in the Zamora litigation and Brownsville Barge & Crane litigation." ABB Kraftwerke and ABB Alstom did not either produce or describe by category and location these documents by the agreed discovery deadline of February 28, 2005. ABB Kraftwerke and ABB Alstom did not produce such documents in connection with the service of their First Supplemental Disclosures. Because ABB Kraftwerke and ABB Alstom did not timely disclose such documents, and have not produced them to date, ABB Kraftwerke and ABB Alstom should not be allowed to use the documents at trial. Any use of these documents by ABB Kraftwerke and ABB Alstom at trial would occur without CHR having had the opportunity to conduct discovery concerning the documents. For such reason, CHR would be severely prejudiced if ABB Kraftwerke and ABB Alstom are

allowed to use these documents at trial. The use of these documents at trial should be disallowed.

5. Alternatively to the relief requested in paragraph 2, supra, CHR requests the Court to strike Section 3 of the First Supplemental Disclosures of ABB Kraftwerke and ABB Alstom to the extent it attempts to preserve the alleged right of ABB Kraftwerke and ABB Alstom to hereafter initially disclose to CHR computations of the various alleged categories of alleged damages claimed by ABB Kraftwerke and ABB Alstom. Since ABB Kraftwerke and ABB Alstom did not provide a computation of the various alleged categories of alleged damages claimed by them by the agreed discovery deadline of February 28, 2005, and since they have not provided such computations to date, ABB Kraftwerke and ABB Alstom should not be allowed to offer any such computations at trial. The use of any such computations by ABB Kraftwerke and ABB Alstom at trial would occur without CHR having had the opportunity to conduct discovery concerning the computations. For such reason, CHR would be severely prejudiced if ABB Kraftwerke and ABB Alstom are allowed to offer any such computations at trial. The use of any such computations at trial should be disallowed.

6. To the extent necessary, CHR requests the Court to enforce the Agreement because it meets the requirements of Local Rule 83.5, is not disallowed by the Amended Scheduling Order of the Court, and is deserving of enforcement to prevent a breach of an agreement made between counsel.

WHEREFORE, PREMISES CONSIDERED, CHR requests that, upon consideration hereof, the Court strike Plaintiffs' First Supplemental Rule 26(a) Initial Disclosures in its entirety because it was untimely served; that, alternatively, the Court

strike Sections 1, 2, 3 and 4 of Plaintiffs' First Supplemental Rule 26(a) Initial Disclosures for the reasons specified hereinabove; and that CHR have such other and further relief, either general or special, at law or in equity, to which it may show itself justly entitled to receive.

        Respectfully submitted,

        MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.

By: /s/ Karan C. Ciotti
        Steven J. Watkins
        ATTORNEY-IN-CHARGE
        State Bar No. 20927700
        So. Dist. Bar No. 146

        3200 One Houston Center
        1221 McKinney Street
        Houston, Texas 77010
        Telephone: (713) 615-8500
        Facsimile: (713) 615-8585

        ATTORNEYS FOR DEFENDANT
        C.H. ROBINSON COMPANY

OF COUNSEL:

Karan C. Ciotti
State Bar No. 05226300
So. Dist. Bar No. 16874
MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing Motion to Strike Plaintiffs' First Supplemental Rule 26(a) Initial Disclosures has been served via facsimile and via certified mail, return receipt requested, on this the 23rd day of May, 2005, to the following:

Justin L. Williams
The Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas  78473

*Karan C. Ciotti*
Karan C. Ciotti