UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 5 2005

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD.<br>     Plaintiffs<br><br>VS.<br><br><br>C. H. ROBINSON COMPANY<br>     Defendant | §§§§§§§§§§§§§ Civil Action No. B:03-CV-192 |

### PLAINTIFFS' TRIAL BRIEF ON LIMITATIONS REGARDING COMMON LAW INDEMNITY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs ABB KRAFTWERKE AKTIENGESELLSCHAFT and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD. ("ABB"), and files this their TRIAL BRIEF ON LIMITATIONS REGARDING COMMON LAW INDEMNITY claims and in response to Defendant's Trial Brief on this issue, and would show unto the court as follows:

### I.

1. Under Texas law a claim for common law indemnity and breach of fiduciary duty by an agent is four (4) years. Texas Civil Practices & Remedies Code §16.004 (Exhibit "A").

2. It is well established that an indemnity claim is governed by the four (4) year statute of limitations. Littlefield et ux v. Scott, 244 S.W.2d 824 (Tex. Civ. App.–Beaumont 1992, writ ref'd). Hondo Oil & Gas Co. v. Texas Crude Operators, Inc., 740 F.2d 1433 (5th

Cir. 1992), holding Texas four (4) year statute of limitations applied to agency and implied contract, <u>Producing Properties, Inc. v. Sohio Petroleum Corp.</u>, 482 S.W.2d 365 (Tex. Civ. App.–Dallas 1968).

3. The only Texas case which, in dicta, holds that a two (2) year statute applies to common law indemnity claims, <u>Advent Trust Co. v. Hyden</u>, 12 S.W.3d 534 (Tex. App.–San Antonio 1999, pet denied), is a case where the parties agreed to a two (2) year statute.

4. <u>Advent Trust</u>, cites <u>Powell v. Brantly Helicopter Corp.</u>, 396 F.Supp. 646 (E.D. Tex. 1975) (Exhibit "B") for the proposition that common law indemnity claims are governed by the two (2) year statute of limitations. <u>Powell</u>, was a subrogation case brought by an insurance company to recover for property payments. The carrier amended their pleadings more than four (4) years from the date they settled personal injury claims to purport to include claims for indemnity. The <u>Powell</u> court noted the four (4) year statute bar, addressed the relating back issue regarding the prior pleadings and stated that because the action was one based upon an implied contract arising out of a tort it would **APPEAR** to be governed by the two (2) year statute of limitations citing <u>Littlefield, supra</u>.

5. What the <u>Powell</u> court fails to address is that <u>Littlefield</u> holds that the four (4) year statute applies to an indemnity contract. The only case stating what Defendant claims bases its holding on a Texas case that supports Plaintiffs' position.

6. A reading of the four (4) year statute §16.004 and the two (2) year statute §16.003 (Exhibit "C"), clearly demonstrate that the four (4) year statute applies to this case of action.

## REQUEST FOR RELIEF

7. Plaintiffs' ask the court to deny Defendant's Motion for Summary Judgment.

                          Respectfully submitted,

                          The Law Office of Justin L. Williams, P.C.
                          600 Leopard Street, Suite 1810
                          Corpus Christi, Texas 78473
                          Telephone:   (361) 888-7702
                          Facsimile:   (361) 888-7717

By: _____
      Justin L. Williams
      State Bar Number 00795384

                          ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was forwarded on this the 24th day of May, 2005, to all counsel of record, as listed below and in the manner designated:

**FEDERAL EXPRESS and FACSIMILE:**
Mr. Steven J. Watkins
Ms. Karan C. Ciotti
McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010

                          _____
                          Justin L. Williams