UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 7 2005

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ABB KRAFTWERKE § | |
| AKTIENGESELLSCHAFT, and § | |
| ABB ALSTOM POWER (SWITZERLAND) § | |
| LTD., formerly known as ABB POWER § | |
| GENERATION, LTD. § | |
| Plaintiffs § | |
| § | Civil Action No. B:03-CV-192 |
| VS. § | |
| § | |
| § | |
| C. H. ROBINSON COMPANY § | |
| Defendant § | |

### PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR LEAVE TO FILE SURREPLY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs ABB KRAFTWERKE AKTIENGESELLSCHAFT and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD. ("ABB"), and files this their REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR LEAVE TO FILE SURREPLY, and would show unto the court as follows:

I.

1. It is critically important to Plaintiffs case that the court recognize no Texas court has imposed the requirement that the pleadings in the underlying case plead vicarious liability theories against Plaintiffs or only plead theories of vicarious liability.

2. Defendant has conceded as much, contending that the one case implied such a requirement.

3. The reason no such requirement exists makes good sense. Any competent Plaintiffs' attorney will plead independent acts against all Defendants in an attempt to maximize his clients recovery and to insure that insurance coverage is available for his claims. This is true even if the acts or responsibility for the accident giving rise to his cause of action are solely the responsibility of one Defendant, as in this case.

4. In this case, the court need only look to the contract and surrounding documents to see that Robinson was responsible for providing a lift plan and given the overall responsibility for the lift to see **ALL** claims by the Zamora Plaintiffs were derivative of the responsibility of Robinson.

5. To establish vicarious liability Plaintiffs must demonstrate, as clearly has been done in this case, that Defendant not only breached a duty to the Zamora's, the underlying Plaintiffs which gives rise to liability, but breached a duty to ABB which gives rise to liability to ABB for the same actions. Clearly, the conditions are met in this case establishing vicarious liability. A tort-feasors right to indemnity against another tort-feasor is dependent on whether tort-feasor suing in tort would be entitled to recover. <u>U.S. v. Hext</u>, 298 F.Supp. 226 (S.D. Tex. 1969) rev'd other grounds 444 F.2d 804. Proper approach in determining whether one tort-feasor is entitled to indemnity from another is to consider party seeking indemnity as a Plaintiff suing the other in tort and then determine whether such a Plaintiff, though guilty of wrong against a third person, is nevertheless entitled to recover against the

co-tort-feasor. Ling, Oliver, O'Dwyer Elec. Co, Inc. v. Ladd Tool Co., 702 S.W.2d 658 (Tex. App.–San Antonio 1985, ref. n.r.e.). When injury forming basis for judgment against tort-feasors results from violator of duty that one of the tort-feasors owes to the other, person owing the duty may be required to indemnify the other person in full for whatever damages he has been compelled to pay. Maryland Ins. Co. v. Head Indus. Coatings and Services, Inc., 906 S.W.2d 218 (Tex.App.–Texarkana 1985, writ denied, and writ granted) reversed other grounds 938 S.W.2d 27, on remand 981 S.W.2d 305, rehearing overruled and review den'd. Indemnity between joint tort-feasors is allowed when one of them has breached duty owed to other, but other is blameless towards first. Hyatt Check Builders-Engineers Co. v. Board of Regents of University of Texas System, 607 S.W.2d 258 (Tex.App.–Texarkana 1980, writ dism'd). In order to determine whether loss should be shifted from one tort-feasor to another at common-law, proper approach is to consider one seeking indemnity as though he was a Plaintiff suing the other in tort and then determine whether one suing as Plaintiff, though guilty of wrong as to third person, is nevertheless entitled to recover against his joint tort-feasor. Champion Mobil Homes v. Rasmussen, 553 S.W.2d 237 (Tex.App.–Tyler 1977, ref n.r.e.); Foster v. Ford Motor Co., 616 F.2d 1304 (5th Cir. 1980); Borgwarner Corp. v. White Motor Co., 344 F.2d 412 (5th Cir. 1965); Brown & Root, Inc. v. U.S., 198 F.2d 138 (5th Cir. 1952); R.B. Butler, Inc. v. Henry, 589 S.W.2d 190 (Tex.App.–Waco 1979 ref. n.r.e.); Central Freight Lines v. Pride, 588 S.W.2d 832 (Tex.App.–Beaumont 1979) rev'd other grounds, B & B Auto Supply, Sand Pit and Trucking Co. v. Central Freight Lines, Inc., 603 S.W.2d 814; Air Shields, Inc. v. Spears, 590 S.W.2d 574 (Tex.App.–Waco 1979 ref. n.r.e.).

6. Though a majority of these cases were decided before the comparative fault system and the restriction on common law indemnity, they are all discussing liability under common law indemnity which is the theory before this court. A majority requires that as is the case with ABB, there be no fault as to Robinson. Robinson has not shown any fault on the part of ABB, to the Zamora Plaintiffs or to themselves.

7. As the <u>Maryland Ins. Co.</u>, <u>supra</u>, case holds, "Inherent in any agency relationship is the fiduciary duty owed by an agent to his principle." <u>Id</u> at 233. "If an agent fails to exercise the reasonable care, diligence, and judgment, as the result of which failure his principle is damaged, the agent may be held responsible for such damage sustained by the principle." <u>Id</u> at 233, citing 3 Tex. Jur. 3D Agency §127 (1980). "When the injury forming the basis for a judgment against tort feasors results from a violation of duty that one of the tort feasors owes to the other, the person owing the duty may be required to indemnify the other person in full for whatever damage he has been compelled to pay." <u>Id</u> at 233.

8. As the <u>Maryland Ins. Co.</u>, case holds in agency/principle relationships the common law test cited applies. The breach of duty by Robinson, the failure to use reasonable care and diligence in performing their contractual obligations is exactly what resulted in ABB being compelled to settle with Plaintiffs. ABB violated no duty to Robinson but Robinson breached their contract with ABB, which resulted in the accident, the lawsuit and ABB's settlement with the Zamora Plaintiffs.

## REQUEST FOR RELIEF

9. Plaintiffs' ask the court to deny Defendant's Motion for Summary Judgment, and for such other relief to which they may be entitled.

Respectfully submitted,

The Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas 78473
Telephone:   (361) 888-7702
Facsimile:    (361) 888-7717

By: _____
Justin L. Williams
State Bar Number 00795384

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was forwarded on this the 26th day of May, 2005, to all counsel of record, as listed below and in the manner designated:

**FEDERAL EXPRESS**
Mr. Steven J. Watkins
Ms. Karan C. Ciotti
McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010

_____
Justin L. Williams