UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ABB KRAFTWERKE AKTIENGESELLSCHAFT, and ABB ALSTOM POWER (SWITZERLAND) LTD., formerly known as ABB POWER GENERATION, LTD. | § § § § § § | |
| Plaintiffs | § § | CIVIL ACTION NO. B-03-192 |
| vs. | § § | |
| C.H. ROBINSON COMPANY | § § | |
| Defendant | § | |

## RESPONSE TO MOTION TO STRIKE DEFENDANT'S TWO YEAR STATUTE OF LIMITATIONS MOTION FOR SUMMARY JUDGMENT

C.H. Robinson Company ("CHR"), Defendant, files this its Response To Motion To Strike Defendant's Two Year Statute Of Limitations Motion For Summary Judgment, which Motion To Strike was filed by ABB Kraftwereke Aktiengesellschaft and ABB Alstom Power (Switzerland) Ltd., formerly known as ABB Power Generation, Ltd. (collectively "ABB"), Plaintiffs, and would respectfully show unto the Honorable Court as follows:

I.

1.  Contrary to ABB's assertion, CHR has not asserted a "Two Year Statute of Limitations Motion for Summary Judgment" against ABB.

2.  By addressing the fact that ABB's purported claim for common law indemnity was barred by the two-year statute of limitations as adopted in Texas, CHR only intended to demonstrate that, aside from the meritorious summary judgment grounds

1

already asserted by CHR, an additional and equally meritorious ground for summary judgment exists in favor of CHR. Since CHR has not yet moved for summary judgment on the basis of the two year statute of limitations, ABB's Motion To Strike lacks merit and should be denied.

3.   Further, in its Trial Brief On Limitations Regarding Common Law Indemnity, ABB attempts to show that CHR's affirmative defense of the two year statute of limitations lacks merit. ABB fails in making that showing. ABB first asserts that "[I]t is well established that an indemnity claim is governed by the four (4) year statute of limitations." ABB cites *Littlefield et ux v. Scott*, 244 S.W. 824 (Tex. Civ. App.—Beaumont 1922, writ ref'd.) and *Hondo Oil & Gas Co. v. Texas Crude Operators, Inc.*, 740 F.2d 1433 (5th Cir. 1992) as support. However, the *Littlefield* case stands for the proposition that a **written** contract of indemnity is governed by the four year statute of limitations, and that an implied obligation is governed by the two year statute of limitations. *Id.* at 826. There is no case styled "*Hondo Oil & Gas Co. v. Texas Crude Operators, Inc.*" reported at 740 F.2d 1433. There is a case with that style reported at 970 F.2d 1433. That case, if it was intended to be cited by ABB, stands for the proposition that the four year statute of limitations applies to each installment due under a **written** contract. *Id.* at 1440. Moreover, the *Hondo* case, despite ABB's assertion to the contrary, does not refer to a case styled *Producing Properties, Inc. v. Sohio Petroleum Corp.*, much less a case with that style appearing at 482 S.W.2d 365. There is no such case appearing at such volume and page. There is a reported case styled *Producing Properties, Inc. v. Sohio Petroleum Corp.*, which appears at 428 S.W.2d 365. The *Producing Properties, Inc.* case appearing at such volume and page is one wherein the

four-year statute of limitations was held to apply to an indemnity provision contained within a **written** contract. Further, the case of *Advent Trust Co. v. Hyder,* 12 S.W.3d 534 (Tex. App.—San Antonio 1999, pet. denied) is not a case where the two parties "agreed to a two (2) year statute," as suggested by ABB. Rather, the *Advent Trust Co.* case is one wherein the parties with respect to a common-law indemnity claim, agreed that "a two-year limitations period applies **to** indemnity claims." (emphasis added) The Court, citing *Powell v. Branltey Helicopter Corp.,* 396 F. Supp. 646, 652 (E.D. Tex. 1975) and the *Littlefield* case, *supra*, agreed that the two-year statute of limitations applies to common law indemnity claims. It is clear, therefore, that the two-year statute of limitations applies to common law indemnity claims. It is further clear that, despite its haphazard attempt to do so, ABB has not established otherwise.

WHEREFORE, CHR prays that, upon hearing hereof, ABB's Motion to Strike be denied, and that CHR have such other and further relief, either general or special, at law or in equity, to which CHR may show itself justly entitled to receive.

Respectfully submitted,

MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.

By: /s/ Steven J. Watkins
Steven J. Watkins
ATTORNEY-IN-CHARGE
State Bar No. 20927700
So. Dist. Bar No. 146

3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

ATTORNEYS FOR DEFENDANT
C.H. ROBINSON COMPANY

OF COUNSEL:

Karan C. Ciotti
State Bar No. 05226300
So. Dist. Bar No. 16874
MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing Response To Motion To Strike Defendant's Two Year Statute of Limitations Motion For Summary Judgment has been served via facsimile and via certified mail, return receipt requested, on this the ___ day of June, 2005, to the following:

Justin L. Williams
The Law Office of Justin L. Williams, P.C.
600 Leopard Street, Suite 1810
Corpus Christi, Texas 78473

_____
Steven J. Watkins